UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:18-CV-80221-ROSENBERG/REINHART

REBEKKA ANNE BEHR, et al.

  Plaintiffs,

v.

DR. JAMES CAMPBELL, et al.,

  Defendants.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

This matter is before the Court on *pro se* Plaintiff Louis Behr's Motion for Leave to Proceed *in forma pauperis* [DE 59]. The Court has reviewed Plaintiff's Motion, the supporting affidavit, and the other information in the case file. For the reasons set forth below, the Motion is granted.

### I.  PROCEDURAL BACKGROUND

On June 27, 2018, this Court issued an Order dismissing Plaintiffs' Second Amended Complaint with Prejudice. DE 57. The Court found that it did not have jurisdiction under the *Rooker-Feldman* doctrine because Plaintiffs' Second Amended Complaint was inextricably intertwined with decisions of the state court system regarding the proper placement of Mr. Behr's children. *Id.*

### II.  LEGAL STANDARDS

A district court may authorize the commencement of an appeal without prepayment of fees or the giving of security therefor, if the potential appellant has filed an affidavit indicating that he or she is unable to pay such fees or give such security. *See* 28 U.S.C. § 1915(a)(1).[1]  A

---

[1] Section 1915(a)(1) provides as follows:

1

prison seeking to appeal a judgment *in forma pauperis* must also submit a copy of the prisoner's trust fund account for the six-month period preceding the filing of the appeal. § 1915(a)(2). The Federal Rules of Appellate Procedure further require that a motion to proceed on appeal *in forma pauperis* be filed in the district court and include an affidavit that details the appellant's financial status, claims an entitlement to redress, and states the issues that the appellant intends to pursue on appeal. Fed. R. App. P. 24(a).

A court has "wide discretion" in determining whether to grant or deny a motion pursuant to § 1915(a). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)). This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Willliams*, 490 U.S. 319, 324 (1989). As the Fifth Circuit explained, "[u]nder Subsection (a), the commencement or filing of the suit depends solely on whether the affiant is economically eligible. The only determination to be made by the court under § 1915(a), therefore, is whether the statements in the affidavit satisfy the requirements of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[2] The statute does not grant parties an "absolute right

---

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

*Id.* "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam) (citing *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997); *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997)).
[2] Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

to proceed in civil actions without payment of costs." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 33 (S.D. Fla. 1984).

When a litigant applies for IFP status, "[a]n affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez*, 364 F.3d at 1307 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). However, "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Levy*, 607 F. Supp. at 34 (internal quotation marks omitted). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307 (citing *Adkins*, 335 U.S. at 339).

### III.   DISCUSSION

Plaintiff has filled out a form affidavit sufficiently meeting the requirements of § 1915 and the Federal Rules of Appellate Procedure. *See* DE 59. The affidavit includes a declaration by Plaintiff Louis Behr that he "is on DSSI and receive[s] only $750.00 a month. The mailing costs, printing costs and time alone, costs more than we can afford and Louis H. Behr does not receive child support. Rebekka A. Behr per scholarship rules is not permitted to work while attending Florida State College." *Id.* at 5.

Plaintiff's affidavit indicates that his only source of income is social security and that he has the following monthly expenses: $450.00 in home-mortgage payments; $125.00 in utilities; $25.00 in clothing; $75.00 in transportation; and $75.00 for a motor vehicle. *See* DE 59 at 4–5.

Plaintiff's affidavit demonstrates that he is unable to pay the court costs. *See Martinez*, 364 F.3d at 1307 (citing *Adkins*, 335 U.S. at 339). Section 1915(a) "is not to be construed such

that potential litigants are forced to . . . abandon their claims because of the filing fee requirements." *Id.* (citing *Adkins*, 335 U.S. at 339-40). Plaintiff's affidavit is sufficient on its face to show that he is financially eligible to proceed with this appeal *in forma pauperis*.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* [DE 59] is **GRANTED**. Plaintiff may proceed on appeal *in forma pauperis* in accordance with 28 U.S.C. § 1915.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of July, 2018.

Copies furnished to:  
Counsel of record and unrepresented parties

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE