

Case No. 18-12842-JJ

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

IN RE: LOUIS H. BEHR, REBEKKA A. BEHR, MINOR CHILD PLAINTIFF J.B. by and through NEXT OF FRIEND AND FATHER, LOUIS H. BEHR

---

LOUIS H. BEHR, REBEKKA A. BEHR, MINOR CHILD PLAINTIFF J.B. by and through NEXT OF FRIEND AND FATHER, LOUIS H. BEHR Plaintiffs-Petitioners

v.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, Respondent

MELISSA K. BROOKS, individually and as natural birth mother; PATRICIA L. FRANKLIN, individually; SANDRA SEDER, individually and as lawyer; FIFTEENTH DISTRICT COURT OF PALM BEACH COUNTY; RONALD ALVAREZ, individually and in his former official capacity as 15th District Court Jurist; KATHLEEN J. KROLL, individually and in her official capacity as 15TH District Court Jurist; HOWARD K. COATES, JR., individually and in his official 15th District Court Jurist; RODGER COLTON, individually and in his former official capacity as 15th District Court Jurist; JAMES MARTZ, individually and in his official capacity as 15th District Court Jurist; JAY BRAUN, individually and in his official capacity as lawyer for PBCAGO; PALM BEACH COUNTY DCF; FLORIDA STATE DCF; KATHY HUDSON, individually and in her official capacity as PBCDCF/CPS investigator; PALM BEACH COUNTY CRIMINAL CONFLICT AND CIVIL REGIONAL COUNSEL; FLORIDA OFFICE OF INSPECTOR GENERAL; FLORIDA GUARDIAN AD LITEM PROGRAM; PALM BEACH COUNTY GUARDIAN AD LITEM PROGRAM; KRISTIN TOLBERT, PSY.D., individually and in her official capacity as psychiatrist; JULIE DEMAR, individually and in her official Capacity as PBCDCF/ChildNet/Child Home Society Supervisor; ROBERTA FENNER, ESQ., individually and in her official capacity as lawyer; STACEY TAGGERT, individually and in her official capacity as PBCDCF/CPS investigator; PALM BEACH COUNTY SCHOOL DISTRICT; JAMES CAMPBELL, individually and in his official position as principal for PBCSD; PALM BEACH COUNTY SHERIFF OFFICE; FOURTH DISTRICT COURT OF APPEALS; JURIST JOHN DOE 1 – 8 AND JOHN DOE 1- 75.
Defendants'- Real Parties in Interest,

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, The Honorable Robin L. Rosenberg, Presiding
Case No. 9:18-CV-80221-RJR

i

# ANSWER TO COURT JURISDICTIONAL QUESTION DATED JULY 20, 2018

Louis H. Behr, Pro Se
16822 94thh St N.   Additional petitioners and counsel listed on signature pages
Loxahatchee, FL 33470    561.379.2111

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................... 1

ANSWER

    I.    ANSWER TO JURISIDCITIONAL QUESTION: SHOULD THIS COURT DISMISS J.B. FROM THIS APPEAL........................................................... 1

    II.    CONCLUSION ................................................................................... 7

# TABLE OF AUTHORITIES CASES

*Harris v. Apfel*, 209 F.3d 413, 416 (5th Cir.2000) ................................................. 1

*Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir.2002) ............................................. 1

*Winkelman ex rel. Winkelman v. Parma City Sch. Dist.* 127 S.Ct.1994, 2007, 167 L.Ed.2d 904 (2007). ........................................................................................... 2

*Planned Parenthood of Central Missouri v Danforth*, 428 US 52, 74 (1976) ........ 2

*Lassiter v Dept. of Social Services*, 452 US 18, 27 (1981) ..................................... 2

*Stanley v Illinois*, 405 US 645, 651 (1972) ............................................................. 2

*H.L. v Matheson*, 450 US 398, 411-13 (1981) ....................................................... 2

*Wermers*, 557 F2d at 174 ........................................................................................ 4

*Jacobs v Board of School Comm'rs*, 490 F2d 601, 604 (7th Cir 1973) .................. 5

*Roberts v Ohio Casualty Ins. Co.*, 256 F2d 35, 39 (5th Cir 1958) .......................... 5

*Baird v Bellotti*, 393 F Supp 847, 850 n 5 (D Mass 1975) ..................................... 5

