CASE NO. 18-12842-JJ

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

Rebekka Behr, et al.,

*Appellants,*

vs.

James Campbell, et al.,

*Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DC Case Number: 9:18-cv-80221-RLR

_____

**<u>APPELLEES JAMES CAMPBELL'S AND PALM BEACH COUNTY
SCHOOL DISTRICT'S RESPONSE TO JURISDICTIONAL QUESTION</u>**

---

Sean Fahey, Esq.
Office of General Counsel
School Board of Palm Beach County
3300 Forest Hill Boulevard, Ste. C-331
West Palm Beach, FL 33406
Telephone: (561) 434-8746
Facsimile: (561) 434-8105
sean.fahey@palmbeachschools.org
**Attorney for Appellees James Campbell and Palm Beach County School District**

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

The following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations known to the undersigned that have an interest in the outcome of this case or appeal:

Avossa, Robert

Bell, Jon E.

Behr, Louis H.

Behr, Rebekka Anne

Bernard, Shawntoyia N.

Campbell, James

Fahey, Sean C.

Fennoy, Donald

Hopkins, Hon. James

J.B.

Reinhart, Hon. Bruce

Rosenberg, Hon. Robin

School Board of Palm Beach County, Florida

School District of Palm Beach County, Florida

Appellees submit the following response to the Court's Jurisdictional Question, issued on July 20, 2018.

**Should this Court dismiss J.B. from this appeal? Alternatively, should it permit him to appear through counsel or move for appointment of counsel? Notably, it appears that Mr. Louis H. Behr may not represent J.B. because Mr. Behr is not an attorney. Although a father may sign a notice of appeal for his minor child, a non-lawyer may not represent another individual in federal court. *See Devine v. Indian River Cnty. Sch. Bd,* 121 F.3d 576, 581-82 (11th Cir. 1997) (holding that parents who are not attorneys may not bring a *pro se* action on their child's behalf), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.,* 550 U.S. 516, 535 (2007); *see also* Fed. R. App. P. 3(c)(2) (permitting parents to file a notice of appeal for their minor children).**

This Court should dismiss J.B. from this appeal or, alternatively, permit J.B. to appear through counsel or to move for appointment of counsel.

Appellants appeal from the District Court's order dismissing their Second Amended Complaint, pursuant to 28 U.S.C. § 1915, under the *Rooker-Feldman* doctrine. D.E. 57, 58. Louis H. Behr and Rebekka A. Behr signed the notice of appeal, *pro se*. D.E. 58, p. 2. Louis H. Behr signed the notice of appeal on behalf of himself and J.B., a minor child. *Id.*

"Individual parties in federal court generally 'may plead and conduct their own cases personally or by counsel.'" *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (quoting 28 U.S.C. § 1654). "The right to appear *pro se,* however, is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." *Id.* "Consequently, we have

1

held that 'parents who are not attorneys may not bring a *pro se* action on their child's behalf.'" *Id.* (quoting *Devine v. Indian River Cnty. Sch. Bd.,* 121 F.3d 576, 582 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.,* 550 U.S. 516, 535 (2007)).

Here, no appearance of counsel form has yet been filed for any of the Appellants, and Louis H. Behr may not represent J.B. in these proceedings because he is not an attorney.[1] Dismissal of J.B. from this appeal is therefore appropriate. *See Dingler v. Georgia*, 725 F. App'x 923, 926 (11th Cir. 2018) (noting, before analyzing plaintiff's arguments on appeal, that court would "consider only Plaintiff's claims raised on his own behalf because a non-attorney *pro se* litigant cannot bring any action on behalf of his or her child."); *see also Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (court would address father's appeal from dismissal of civil rights complaint, but did not need to address "purported appeal" by four minor daughters because father could not represent his daughters in the case).

---

[1] As noted by lower courts within this Circuit, some other circuits have recognized an exception to this rule for parents appealing the Social Security Administration's denial of benefits on behalf of a minor child. *See, e.g., Bacon v. Soc. Sec. Admin.*, No. 1:16-CV-2242-MHC-JSA, 2016 WL 10988738, at *1 (N.D. Ga. June 29, 2016) (collecting cases); *Peake ex rel. K.R.D. v. Comm'r of Soc. Sec.*, No. 6:06-CV-1863-ORL-KRS, 2008 WL 495377, at *1 n.1 (M.D. Fla. Feb. 20, 2008). Even if this Court were inclined to recognize this exception, this case is not an appeal of the denial of benefits, nor does it present the same legal or policy reasons to support allowing a parent to represent a minor child in federal court. *See Bacon*, 2016 WL 10988738, at *1-2 (summarizing some of the reasons for the exception).

Alternatively, the Court should permit J.B. to appear through counsel or to move for appointment of counsel. *Cf. Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61-62 (2d Cir. 1990) (dismissing appeal and remanding to district court to give pro se plaintiff parent an opportunity to retain counsel or to request the appointment of counsel when he brought lawsuit on behalf of his daughter).

Dated: August 3, 2018.

                                            Respectfully submitted,

                                            /s/ Sean Fahey
                                            Sean Fahey, Esq.
                                            Florida Bar No.:  0101083

# **CERTIFICATE OF COMPLIANCE**

This Response complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2)(a) and 32(c) and the Rules of the United States Court of Appeals for the Eleventh Circuit because it contains 697 words as determined by the Microsoft Word (2016 version) word-processing system used to prepare the Response, excluding the parts of the Response exempted by Federal Rule of Appellate Procedure 32(f). This Response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this Response has been prepared in a proportionally spaced typeface using Microsoft Word (2016 version) in 14-point Times New Roman font.

    /s/ Sean Fahey
Sean Fahey, Esq.
Florida Bar No.: 0101083
Office of General Counsel
School Board of Palm Beach County
Post Office Box 19239
West Palm Beach, FL 33416-9239
Telephone: (561) 969-5852
Facsimile: (561) 434-8105
sean.fahey@palmbeachschools.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, I electronically filed this Response with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system and served Appellants by mailing a copy to each of the names and addresses below:

Louis H. Behr
16822 94TH ST N
LOXAHATCHEE, FL 33470

Rebekka Anne Behr
16822 94TH ST N
LOXAHATCHEE, FL 33470

J.B.
16822 94TH ST N
LOXAHATCHEE, FL 33470

/s/ Sean Fahey
Sean Fahey, Esq.
Florida Bar No.: 0101083
Office of General Counsel
School Board of Palm Beach County
3300 Forest Hill Boulevard, C-331
West Palm Beach, FL 33406
Telephone: (561) 434-8746
Facsimile: (561) 434-8105
sean.fahey@palmbeachschools.org