*Foe v Vanderhoof*, 389 F Supp 947, 957 (D Colo 1975) ....................................... 5

*Rotzenburg v Neenah Joint School District*, 62 FRD 340, 341 (E D Wis 1974) ... 5

12 *Wermers*, 557 F2d at 176 .................................................................................... 5

*Drummond v Fulton City Dept. of Family and Children's Services* 547 F2d 835(5th Cir 1977) 5

*United States v Board of School Comm'rs of Indianapolis*, 466 F2d 573 (7th Cir 1972) ........ 5

*Garrick v Weaver*, 888 F2d 687, 692 (10th Cir 1989) ............................................ 5

*Marlin v Texas Co.*, 26 F Supp 611, 614 (N D Tex 1939) ...................................... 6

## OTHER AUTHORITIES

The Individuals with Disabilities Education Act ('the IDEA'), 20 U.S.C. § 1400 et seq. ....1

*Clark, 1 Domestic Relations § 9.4 at 556-68* ..................................................................6

*United States v E.L Du Pont de Nemours & Co., 13 FRD 98, 105 (N D Ill 1952)* ............6

W. Page Keeton, et al, Prosser and Keeton on the Law of Torts § 122 at 909 ..................3

*Keeton, et al, The Law of Torts at 904* (West, 5th ed 1984) ...........................................5

*7C Federal Practice and Procedure § 1980* (West, 2d ed 1986) ...................................5

Fed.R.App.P. Rule 17(c) ..................................................................................................4

Fed.R.Civ.Proc. 24 ...........................................................................................................5

# INTRODUCTION

1. On July 2, 2018, a Notice of Appeal from Florida Southern District Court Order, was filed by Plaintiff's Louis H. Behr, Rebekka A. Behr, Minor Child J.B. by and through Next of friend and father, Louis H. Behr.

2. On July 20, 2018 this Court issued a jurisdictional question "Should this Court Dismiss J.B. from this Appeal? Alternatively, should it permit him to appear through counsel or move for appointment of counsel?"

## PLAINTIFFS ANSWER TO JURISIDCTIONAL QUESTION

3. Plaintiffs affirm the general rule as non-legal counsel, their right to represent an individual is notably denied especial in this Court. Plaintiffs' affirm in *Harris v. Apfel, 209 F.3d 413, 416 (5th Cir.2000)* and in *Machadio v. Apfel, 276 F.3d 103, 107 (2d Cir.2002)*, the Plaintiff Louis H. Behr and J.B. case matters are indeed intertwined and as Plaintiff Louis H. Behr has primary parental responsibility of J.B., is permitted to pursue legal action to protect his minor child. Minor child is 16 years old age and has reviewed the litigation herein and is in full support of the filings made herein.

4. In *Harris v. Apfel, 209 F.3d 413, 416 (5th Cir.2000)*, the Court found:

> "Although we find such authority highly persuasive, we note that there is at least one exception to this general rule that applies when a parent's interests in supplemental-security-income ('SSI') benefits are closely intertwined with the interests of the child in those same benefits. Harris v. Apfel, 209 F.3d 413, 416 (5th Cir.2000) (holding that a non-attorney parent may represent the interests of his or her child in an SSI benefits case when the parent has a personal stake in the litigation) and Machadio v. Apfel, 276 F.3d 103, 107 (2d Cir.2002) (holding that a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney, in an appeal from an SSI decision by an administrative law judge, when it is determined that the parent has a sufficient interest in the case and meets basic standards of competence). Additionally, when addressing the extent to which a parent may represent his or her child in an action under the Individuals with Disabilities Education Act ('the IDEA'), 20 U.S.C. § 1400 et seq., the United States Supreme Court concluded that parents have their own rights at

1

stake under the IDEA and may, therefore, represent those interests pro se. Winkelman ex rel. Winkelman v. Parma City Sch. Dist., [550] U.S. [516], [535], 127 S .Ct.1994, 2007, 167 L.Ed.2d 904 (2007). However, the Supreme Court explicitly left open the question whether a parent could, pro se, represent his or her child's claims under the IDEA. Id."

5. In *Winkelman ex rel. Winkelman v. Parma City Sch. Dist., [550] U.S. [516], [535], 127 S Ct.1994, 2007, 167 L.Ed.2d 904 (2007),* the parents filed their complaint just on the behalf of their minor child "solely". In this case matter, all the Plaintiffs' are included in the matters. Plaintiff Louis H. Behr being the father of Plaintiff Rebekka A. Behr and J.B. representing himself as a Pro Se litigant exposing the issues outside of Foster Care by the Defendants and both Plaintiff Rebekka A. Behr and J.B exposing the issues that occur inside Foster Care by defendants thereby the case maters are extremely intertwined.

6. The legal status of minors relative to their parents and the state is ambiguous in relations to Parental Control of a Minor's Right to Sue in Federal Court. The Supreme Court has accorded extensive, though not full, constitutional rights to minors. The Court has stated that "[c]onstitutional rights do not mature and come into being magically only when one attains the state-defined age of majority. Minors, as well as adults, are protected by the Constitution and possess constitutional rights.'" At the same time, the Court has acknowledged that parents have broad discretion in child rearing: parental control of children is "an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection.'

7. The state's right to regulate minors' behavior and its duty to help enforce parental authority' must be reconciled with its duty to protect the constitutional rights of all its citizens, including children. See *Planned Parenthood of Central Missouri v Danforth, 428 US 52, 74 (1976). Lassiter v Dept. of Social Services, 452 US 18, 27 (1981), quoting Stanley v Illinois, 405 US 645, 651 (1972). See, for example, H.L. v Matheson, 450 US 398, 411-13 (1981).*

8. In this case, J.B. is not opposing his parental but endorsing this action.

9. First, Rule 17(c) of the Federal Rules of Civil Procedure, which sets the requirements under which minors, and incompetents may gain access to the federal courts, partially defines the state's role in this triangle and establishes a strong presumption in favor of protecting the legal rights of the child litigant.

10. The section I outlines the nature of fundamental rights generally, as well as the specific origins and rationale of parental rights. This section recognises the parents' right to control their children enjoys protection as a fundamental right when asserted against the state, but argues that this protected status is inappropriate when in conflict with the child's rights.

11. Section II looks at the balance between the state's, the parents', and the child's rights in analogous cases involving challenges to state law requirements that minors obtain parental consent.

12. As in this case matter, J.B. maintains his natural mother defendant Melissa K. Behr, abused him, caused him extreme emotional and psychological harm. Courts are not likely to accept such claims absent a parent's ill will. *W. Page Keeton, et al, Prosser and Keeton on the Law of Torts § 122 at 909 (West, 5th ed 1984)*. In such claims the issue is not who controls the litigation but whether the child can state a cause of action. J.B. by and through his father and next of friend has stated such claim.

13. Furthermore, the section assumes that the parent is not liable for the child's litigation expenses.

14. This Section also does not apply to lawsuits by minors against third parties that involve privacy issues as this case matter alleges.

15. Section III extends the reasoning and guidelines in these cases to the issues raised when a child attempts to sue on an issue within the traditional scope of parental control and the parents oppose the suit. This Section proposes that, even when the lawsuit touches on an issue normally

within parental discretion, if the child can establish that they are mature and understands the nature and consequences of their decision, courts should not allow the opposing views of parents to interfere with the minor's pursuit of a legal claim. J.B. is more than willing and has volunteered to appear in front of this Court to demonstrate his understanding of the nature of this complaint/Appeal and any consequences.

16. J.B. 2017/2018 report card with straight "A's" in college courses and straight "A's" on all his final exams plus being in his High School Marching Band and a Band leader identifies his intelligence and well-rounded minor child.

17. In Fed.R.App.P. Rule 17(c) defines the state's procedural role: Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. Herein, Plaintiff Louis H. Behr is J.B.'s Next of Friend and whereby J.B. is neither an infant nor incompetent except being a minor child. Old enough to legally withdraw from school but not represent himself herein action. He plans to attend MIT.

18. This court may appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person and whereby the Plaintiffs' have no objection to.

19. Pursuant to this rule provides access to the court system for individuals who are denied legal capacity on grounds of infancy or incompetency under state law. The rule allows a child or incompetent to sue or be sued when accompanied by an adult representative (a guardian ad litem or next friend). The rule does not require the court to appoint a guardian ad litem for every minor. The court must be satisfied that the child gave her permission for the suit and that the next friend is acting in good faith and in the child's best interests . See *Wermers, 557 F2d at 174*.

20. Other factors courts consider persuasive in deciding that a guardian ad litem need not be appointed include whether the minor understands the legal and personal implications of the litigation they have initiated, whether they assert their own statutory and constitutional rights independent of their parents, and whether they seek declaratory or injunctive (as opposed to monetary) relief. J.B. did, can and will assert their statutory and constitutional rights *independent* of his father, Louis H. Behr. *See Jacobs v Board of School Comm'rs, 490 F2d 601, 604 (7th Cir 1973), vacated as moot by 420 US 128 (1975); Roberts v Ohio Casualty Ins. Co., 256 F2d 35, 39 (5th Cir 1958); T.H. v Jones, 425 F Supp 873, 876-77 (D Utah 1975); Baird v Bellotti, 393 F Supp 847, 850 n 5 (D Mass 1975); Foe v Vanderhoof, 389 F Supp 947, 957 (D Colo 1975); Rotzenburg v Neenah Joint School District, 62 FRD 340, 341 (E D Wis 1974). 12 Wermers, 557 F2d at 176.*

21. Intervention is governed by Fed.R.Civ.Proc. 24. Specifically, Rule 24(a)(2) allows intervention of right where applicants claim, "an interest relating to the property or transaction which is the subject of the action". The parents' right to intervene in either manner may depend on the type of action brought by the child. Litigation involving minors can be classified into two general groups: claims involving a financial interest, such as property and tort claims, and claims seeking relief, usually injunctive or declaratory, on matters traditionally within the scope of parental authority. For financial claims, the child's right to sue is unquestioned. At common law and today, children are legal entities separate from their parents. They are allowed, with appropriate guardianship, to hold and profit from property titled in their own name and can sue and be sued on property and tort issues.'" Thus, parental authority does not extend to the child's property rights and financial interests.'" J.B. has both general groups in this complaint.

22. Rule 17(c) directs the court to ensure that another adult representative adequately protects the child's interests. action may "impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by the parties." Courts have not required that the asserted interest be an economic one to fall within the scope of the rule. FRCP 24(a)(2). See *Drummond v Fulton City Dept. of Family and Children's Services, 547 F2d 835 (5th Cir 1977); United States v Board of School Comm'rs of Indianapolis, 466 F2d 573 (7th Cir 1972); Smuck v Hobson, 408 F2d 175, 179 (DC Cir 1969)*.

5

23. Under Ruel 17(c) The nature of the parents' interest may limit the role they are allowed in the litigation. *Smuck, 408 F2d at 179-80. See also Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, 7C Federal Practice and Procedure § 1980 (West, 2d ed 1986). '" See Garrick v Weaver, 888 F2d 687, 692 (10th Cir 1989). " Keeton, et al, The Law of Torts at 904.* A parent may serve as general guardian over the child's finances during the child's minority. This situation creates a fiduciary duty to the child that the parent must honor. See generally, *Clark, 1 Domestic Relations § 9.4 at 556-68* (cited in note 5). *United States v E.L Du Pont de Nemours & Co., 13 FRD 98, 105 (N D Ill 1952)* (suit for conspiracy of restraint of trade in which minor children of adult defendants were joined as defendants and in which it appeared that a binding judgment could be entered that might dispose of or alter property rights of the minors creates a conflict of interest necessitating appointment of guardian ad litem); *Marlin v Texas Co., 26 F Supp 611, 614 (N D Tex 1939), rev'd on other grounds, 109 F2d 305 (5th Cir 1940) (*minor remainderman's father not competent to act as next friend for minor for purposes of divesting title out of minor). 1991].

24. In this case the Plaintiffs complaint is not only entwined but by the actions of the Defendants' but represent those interest by Plaintiff Louis H. Behr and Plaintiff Rebekka A. Behr, J.B.'s sibling.

25. He complaint further includes claims under the IDEA, Id., civil rights violations of all Plaintiffs' and numerous other in fractions of the Plaintiffs' Federal and State Constitutional rights, Federal and State Laws and local protocol's.

26. Plaintiffs' do not object to an independent legal counsel to be appointed for J.B. and/or a guardian and in his "Best Interest" as Plaintiffs' would have hired legal counsel if they could afford legal counsel. Plaintiffs have been granted Indigent Status in State Court and Informa Pauperis Status in Federal Court.

## CONCLUSION

Plaintiffs Affirm their belief Louis H. Behr being the natural father and having fully parental responsibility for J.B. shall be permitted to pursue this Appeal as J.B.'s Next of Friend his father, Louis H. Behr and/or this Court shall appoint an independent Pro Bono legal counsel *to represent* J.B. and/or a Guardian for J.B. to confirm J.B.'s ability to understand the issues presented and be permitted to be defended this Appeal. With the case matter intertwined between the Plaintiffs and of which the Defendants are intertwined together against the Plaintiffs, this Court has jurisdictional to permit J.B.'s next of friend to be his father.

Respectfully submitted this 25th day of July 2018.

Louis H. Behr Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111
Paradise1459@gmail.com

Rebekka A. Behr, Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111

Louis H. Behr by and on behalf of
Minor Child J.B., Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111

7

# CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on July 25, 2018, We delivered this filing with the Federal Appeals Court Eleventh Court of Appeals ELBERT PARR TUTTLE COURT OF APPEALS BUILDING 56 Forsyth Street, N.W. Clerk of Court Attn: Tiffany A. Tucker, JJ Atlanta, GA 30303 by US Mail and/or electronically filed, to:

Melissa K. Brooks, 12350 WestHanover Circle Wellington, Fl. 33414, 561.398.7106, mb3girls3boys@hotmail.com; Patricia L. Franklin, 7432 Boyer St. Philadelphia, PA 215-664-1008, trish@zachbehr.com; Sandra Seder, 500 S. Australian Ave. Ste. 600 West Palm Beach, Fl. 33401, 561.932.1666, sandraseder@att.net; Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 (561) 355-2996 clerkweb@mypalmbeachclerk.com; Jurist 2 Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 (561) 355-2996, ron@matrixmediation.com; Jurist john doe 3 Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 (561) 355-2996, rricker@pbcgov.org; Jurist 5 Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401, 561.355.2996, CAD-DIVISIONFY@PBCGOV.ORG; Jurist 4 Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 561-355-2996, clerkweb@mypalmbeachclerk.com; Jurist 1, Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 561-355-2996, clerkweb@mypalmbeachclerk.com; Florida State Department of Children and Families DCF Headquarters 1317 Winewood Blvd. Building 1, Room 202 Tallahassee, Florida 32399-0700, 850.872.7648, Mike.Carroll@myflfamilies.com; Palm Beach County Department of Children and Families 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, 561-227-6748, info@myflfamilies.com; Florida State Department of Children and Families DCF Headquarters 1317 Winewood Blvd. Building 1, Room 202 Tallahassee, Florida 32399-0700, 850.872.7648, Mike.Carroll@myflfamilies.com; Kathy Hudson PBCDCF 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, 561-227-6748, Kathy.Hudson@myflfamilies.com; Palm Beach County Criminal Conflict and Civil Regional Counsel 401 South Dixie Highway 2nd Floor 52 West Palm Beach, FL 33401, 561-837-5156, RC4Appellatefilings@rc-4.com; Florida Office of Inspector General, Florida Department of State R. A. Gray Building 500 S. Bronough Street Tallahassee, Florida 32399-0250, 850.245.6195, OIG@DOS.MyFlorida.com; Florida Guardian Ad Litem Program Statewide The Holland Building 600 South Calhoun Street, Suite 274 Tallahassee, FL 32399-0979, 850-922-7213, Director@gal.fl.gov; Palm Beach County Guardian Ad Litem Program 205 N Dixie Hwy Ste 4.1100 West Palm Beach, FL, 33401-4522, 561-355-6224, GALRecruitment15@gal.fl.gov; Kristin Tolbert, Psy.D., Psychological Center for Expert Evaluations, Inc. 3307 Northlake Blvd Suite 101 Palm Beach Gardens, Florida 33403, 561-600-4022, drktolbert@gmail.com; Julie Demar, Child Home Society 3333 Forest Hill Boulevard West Palm Beach, FL 33406, 561-868-4300, Julie.DeMar@chsfl.org; Roberta Fenner, PO Box 2874 Palm Beach, FL 33480-2874, 561-790-7900, robertafenner@gmail.com; Stacey Taggert PBCDCF 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, 561-837-5156, Stacey.Taggert@myflfamilies.com; The Palm Beach County School District Fulton-Holland Educational Services Center 3300 Forest Hill Blvd. West Palm Beach, FL 33406, 561-434-8000, superintendent@palmbeachschools.org; James Campbell, Ph.D., Seminole Ridge Community High School 4601 Seminole Pratt Whitney Rd. Loxahatchee, FL 33470 561.422.2600,

james.campbell.1@palmbeachschools.org; J. Erik Bell, Esq. C/O The Palm Beach County School District P.O. Box 19239 West Palm Beach, FL 33416-9239, 561-434-8562, **8** jon.bell@palmbeachschools.org; 4th District Court of Appeals, Clerk of Court 110 South Tamarind Ave., West Palm Beach, FL 33401, 561-242-2000; Office of Attorney General oag.civil.eserve@myfloridalegal.com; Defendant jurist John Doe 1 – 8, Defendant John Doe 1 - 100 will be attached in Amended complaint.

Respectfully submitted this 25th day of July 2018.

*[signature]*
Louis H. Behr Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111
Paradise1459@gmail.com

*[signature]* Pro-se
Rebekka A. Behr, Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111

*[signature]*
Louis H. Behr by and on behalf of
Minor Child J.B., Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111

LOUIS BEHR, ET AL V MELISSA BROOKS, ET AL

Case No. 18-12842-JJ

# CPI – ANSWER TO COURT JURISDICTIONAL QUESTION DATED JULY 20, 2018

Florida 4th District Court of Appeals

Conner, Honorable Judge Burton C.

Forst, Honorable Judge Alan O.

Gerber, Honorable Chief Judge Jonathan D.

May, Honorable Judge Melanie G.

Taylor, Honorable Judge Carole Y.

Florida Fifteenth District of Palm Beach County

Alveraz, Honorable Judge Ronald

Artau, Honorable Judge Edward L.

Blanc, Honorable Judge Peter D.

Burton, Honorable Judge Charles

Caracuzzo, Honorable Judge D Cheryl A.

Coates, Jr., Honorable Judge Howard K.

Colbath, Honorable Judge Jeffrey

Colton, Honorable Judge Rodger

Fanelli, Magistrate Honorable Judette N.

French, Honorable Judge David E.

Hafele, Honorable Judge Donald W.

Kroll, Honorable Judge Kathleen J.

Martz, Honorable Judge James

Marx, Honorable Judge Krista

Rowe, Honorable Judge Cymonie

Moses Stephens, Honorable Judge Debra Moses

Suskauer, Honorable Judge Scott

Kirigin, Magistrate Honorable Diane

Williams, Jr., Magistrate Honorable James B.

Abramowitz, Alan

Behr, Louis H.

# LOUIS BEHR, ET AL V MELISSA BROOKS, ET AL

Case No. 18-12842-JJ

Behr, Rebekka A.

Minor Child J.B.

Behr, Miracle

Behr, Casandra

Bell, Esq., J. Erik

Bondi, Pam, Florida Attorney General

Braun, Esq., Jay

Brooks, Melissa K.

Campbell, Ph.D., James

Carroll, Mike

Children's Home Society

Citizens of the State of Florida

Crumm, Joseph

Defendant Jurist John Doe 1 – 8, Defendant John Doe 1 - 100 will be attached in Brief

Demar, Julie

Fenner, Roberta

Florida Office of Inspector General

Florida State Department of Children and Families

Florida Guardian Ad Litem Program Statewide

Franklin, Patricia L.

Green, Nina

Hudson, Kathy

Johnson, Anna

Lancaster, Esq., Jennifer

McGriff, Nefretiri

Melvin, Vern

Miles, Dennis

Minor Children in the State of Florida

Palm Beach County Attorney General's Office

Palm Beach County Department of Children and Families

# LOUIS BEHR, ET AL V MELISSA BROOKS, ET AL

## Case No. 18-12842-JJ

Palm Beach County Guardian Ad Litem Program

Palm Beach County Criminal Conflict and Civil Regional Counsel

Palm Beach County Sheriff's Office

Parks, Keith

Patterson-Hughes, Paige

Ryan, Esq., Paul

Seder, Esq., Sandra

Seth

Scott, Governor Rick

Shoemaker, Laura

Smith, Esq., James

Taggert, Stacey

The Palm Beach County School District

Tolbert, Psy.D., Kristin

Young, Amie