IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**REBEKKA BEHR, ET AL.,**

**Plaintiffs/Appellants,**

**vs.**

**JAMES CAMPBELL, ET AL.,**

**Defendants/Appellees.**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DC Case Number: 9:18-cv-80221-RLR

---

**SUPPLEMENTAL APPENDIX OF APPELLEES JAMES CAMPBELL
AND PALM BEACH COUNTY SCHOOL DISTRICT**

---

Sean Fahey, Esq.
Florida Bar No.: 0101083
Office of General Counsel
School Board of Palm Beach County
3300 Forest Hill Boulevard, Ste. C-331
West Palm Beach, FL 33406
Telephone: (561) 434-8746
Facsimile: (561) 434-8105
sean.fahey@palmbeachschools.org
**Counsel for Appellees James Campbell and Palm Beach County School
District**

Case No. 18-12842-JJ, *Rebekka Behr, et al., v. James Campbell, et al.*

## INDEX TO SUPPLEMENTAL APPENDIX

**Docket Entry Number, Document Name** ................................................ **Page Nos.**

Docket Report......................................................................................4-10

D.E. 43, First Amended Complaint …...........................................12-175

# DOCKET REPORT

APPEAL,BER,CLOSED,MEDIATION,REF_DISCOV

## U.S. District Court
## Southern District of Florida (West Palm Beach)
## CIVIL DOCKET FOR CASE #: 9:18–cv–80221–RLR

Behr v. Campbell et al
Assigned to: Judge Robin L. Rosenberg
Referred to: Magistrate Judge Bruce E. Reinhart
Case in other court:  USCA, 18–12842–JJ
                15th Judicial Circuit in and for Palm Beach,
                FL, 50–02017CA0014188XXXXMB/AD
Cause: 28:1441 Petition for Removal– Civil Rights Act

Date Filed: 02/22/2018
Date Terminated: 05/30/2018
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Rebekka Anne Behr**

represented by **Rebekka Anne Behr**
16822 94th St. N.
Loxahatchee, FL 33470
PRO SE

**Plaintiff**

**Louis H. Behr**

represented by **Louis H. Behr**
16822 94th Street N.
Loxahatchee, FL 33470
Email: paradise1459@gmail.com
PRO SE

**Plaintiff**

**J.B.**
*minor child, by and through Father, Louis*
*H. Behr*

V.

**Defendant**

**Dr. James Campbell**
*individually and in his official position as*
*principal for PBCSD*

represented by **Jon Erik Bell**
School District of Palm Beach County
3300 Forest Hill Blvd Rm C–323
West Palm Beach, FL 33406
(561) 434–8500
Fax: (561) 434–8105
Email: jon.bell@palmbeachschools.org
*ATTORNEY TO BE NOTICED*

**Defendant**

**Palm Beach County School District**
*C/O DR. AV6OSSO, SUPERINTENDENT*

represented by **Shawntoyia N. Bernard**
School District of Palm Beach County
3300 Forest Hill Blvd, Suite C 323
West Palm Beach, FL 33406
561–434–8750
Fax: 561–434–8105
Email: shawntoyia.bernard@palmbeachschools.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jon Erik Bell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Melissa K. Brooks**
*individually and as natural birth mother*

**Defendant**

**Patricia L. Franklin**
*individually*

**Defendant**

**Sandra Seder**
*individually and as lawyer*

**Defendant**

**Fifteenth District Court of Palm Beach**

**Defendant**

**Jay Braun**
*individually and in his official capacity as
lawyer for PBCAGO*

**Defendant**

**Palm Beach County DCF**

**Defendant**

**Florida State DCF**

**Defendant**

**Kathy Hudson**
*individually and in her official capacity as
PBCDCF/CPS investigator*

**Defendant**

**Palm Beach County Criminal Conflict
and Regional Counsel**

**Defendant**

**Florida Office of Inspector Generall**

**Defendant**

**Florida Guardian Ad Litem Program**

**Defendant**

**Psy.D Kristin Tolbert**
*individually and in her official capacity as
psychiatrist*

**Defendant**

**Julie Demar**
*individually and in her official capacity as
PBCDCF/ChildNet/Child Home Society
Supervisor*

**Defendant**

**Roberta Fenner**
*individually and ln her official capacity as
lawyer*

**Defendant**

**Stacey Taggert**
*individually and in her official capacity as*
*PBCDCF/CPS investigator*

**Defendant**

**Fourth District Court of Appeals**

**Defendant**

**Jurist John Does 1–8**

**Defendant**

**John Doe 1–100**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/22/2018 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT – Complaint) Filing fee $ 400.00 receipt number 113C–10431358, filed by School District of Palm Beach County. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit Complaint, # 3 Exhibit Summons on Campbell, # 4 Exhibit Summmons on School Board, # 5 Exhibit Hudson Notice of Production, # 6 Exhibit Smith Notice of Production)(Bell, Jon) (Entered: 02/22/2018) |
| 02/22/2018 | 2 | Clerks Notice of Judge Assignment to Judge Robin L. Rosenberg and Magistrate Judge James M. Hopkins.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge James M. Hopkins is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. (yha) (Entered: 02/23/2018) |
| 02/28/2018 | 3 | Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint), FOR FAILURE TO STATE A CLAIM *Plaintiff's Complaint and Incorporated Memorandum of Law* by Palm Beach County School District. Responses due by 3/14/2018 (Attachments: # 1 Exhibit Complaint)(Bell, Jon) (Entered: 02/28/2018) |
| 03/06/2018 | 4 | MOTION for Referral to Volunteer Attorney Program by Rebekka Anne Behr. (ail) (Entered: 03/07/2018) |
| 03/06/2018 | 5 | OMNIBUS FILINGS: RESPONSE AND OPPOSITION re 1 Notice of Removal (State Court Complaint), ( Responses due by 3/21/2018); MOTION to Strike/Deny for Improper Service on Notice of Removal; MOTION for Order Granting Right to File via Electronic Filing, MOTION to Remand by Rebekka Anne Behr. (ail) (Entered: 03/07/2018) |
| 03/06/2018 | 6 | RESPONSE in Opposition re 3 Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint), FOR FAILURE TO STATE A CLAIM *Plaintiff's Complaint and Incorporated Memorandum of Law* filed by Rebekka Anne Behr. Replies due by 3/13/2018. SEE DE 5 for Image(ail) (Entered: 03/07/2018) |
| 03/08/2018 | 7 | PAPERLESS ORDER denying 4 Motion for Referral to Volunteer Attorney Program. Signed by Judge Robin L. Rosenberg on 3/8/2018. (ege) (Entered: 03/08/2018) |
| 03/09/2018 | 8 | ORDER SETTING STATUS CONFERENCE, CALENDAR CALL, AND TRIAL DATE, ORDER OF REQUIREMENTS, AND ORDER OF REFERENCE TO MAGISTRATE JUDGE: Status Conference set for 1/30/2019 at 9:30 AM before Judge Robin L. Rosenberg., Jury Trial set for 3/4/2019 at 9:00 AM in West Palm Beach Division before Judge Robin L. Rosenberg., Calendar Call set for 2/27/2019 at 9:00 AM before Judge Robin L. Rosenberg. Signed by Judge Robin L. Rosenberg on 3/8/2018. (ail)<br><br>***Pattern Jury Instruction Builder* –** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 03/09/2018) |
| 03/09/2018 | 9 | PAPERLESS ORDER. The filing at docket entry 5 is denied without prejudice as it does not comply with the requirements for motions contained in Local Rule 7.1. Signed by Judge Robin L. Rosenberg on 3/9/2018. (bkd) (Entered: 03/09/2018) |
| 03/13/2018 | 11 | Response and Opposition to 1 Notice of Removal (State Court Complaint), by Rebekka Anne Behr. (ail) (Main Document 11 replaced on 3/15/2018) (ail). Image replaced with correct image on 3/5/2018 (ail). (Entered: 03/15/2018) |

| 03/13/2018 | 12 | MOTION to Remand Complaint, MOTION to Strike/Deny for Improper Service on Notice of Removal with Memorandum of Law and REQUEST for Oral Argument 1 Notice of Removal (State Court Complaint), ( Responses due by 3/27/2018) by Rebekka Anne Behr. SEE DE 11 for Image (ail) (Entered: 03/15/2018) |
|---|---|---|
| 03/14/2018 | 10 | STANDING DISCOVERY ORDER FOR MAGISTRATE JUDGE JAMES M. HOPKINS Signed by Magistrate Judge James M. Hopkins on 3/13/2018. (ail) (Entered: 03/14/2018) |
| 03/14/2018 | 13 | RESPONSE and OPPOSITION re 3 Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint), FOR FAILURE TO STATE A CLAIM *Plaintiff's Complaint and Incorporated Memorandum of Law* and MOTION to Amend with Memorandum of Law by Rebekka Anne Behr. Responses due by 3/28/2018 (Attachments: # 1 Exhibit)(ail) (Entered: 03/15/2018) |
| 03/15/2018 | 14 | Clerks Notice of Docket Correction re 11 Response and Motions (SEE DE [12]. **Correction**: Image replaced with correct copy; SEE ATTACHED for Image. (ail) (Entered: 03/15/2018) |
| 03/15/2018 | 15 | RESPONSE in Opposition re 12 MOTION to Remand MOTION to Strike 1 Notice of Removal (State Court Complaint), filed by Palm Beach County School District. Replies due by 3/22/2018. (Attachments: # 1 Exhibit Summons & Complaint–School Board, # 2 Exhibit Summons & Complaint–Campbell, # 3 Exhibit NPNP Notice Email, # 4 Exhibit Behr Emails re Service)(Bell, Jon) (Entered: 03/15/2018) |
| 03/15/2018 | 16 | RESPONSE to Motion re 13 MOTION to Amend/Correct 3 Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint), FOR FAILURE TO STATE A CLAIM *Plaintiff's Complaint and Incorporated Memorandum of Law Reply to Plaintiff's Response to Defendant's Motion to Dismiss* filed by Palm Beach County School District. Replies due by 3/22/2018. (Bell, Jon) (Entered: 03/15/2018) |
| 03/19/2018 | 17 | Case Reassignment of Paired Magistrate Judge pursuant to Administrative Order(s) 2018–15 to Magistrate Judge Bruce E. Reinhart. Magistrate Judge James M. Hopkins no longer assigned to case. (jmd) (Entered: 03/19/2018) |
| 03/19/2018 | 18 | PAPERLESS ORDER referring 3 Defendants' Motion to Dismiss Plaintiff's Complaint to Judge Bruce E. Reinhart for appropriate disposition. Signed by Judge Robin L. Rosenberg on 3/19/2018. (ege) (Entered: 03/19/2018) |
| 03/20/2018 | 19 | ORDER OF INSTRUCTIONS TO PRO SE LITIGANT Signed by Judge Robin L. Rosenberg on 3/19/2018. (ail) (Entered: 03/20/2018) |
| 03/21/2018 | 20 | MOTION FOR SPECIAL ORDER GRANTING RIGHT TO FILE VIA ELECTRONIC FILING WITH MEMORANDUM OF LAW by Rebekka Anne Behr. (ail) (Entered: 03/22/2018) |
| 03/21/2018 | 21 | NOTICE of Filing Amended Certificate of Service by Rebekka Anne Behr re 20 MOTION FOR SPECIAL ORDER GRANTING RIGHT TO FILE VIA ELECTRONIC FILING WITH MEMORANDUM OF LAW (ail) (Entered: 03/22/2018) |
| 03/21/2018 | 22 | PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION FOR PLAINTIFF'S DISCOVERY SUBPOENAS WITH MEMORANDUM OF LAW by Rebekka Anne Behr. (ail) (Entered: 03/22/2018) |
| 03/21/2018 | 23 | NOTICE of Filing Amended Certificate of Service by Rebekka Anne Behr re 22 PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION FOR PLAINTIFF'S DISCOVERY SUBPOENAS WITH MEMORANDUM OF LAW (ail) (Entered: 03/22/2018) |
| 03/22/2018 | 24 | PAPERLESS ORDER denying 20 Plaintiff's Motion for Special Order Granting Right to File Via Electronic Filing. According to the Southern District of Florida's Case Management Electronic Case Filing Administrative Procedure 2C, "Pro se litigants will not be permitted to register as Users at this time. Pro se litigants must file their documents in the conventional manner. Pro se litigants may access the electronic record at the public counter in the Clerk's Office in all divisions or through PACER. Pro se litigants will be served and noticed by U.S. mail or in person (or, if agreed, by facsimile or e–mail), unless there is consent to receive notices electronically as indicated below. Pro se litigants (non–prisoner) interested in receiving notices electronically must file the form 'Consent by Pro Se Litigants (Non–Prisoner) to Receive Notice of Electronic Filing' which can be found on the Court's website (www.flsd.uscourt.gov). After filing the consent, pro se litigants will receive case orders, notices and other documents filed via email. Paper copies of filings will no longer be sent by the Court or opposing counsel in that particular case. Note: Pro se litigants who consent to receiving notices electronically are responsible for maintaining a current email address with the Court (See Section 3D)." See http://www.flsd.uscourts.gov/sites/flsd/files/17–12–01–Administrative–Procedures–FINAL–VERSION–1.pdf. Accordingly, the Court cannot give Plaintiff permission to file electronically. Signed by Judge Robin L. Rosenberg on 3/22/2018. (ege) (Entered: 03/22/2018) |
| 03/22/2018 | 25 | SCHEDULING REPORT – **Rule 26(f)** by Palm Beach County School District (Bernard, Shawntoyia) (Entered: 03/22/2018) |

| 03/23/2018 | 26 | MOTION for Sanctions Against Defendants' and Their Legal Counsel Per Rule 11 by Rebekka Anne Behr. (ail) (Entered: 03/26/2018) |
|---|---|---|
| 03/26/2018 | 28 | NOTICE of filing Proposed Order by Rebekka Anne Behr re 26 MOTION for Sanctions (ail) (Entered: 03/27/2018) |
| 03/26/2018 | 29 | MEMORANDUM in Opposition re 15 Response in Opposition to Motion, by Rebekka Anne Behr. (ail) (Entered: 03/27/2018) |
| 03/27/2018 | 27 | SCHEDULING ORDER AND ORDER REFERRING CASE TO MEDIATION: Amended Pleadings due by 5/25/2018., Discovery due by 11/2/2018., Joinder of Parties due by 5/25/2018., Mediation Deadline 12/11/2018., In Limine Motions due by 12/4/2018., Dispositive Motions due by 12/4/2018., Motions due by 12/4/2018., Pretrial Stipulation due by 1/23/2019. Signed by Judge Robin L. Rosenberg on 3/26/2018. (ail) *Pattern Jury Instruction Builder* – To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 03/27/2018) |
| 03/27/2018 | 30 | PAPERLESS ORDER denying 26 Plaintiff's Motion for Sanctions Against Defendants and Their Legal Counsel Per Rule 11. Signed by Judge Robin L. Rosenberg on 3/27/2018. (ege) (Entered: 03/27/2018) |
| 04/04/2018 | 31 | PAPERLESS ORDER referring 12 Plaintiff's Motion to Remand Complaint and Plaintiff's Motion to Strike/Deny for Improper Service on Notice of Removal to Judge Bruce E. Reinhart for appropriate disposition. Signed by Judge Robin L. Rosenberg on 4/4/2018. (ege) (Entered: 04/04/2018) |
| 04/16/2018 | 32 | REPORT AND RECOMMENDATIONS re 12 MOTION to Remand MOTION to Strike 1 Notice of Removal (State Court Complaint), filed by Rebekka Anne Behr Recommending that the District Court DENY Plaintiffs Motion to Remand. Objections to R&R due by 4/30/2018 Signed by Magistrate Judge Bruce E. Reinhart on 4/13/2018. (ail) (Entered: 04/16/2018) |
| 04/16/2018 | 33 | NOTICE by James Campbell, Palm Beach County School District *of Filing Amended Civil Cover Sheet*. Attorney Jon Erik Bell added to party James Campbell(pty:dft). (Attachments: # 1 Civil Cover Sheet Amended Civil Cover Sheet) (Bell, Jon) (Entered: 04/16/2018) |
| 04/18/2018 | 34 | REPORT AND RECOMMENDATIONS re 3 Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint), FOR FAILURE TO STATE A CLAIM *Plaintiff's Complaint and Incorporated Memorandum of Law* filed by Palm Beach County School District Recommending the District Court GRANT the Motion to Dismiss, with leave to file an Amended Complaint. Objections to R&R due by 5/2/2018 Signed by Magistrate Judge Bruce E. Reinhart on 4/17/2018. (ail) (Entered: 04/18/2018) |
| 04/25/2018 | 35 | NOTICE by James Campbell, Palm Beach County School District *of Agreement and Scheduling of Mediation* (Bell, Jon) (Entered: 04/25/2018) |
| 04/25/2018 | 36 | Clerks Notice to Filer re 35 Notice (Other). **Parties Not Added**; ERROR – The Filer failed to add mediator. Filer is instructed to file a Notice of Entry of Parties and add the mediator. (asl) (Entered: 04/25/2018) |
| 04/25/2018 | 37 | NOTICE of Mediator Selection. Added James Campbell, Palm Beach County School District, Eunice Baros, Esq.. (Bell, Jon) (Entered: 04/25/2018) |
| 04/25/2018 | 38 | Initial Disclosure(s) of Rule 26 Disclosures by James Campbell, Palm Beach County School District (Bell, Jon) (Entered: 04/25/2018) |
| 05/04/2018 | 39 | ORDER Adopting 32 Report and Recommendations; Adopting 34 Report and Recommendations. Amended Complaint due by 5/24/2018.); granting 3 Motion to Dismiss for Failure to State a Claim; denying 12 Motion to Remand; denying 12 Motion to Strike. Amended Complaint due by 5/24/2018 Signed by Judge Robin L. Rosenberg on 5/3/2018. (ail) (Entered: 05/04/2018) |
| 05/17/2018 | 40 | Plaintiff's NOTICE of voluntary dismissal of complaint per rule 41 by Rebekka Anne Behr (ebz) (Entered: 05/17/2018) |
| 05/29/2018 | 43 | **STRICKEN** AMENDED COMPLAINT against Eunice Baros, Esq., Jay Braun, Melissa K. Brooks, James Campbell, Julie Demar, Roberta Fenner, Fifteenth District Court of Palm Beach, Florida Guardian Ad Litem Program, Florida Office of Inspector Generall, Florida State DCF, Fourth District Court of Appeals, Patricia L. Franklin, Kathy Hudson, John Doe 1–100, Jurist John Does 1–8, Palm Beach County Criminal Conflict and Regional Counsel, Palm Beach County DCF, Palm Beach County School District, Sandra Seder, Stacey Taggert, Kristin Tolbert, filed by Rebekka Anne Behr, Louis H. Behr, J.B.. (Attachments: # 1 Proposed Order)(kpe) Text Modified on per DE 50 Order 6/4/2018 (ail). (Entered: 05/31/2018) |
| 05/29/2018 | 44 | Plaintiff's Motion for Permission for Electronic Case Filing by Louis H. Behr, Rebekka Anne Behr, J.B.. (Attachments: # 1 Proposed Order)(kpe) (Entered: 05/31/2018) |

| 05/29/2018 | 45 | Plaintiffs' Initial Disclosures by Louis H. Behr, Rebekka Anne Behr, J.B..(kpe) (Entered: 05/31/2018) |
|---|---|---|
| 05/29/2018 | 46 | MOTION for Permission and Order for Federal Marshall's to Serve Amended Complaint onto Defendants' by Louis H. Behr, Rebekka Anne Behr, J.B.. Responses due by 6/12/2018. (Attachments: # 1 Proposed Order)(kpe) (Entered: 05/31/2018) |
| 05/29/2018 | 47 | MOTION for Leave to Proceed in forma pauperis by Louis H. Behr, Rebekka Anne Behr, J.B.. (kpe) (Entered: 05/31/2018) |
| 05/29/2018 | 48 | Discovery MOTION for Order to Unseal Records and Disseminate Documents by Louis H. Behr, Rebekka Anne Behr, J.B.. (Attachments: # 1 Proposed Order)(kpe) (Entered: 05/31/2018) |
| 05/30/2018 | 41 | ORDER CLOSING CASE Signed by Judge Robin L. Rosenberg on 5/30/2018. (ail)<br><br>**NOTICE: If there are sealed documents in this case, they may be unsealed after 1 year or as directed by Court Order, unless they have been designated to be permanently sealed. See Local Rule 5.4 and Administrative Order 2014−69.** (Entered: 05/30/2018) |
| 05/30/2018 | 42 | NOTICE to Withdraw 40 Notice of Voluntary Dismissal by Rebekka Anne Behr. (Attachments: # 1 Proposed Order) (kpe) (Entered: 05/30/2018) |
| 05/31/2018 | 49 | PAPERLESS ORDER denying 44 Plaintiffs' Motion for Permission for Electronic Case Filing. According to the Southern District of Florida's Case Management Electronic Case Filing Administrative Procedure 2C, "Pro se litigants will not be permitted to register as Users at this time. Pro se litigants must file their documents in the conventional manner. Pro se litigants may access the electronic record at the public counter in the Clerk's Office in all divisions or through PACER. Pro se litigants will be served and noticed by U.S. mail or in person (or, if agreed, by facsimile or e−mail), unless there is consent to receive notices electronically as indicated below. Pro se litigants (non−prisoner) interested in receiving notices electronically must file the form 'Consent by Pro Se Litigants (Non−Prisoner) to Receive Notice of Electronic Filing' which can be found on the Court's website (www.flsd.uscourt.gov). After filing the consent, pro se litigants will receive case orders, notices and other documents filed via email. Paper copies of filings will no longer be sent by the Court or opposing counsel in that particular case. Note: Pro se litigants who consent to receiving notices electronically are responsible for maintaining a current email address with the Court (See Section 3D)." See http://www.flsd.uscourts.gov/sites/flsd/files/17−12−01−Administrative−Procedures−FINAL−VERSION−1.pdf. Accordingly, the Court cannot give Plaintiff permission to file electronically. Signed by Judge Robin L. Rosenberg on 5/31/2018. (ege) (Entered: 05/31/2018) |
| 06/04/2018 | 50 | ORDER denying as moot 46 Motion to Appoint Special Process Server. ; granting 47 Motion for Leave to Proceed in forma pauperis. **USM Service NOT Ordered** ; denying 48 Discovery MOTION for Order to Unseal Records and Disseminate Documents. Signed by Judge Robin L. Rosenberg on 6/1/2018. (ail) (Entered: 06/04/2018) |
| 06/06/2018 | 51 | Plaintiffs' MOTION to Reopen Case by Louis H. Behr, Rebekka Anne Behr. (ebz) (Additional attachment(s) added on 6/7/2018: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (ebz). (Entered: 06/07/2018) |
| 06/08/2018 | 52 | PAPERLESS ORDER denying as moot Plaintiffs' 51 Request/Motion to Re−open Case Matter. As explained at docket entry 50, Plaintiffs' Amended Complaint was stricken for failure to comply with the Federal Rules of Civil Procedure or with the Court's Order explaining the federal pleading standard, see DE 34. The Court, however, gave Plaintiffs leave to file a Second Amended Complaint by June 15, 2018. Signed by Judge Robin L. Rosenberg on 6/8/2018. (ege) (Entered: 06/08/2018) |
| 06/13/2018 | 53 | MOTION for Extension of Time to file a Second Amended Complaint re 52 Order on Motion to Reopen Case, by Louis H. Behr, Rebekka Anne Behr. Responses due by 6/27/2018 (Attachments: # 1 Supplement Proposed Order (Not Signed)(ebz) (Entered: 06/13/2018) |
| 06/13/2018 | 54 | ORDER PAPERLESS ORDER granting 53 Plaintiffs' Motion for Extension of Time. Plaintiffs' Second Amended Complaint is due by June 20, 2018. Signed by Judge Robin L. Rosenberg on 6/13/2018. (ege) (Entered: 06/13/2018) |
| 06/20/2018 | 55 | Plaintiff's MOTION for permission and order for Federal Marshall's to serve amended complaint onto defendant's by Louis H. Behr, Rebekka Anne Behr, J.B.. (ebz) . (Entered: 06/20/2018) |
| 06/20/2018 | 56 | **DISMISSED** AMENDED COMPLAINT and substituted complaint reations to first complaint and first amended complaint with added plaintiffs and defendants per order by Judge Rosenberg on June 4,2018 and Jury demand pursuant to rule 7, 8 and 15 against All Defendants, filed by Rebekka Anne Behr, Louis H. Behr, J.B..(ebz) Text Modified on 6/27/2018 per DE 57 ORDER (ail). (Entered: 06/20/2018) |

| 06/27/2018 | 57 | ORDER DISMISSING PLAINTIFFS SECOND AMENDED COMPLAINT WITH PREJUDICE Signed by Judge Robin L. Rosenberg on 6/26/2018. (ail) (Entered: 06/27/2018) |
|---|---|---|
| 06/29/2018 | 58 | Notice of Appeal as to 57 Administrative Order by Louis H. Behr, Rebekka Anne Behr. IFP Filed. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under Transcript Information. (apz) (Entered: 07/02/2018) |
| 06/29/2018 | 59 | MOTION for Leave to Appeal in forma pauperis by Louis H. Behr, Rebekka Anne Behr. (apz) (Entered: 07/02/2018) |
| 07/02/2018 | | Transmission of Notice of Appeal, Order under appeal and Docket Sheet to US Court of Appeals re 58 Notice of Appeal, Notice has been electronically mailed. (apz) (Entered: 07/02/2018) |
| 07/05/2018 | 60 | ORDER granting 59 Motion for Leave to Appeal in forma pauperis. Signed by Judge Robin L. Rosenberg on 7/3/2018. *See attached document for full details.* (apz) (Entered: 07/05/2018) |
| 07/06/2018 | 61 | Acknowledgment of Receipt of NOA from USCA re 58 Notice of Appeal, filed by Rebekka Anne Behr, Louis H. Behr. Date received by USCA: 7/2/2018. USCA Case Number: 18–12842–JJ. (apz) (Entered: 07/09/2018) |
| 07/12/2018 | 62 | TRANSCRIPT INFORMATION FORM by Louis H. Behr, Rebekka Anne Behr re 58 Notice of Appeal. No Transcript Requested. (apz) (Entered: 07/12/2018) |
| 08/02/2019 | 63 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Southern District of Florida certifies that the record is complete for purposes of this appeal re: 58 Notice of Appeal, Appeal No. 18–12842–JJ. The entire record on appeal is available electronically. (apz) (Entered: 08/02/2019) |

D.E. 43

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LOUIS H. BEHR, REBEKKA A. BEHR,
MINOR CHILD PLAINTIFF J.B. by and through
FATHER, LOUIS H. BEHR
                              Plaintiffs'

v.

MELISSA K. BROOKS, individually and as
natural birth mother; PATRICIA L. FRANKLIN,
individually; SANDRA SEDER, individually and as
lawyer; FIFTEENTH DISTRICT COURT OF
PALM BEACH COUNTY; JAY BRAUN, individually
and in his official capacity as lawyer for PBCAGO;          Case No. 9:18-CV-80221-
PALM BEACH COUNTY DCF; FLORIDA STATE                       Judge Rosenberg/Reinhart
DCF; KATHY HUDSON, individually and in her
official capacity as PBCDCF/CPS investigator; PALM
BEACH COUNTY CRIMINAL CONFLICT AND
CIVIL REGIONAL COUNSEL; FLORIDA OFFICE
OF INSPECTOR GENERAL; FLORIDA GUARDIAN
AD LITEM PROGRAM; PALM BEACH COUNTY
GUARDIAN AD LITEM PROGRAM; KRISTIN
TOLBERT, PSY.D., individually and in her official
capacity as psychiatrist; JULIE DEMAR, individually
and in her official capacity as PBCDCF/ChildNet/Child
Home Society Supervisor; ROBERTA FENNER, ESQ.,
individually and in her official capacity as lawyer;
STACEY TAGGERT, individually and in her official
capacity as PBCDCF/CPS investigator; PALM BEACH
COUNTY SCHOOL DISTRICT; JAMES CAMPBELL,
individually and in his official position as principal for
PBCSD; FOURTH DISTRICT COURT OF APPEALS;
JURIST JOHN DOES 1 – 8; JOHN DOE 1 – 100.
                              Defendants'
_____/

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS,
INJUNCTIVE AND DECLATORY RELIEF, RICO ACT,
DAMAGES, WRIT OF MANDAMUS, WRIT OF HABEAS CORPUS, WRIT OF QUO
WARRANTO, WRIT OF CORDAM NORBIS, BIVENS CLAIM, NUMEROUS
SUPPLEMENTAL JURISDICTIONS AND JURY DEMAND PURSUANT TO RULE
15(D) AND PURSUANT TO JUDGE ROSENBERG ORDER DATED MAY 18th, 2018
CASE NO. 9:18-CV-80655-ROSENBERG**

1

## INTRODUCTION

1.  This is a civil rights action brought pursuant to 42 U.S.C. 1983; 42 U.S.C. 1985; U.S.C. Art. IV; U.S.C. Amendment I; U.S.C. Amendment IV; U.S.C. Amendment V; U.S.C. Amendment VI, U.S.C. Amendment VIII, U.S.C. Amendment IX, U.S.C. Amendment X, U.S.C. Amendment XII; U.S.C. Amendment XIV; U.S.C. Amendment XXIV; Racketeering Act (RICO); Title 36 U.S.C.; Title 18 U.S.C.; Title IX of the Education Amendments of 1972; Title II of Americans with Disabilities Act of 1990 State and Local Governments Title II; Title XLV TORTS Ch. 766; Chap.768; The Freedom of Information Act 5 U.S.C. § 552; U.S.C. Title VI of Civil Rights Act of 1964, 28 U.S.C. 1291; HIPAA 45 CFR; Discrimination: Section 504 of the Rehabilitation Act of 1973; 18 U.S. Code § 241; 42 U.S. Code § 2000d; 42 U.S. Code Subchapter XXI; 28 U.S.C. 1291; 18 U.S. Code Chapter 96; 25 U.S. Code § 3116; 42 U.S. Code § 1985; Age Discrimination Act of 1975; The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR); Breach of Fiduciary Duty 947; Age Discrimination Act of 1975; 28 CFR Part 35; The Supreme Court's Parental Rights Doctrine; Equal Access Law Title 20 Chap. 52, Sub Chap. VIII§ 4071; Constitutional Right to Be a Parent First Amendment, Due Process Clause of 14th Amendment; HIPAA Law 45 CFR Part 164; 42 U.S.C. 1302(a); 42 U.S.C. 1320d-1320d-9; Individuals with Disabilities Education Act (IDEA); 34 CFR 99.4; Civil Rights Act of 1968; Fla. Art 1 § 2; Art 1 § 4; Fla. Art 1 § 5; Fla. Art 1 § 9; Fla. Art 1 § 12; Fla. Art 1 § 13; Fla. Art 1 § 16; Fla. Art 1 § 17; Fla. Art 1 § 21; Fla. Art 1 § 22; Fla. Art 1 § 23; Fla. Art. V § 5(b); Fla. Ar. V § 17; Fla. Art. V § 18; Fla. Ar. IX; Fla. Con. Title XLVI; Fla. Con. Title XLVI; Fla. Stat. Chap. 775; Fla. Stat. Chap. 776; Fla. Stat. Chap. 777; Fla. Stat. Chap. 784; Fla. Stat. Chap. 787; Fla. Stat. Chap 800; Fla. Stat. Chap. 806; Fla. Stat. Chap. 810; Fla. Stat. Chap. 817; Fla. Stat. Chap. 837; Fla. Stat. Chap. 838; Fla. Stat. Chap. 839; Fla. Stat. Chap. 843; Fla. Stat. Chap. 877; Fla. Stat. Chap. 895; Fla. Stat. Chap. § 827.03, Fla. Con. Title XLVIII § 1000.05; Fla. § 722.628d; Fla, Chap. Crimes Abuse of Children Fla. § 827.03; Fla. § 798.01; Fla. §  Title XLV Chap. § 768; Fla. § 741.28; Fla. Stat. § 827.071;  Florida Art. IX Section 1 Education; Fla § 416.4; Fla. Judicial Cannons 1,2,3,4,5 and 6; Fla.R.Juv.P. 8.330(g); Fla.R.Juv.P. 9.146; Principles of Professional Conduct for the Education Profession in Florida and educator misconduct, Misrepresentation and Incompetence; Principles of Professional Conduct for the Education Profession in Florida 6A-10.081; portions of the Florida Child Protective Laws Chapter § 39; § 39.001- § 39.0141; § 39.01; §39.01(45); § 39.4; § 39.201-§39.206; §39.301-§39.308; §39.4; §39.395; §39.409(1); 39.410(7); §39.501-§39.510; §39.521-§39.524; 39.6011-39.604; 39.621-39.6251; 39.701-39.704; 39.801-39.815; 39.820-39.8298; 39.901-39.908; Fla. § 14.32;  Fla. §20.055; Fla. § 27.5305; Fla. § 29.04; Racketeering Act (RICO) Florida Statutes Title XLVI. Fla. § 895.03; Fla. § 394.459; Fla Title XLIV; Fla. § 760; Fla. Title IX of the Education Amendments of 1972; Discrimination against Child with Disabilities "Florida Educational Equity Act; and/or Palm Beach County Protocol for Emergency Removal and Placement of Minors (together with other statutes and procedure which may be identified in the course of this action referred to collectively as hereafter as the "Statutes and Protocols");Bivens Claim against Jurists; both facially and as applied against Plaintiff and Plaintiffs rights guaranteed them under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution Each of the Defendants` individual

and/or as a Palm Beach County or Florida State Agency violate the above Civil Rights, laws, constitution and guarantees.

    2.  Following case law gives the support needed herein:

*Skinner v. Oklahoma, 316 U.S. 535, 541, 62 S. Ct. 1110, 1113. 86 L. Ed. 1655(1942); May v. Anderson, 345 U.S. 528, 533, 73 S. Ct. 840, 843, 97 L. Ed. 1221 (1953); Prince v. Massachusetts, 321 U.S. 158, 166, 64 S. Ct. 438, 442, 88 L. Ed. 645 (1944); F.L. v. Department of Children & Families, 849 So.2d 1 114 (Fla. 4th DCA 2003); A.B. v. Department of Children & Families, 816 so. 2d 684, 685 (Fla. 5th DCA 2002); C.W. v. Department of Children & Families, 814 so. 2d 488 (Fla. 1st DCA 2002); State ex rel. Weaver v. Hamans, 118 Fla. 230, 159 So. 3 1; T.M. v. Dep't of Children & Families, 813 so. 2d 200 (Fla. 5th DCA 2002); J.C.G. v. Dep't of Children & Families, 780 so. 2d 965 (Fla. 5th DCA 2001); L.B. v. Dep't of Children & Families, 766 so. 2d 1259 (Fla. 5th DCA 2000); Williams v. Dep't of Health of Rehabilitative Services, 568 So.2d 995 (Fla. 5th DCA 1990); ROES v. FLORIDA DEPT OF CHILDREN & FAMILY SERVICES 176 F. supp. 2d 1310 - Dist. Court, SD Florida 2001; Saucier, 533 U.S. 194, 121 S.Ct. at 2156; Lassiter, 28 F.3d at 1149; Malley v. Briggs,475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 1986); Santamorena v. Georgia Military College, 147 F.3d 1337 11th Cir. 1998); Taylor v. Ledbetter, 818 F.2d 7910 11th Cir. 1987); Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452, 2458, 73 L.Ed.2d 28 (1982); Doe v. New York City Dept. of Social Services, 649 F.2d 134 (2d Cir. 1981 );W.D.N., 443 So.2d 493, 495 (Fla. 2d DCA 1984); state ex rel. sparks v. Reeves, 97 So.2d 18, 20 (Fla. 1957); Camm, 294 So.2d 318, 320 (Fla.), cert. denied, 419 U.S. 866, 95 S.Ct. 121, 42 R.W., 495 So.2d 133 (Fla. 1986); D.B., 385 So.2d 83 (Fla. 1980); Santosky v. Kramer, 455 US. 745, 753, 102 S.Ct. 1388, 1394-95, 71 L.Ed.2d 599 (1982); C.N.G., 531 So.2d 345, 347 (Fla. 5th DCA 1988); T.D., 537 So.2d 173 (Fla. 1st DCA 1989); Dunn v. Blumstein, 405 U.S. 330, 343, 92 S.Ct. 995, 1003, 31 L.Ed.2d 274 (1972); J.L.P., 416 So.2d 1250, 1253 (Fla. 4th DCA 1982); Lett v. Department of Health & Rehabilitative Servs., 547 So.2d 328 (Fla. 5th DCA 1989); Baby Boy A, 544 So.2d 1136 (Fla. 4th DCA 1989) Et Al.;*

    3.  Following Misc. studies, reports, books, etc. supporting this lawsuit:

Catherine R. Lawrence, Elizabeth A. Carlson, and Byron Egeland, "The Impact of Foster Care on Development," Development and Psychopathology 18 (2006); Joseph Goldstein et al., Beyond the Best Interests of the Child (New York: Free Press, 1973); Diagnostic and Statistical Manual of Mental Disorders (DSM-5) Gardner, 1992, p.162,193, 2002, pp. 94-95); Psychology Today Online https://www.psychologytoday.com/conditions/childabuse; MedScape May, 2017; http://www.medscape.com/viewarticle/7757823; MayoClinic http://www.mayoclinic.org/diseasesconditions/childabuse/basics/symptoms/com; West's Encyclopedia of American Law, edition 2. Copyright 2008; The Gale Group, Inc." Samantha Joseph, Daily Business Review January 21, 2015.

    4.  Defendants' actions have deprived and will continue to deprive plaintiffs' of their

paramount rights, parental rights, and guarantees provided under the United States and Florida Constitutions.

5.  Each and every act of defendants' individually, as a state government agency employee, state government office, and jurist, alleged herein was committed under the color of state law.

6. Plaintiffs' further seeks permanent injunctive relief prohibiting defendants' from engaging in the conduct declared to be in violation of the Plaintiffs' constitutional protected rights and from enforcing Statutes and Protocols in the manner complained of herein for Plaintiffs' and the citizens of the State of Florida.

7.      Plaintiffs' seeks writ of mandamus, writ of prohibition, writ of habeas corpus and writ of quo warranto, Writ of Cordam Nobis, RICO ACT, against Defendants to prevent further emotional, psychological and irreparable harm to Plaintiffs' and minor children and parents as citizens of Florida as stated below.

8.  Plaintiffs' further seeks monetary award for the emotional, psychological irreparable harm the defendants, excluding jurists, have caused.

9. Defendants' actions have already deprived and will continue to deprive Plaintiffs' of their Paramount, parental rights and guarantees provided under the United States and Florida Constitutions for more than 3 years.

10. Plaintiffs' further seeks permanent injunctive relief prohibiting defendants' from engaging in the conduct declared to be in violation of the Plaintiffs' constitutional protected rights and from enforcing Statutes and Protocols in the manner complained of herein.

11.These matters involve 15th DC case no. 50-2014-DR-005899, 50-2014-DR-003128 and 50-2014-DP-300368 and incorporated herein through these matters.

12. As in the horrendous case at Penn State University case matter involving Joe Paterno and his assistant football coach, so appears defendants' herein acted to cover-up their ill intentions, aggravated child abuse, abuse of discretion, abuse of power, collusion, and any means to deny caring loving parents their constitutional civil rights, parental rights and the rights of minor children for monetary and/or enjoyment.

## JURISDICTION AND VENUE

13.   This Court has original jurisdiction over Plaintiffs claims pursuant to 28 U.S.C. § 1331 and 1343. The Court has jurisdiction over request for declaratory relief pursuant to 28 USC. § 2201 and § 2202. The Court has jurisdiction over state law claims pursuant to 28 U.S.C § 1367. The Court has jurisdiction herein, to issue writ of mandamus, writ of prohibition, writ of habeas corpus, writ of quo warranto and writ of coram nobis under Art. I, Sec. 24(a); Art. V, Section 3(b)(3), (8); Section 3(b)(8); Section 4(b)(3); Section 5(b); of Florida Constitution, Section 1 19.07; Chap. 80.02, 81.011, Section 394.459 (8); and under Rule 9.030(b)(3); Rule 1.630, of Florida Rules of Appellate Procedure and Habeas Corpus, and portions of Child Protective Laws of State of Florida Chapter 39, 722.627, 722.628d; both facially Fla. State and Municipal Defendants' for violation of Plaintiffs' rights guaranteed them under First, Second, Fourth, Sixth and Fourteenth Amendments to United States Constitution and under Act I 6,11,13 and 17 of the Constitution of State of Florida under Art. I, Il and IV; each act of Defendants alleged herein was committed these allegations under the color of law.

14.      Venue is proper in Southern District of Florida pursuant to 28 U.S.C. § 1391(b),

because plaintiffs' reside in this district, majority of defendants reside within district, and a substantial part of the events or omissions giving rise to the claim occurred within district.

## PARTYS

15. Plaintiff Louis H. Behr ("Mr. Behr") is an individual representing himself, citizen of United Stated, and at commencement of this action, with residence located at 16822 94th St. N Loxahatchee, Fl. 33470 located within the Southern District of Florida. Mr. Behr is the parent of Miracle Behr, is herein after referred to "Miracle" (Female Adult), Rebekka Anne Behr ("Ms. Behr")(Female Adult), Casandra Behr, is herein after referred to Casandra (Female Adult)), and minor child Plaintiff J.B. ("J.B.") (male), who all reside in Palm Beach County, Florida located within Southern District of Florida is herein after referred to "Mr. Behr".

16.  Plaintiff Rebekka Anne Behr is an individual representing herself, citizen of  United Stated, and at commencement of this action, with residence located at 16822 94th St. N Loxahatchee, Fl. 33470 located within the Southern District of Florida, is herein after referred to "Ms. Behr".

17. Plaintiff Minor Child J.B., by and through his father, Louis H. Behr, is an individual, citizen of United Stated, and at commencement of this action, with residence located at 16822 94th St. N Loxahatchee, Fl. 33470 located within the Southern District of Florida, is herein after referred to as "J.B." (minor child).

18. Defendant Melissa K. Brooks, individually and as natural mother of Ms. Behr and J.B., is a citizen of United Stated and at commencement of this action resides at 12350 WestHanover Circle Wellington, Fl. 33414 and a resident of Palm Beach County, Florida with her principle address in Wellington, Florida located within Southern District of Florida, may be

served summons at her primary place of residence:12350 WestHanover Circle Wellington, Fl. 33414, is herein after referred to "Ms. Brooks".

19. Defendant, Patricia L. Franklin, individually and as Mr. Behr's ex-spouse, is a citizen of United Stated and resides at 7432 Boyer St. Philadelphia, PA at the commencement of this action was a resident of Philadelphia County, Pennsylvania, with her principle address in Philadelphia, Pennsylvania; may be served summons at her primary place of residence: 7432 Boyer St. Philadelphia, PA, whom has made and/or received numerous recorded and un-recorded calls from PBCDCF and Ms. Brooks located within Southern District of Florida, is herein after referred to as "Ms. Franklin".

20. Defendant Sandra Seder, individually and as attorney as citizen of the United Stated and at the commencement of this action is a resident of Palm Beach County, Florida and virtual office located at 500 S. Australian Ave. Ste. 600 West Palm Beach, Fl. 33401, located within the Southern District of Florida, may be served summons at her primary place of business 500 S. Australian Ave. Ste. 600 West Palm Beach, Fl. 33401, is herein after referred to, as "Ms. Seder".

21. Defendant, Fifteenth District Court, Palm Beach County, Fl., is a Florida Government entity with primary offices located at 205 N. Dixie Hwy. West Palm Beach, Fl. 33401. This defendant, at all times mentioned herein, acted through its agents: jurist john doe 1 thru 8, and court employees,  District Court of Palm Beach County, Florida, 15th Judicial District, may be served summons on the Clerk of the District Court, Palm Beach County, Sharon R. Bock, at her primary place of business:  205 N. Dixie Hwy. 1 N. Dixie Hwy. Clerk and Controllers Office, West Palm Beach, Fl 33401. Fifteenth

District Court of Palm Beach County, Florida, is herein after referred to as "Defendant," "District Court of Palm Beach County" "15th DC" or "the court".

22. Defendant, Fourth District Court of Appeals, Palm Beach County, Fl., is a Florida Government entity with primary offices located at 110 South Tamarind Ave., West Palm Beach, FL 33401. This defendant, at all times mentioned herein, acted through its agents: Jurist John Doe 6 – 8 and court employees, may be served summons on the Clerk of Court, Fourth District Court of Appeals, Palm Beach County, Fl., at 110 South Tamarind Ave., West Palm Beach, FL 33401, is herein after referred to as "4<sup>th</sup>DCA".

23. Defendant Jay Braun, individually and is an attorney for PBCAGO, as citizen of the United Stated and at the commencement of this action is a resident of Palm Beach County, Florida with his principle office address at Department of Children and Families 111 S. Sapodilla Avenue West Palm Beach, Florida  33401 in Palm Beach County, Florida located within the Southern District of Florida, may be served summons at his primary place of business Department of Children and Families 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, is herein after referred to as "Mr. Braun".

24. Defendant Palm Beach County Department of Children and Families as a Florida Governmental Agency and is capable of suing and being sued, principle office address at Palm Beach County Department of Children and Families 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, may be served summons at PBDCF 111 S. Sapodilla Avenue West Palm Beach, Florida 33401. At all times material to this action its Palm Beach County component of

the Florida Department of Children and Families operated (and continues to operate) within the State of Florida under the Criminal and Civil Child Welfare Section of FDCF — State and Palm Beach County Office, is herein after referred to as "PBCDCF".

25. Defendant Florida State Department of Children and Families as a Florida Governmental Agency and is capable of suing and being sued, principle office address at DCF Headquarters 1317 Winewood Blvd. Building 1, Room 202 Tallahassee, Florida 32399-0700 may be served summons at DCF Headquarters 1317 Winewood Blvd. Building 1, Room 202 Tallahassee, Florida 32399-0700. At all times material to this action its Palm Beach County component of the Florida Department of Children and Families operated (and continues to operate) within the State of Florida under the Criminal and Civil Child Welfare Section of FDCF — State and Palm Beach County Office, is herein after referred to as " FDCF".

26. Defendant Kathy Hudson is sued in both her individual and official capacity as former investigator for CPS, Inc. (Now defunct) and/or Child Protection Team of Palm Beach County, Inc.  (Now defunct) as citizen of the United Stated, principle office address at PBCDCF 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, may be served summons at PBDCF 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, commencement of this action is a resident of Palm Beach County, Florida with her principle address in Palm Beach County, Florida located within the Southern District of Florida, is herein after referred to as "Ms. Hudson".

27. Defendant Palm Beach County Criminal Conflict and Civil Regional Counsel is a division of the State of Florida and is capable of suing and being sued principle office 401 South Dixie Highway 2nd Floor 52 West Palm Beach, FL 33401, may be served summons at

PBCCCCRC 401 South Dixie Highway 2nd Floor 52 West Palm Beach, FL 33401. At all times material to this action its Palm Beach County section operated (and continues to operate) within the State of Florida under the Criminal and Civil Child Welfare Section — Palm County Office . component of the Florida Criminal Conflict and Civil Counsel is herein after referred to as "PBCCCCRC".

28. Defendant Florida Office of Inspector General, is a division of the State of Florida and is capable of suing and being sued principle office, Office of Inspector General, Florida Department of State R. A. Gray Building 500 S. Bronough Street Tallahassee, Florida 32399-0250, may be served summons at Office of Inspector General, Florida Department of State R. A. Gray Building 500 S. Bronough Street Tallahassee, Florida 32399-0250, At all times material to this action its Palm Beach County section operated (and continues to operate) within the State of Florida under the Criminal and Civil Child Welfare Section - Palm County Office component of the Florida Criminal Conflict and Civil Counsel is herein after referred to as "FOIG".

29. Defendant Florida Guardian Ad Litem Program as a Florida Corporation and is capable of suing and being sued, principle office, Florida Guardian Ad Litem Program Statewide Guardian ad Litem Office The Holland Building 600 South Calhoun Street, Suite 274 Tallahassee, FL 32399-0979, may be served summons at Florida Guardian Ad Litem Program Statewide Guardian ad Litem Office The Holland Building 600 South Calhoun Street, Suite 274 Tallahassee, FL 32399-0979. At all times material to this action its Palm Beach County section operated (and continues to operate) within the State of Florida under the Criminal and Civil Child Welfare Section - Palm County Office, is herein after referred to as "FGAL".

30. Defendant Palm Beach County Guardian Ad Litem Program as a Florida Corporation

and is capable of suing and being sued, principle office, Palm Beach County Guardian Ad Litem Program  205 N Dixie Hwy Ste 4.1100 West Palm Beach, FL, 33401-4522, may be served summons at Palm Beach County Guardian Ad Litem Program  205 N Dixie Hwy Ste 4.1100 West Palm Beach, FL, 33401-4522, At all times material to this action its Palm Beach County section operated (and continues to operate) within the State of Florida under the Criminal and Civil Child Welfare Section — Palm County Office, is herein after referred to as "PBCGAL".

31. Defendant Kristin Tolbert, Psy.D., individually and as forensic psychologist, a citizen of the United Stated and principle office is Psychological Center for Expert Evaluations, Inc. 3307 Northlake Blvd  Suite 101 Palm Beach Gardens, Florida 33403 561-600-4022, may be served summons at Psychological Center for Expert Evaluations, Inc. 3307 Northlake Blvd Suite 101 Palm Beach Gardens, Florida 33403 561-600-4022, at the commencement of this action is a resident of Palm Beach County, Florida with her principle address in Palm Beach County, Florida located within Southern District of Florida is herein after referred to as "Ms. Tolbert".

32. Defendant Julie Demar, individually and as Supervisor of Child Home Society and/or ChildNet, Inc., as citizen of the United Stated, with principal office at Children's Home Society 3333 Forest Hill Boulevard West Palm Beach, FL 33406 and may be served summons at Children's Home Society 3333 Forest Hill Boulevard West Palm Beach, FL 33406 at the commencement of this action is a resident of Palm Beach County, Florida with her principle address in Palm Beach County, Florida located within the Southern District of Florida is herein after referred to as "Ms. Demar".

33.     Defendant Roberta Fenner, individually and as legal counsel as citizen of the

United Stated with principal mailing address, PO Box 2874 Palm Beach, FL 33480-2874 and

may be served summons at PO Box 2874 Palm Beach, FL 33480-2874, at commencement of

this action is a resident of Palm Beach County, located within the Southern District of Florida, is

herein  after referred to, as "Ms. Fenner".

34. Defendant Stacey Taggert, is sued in both her individual and official capacity as

former investigator for CPS, Inc. (Now defunct) as citizen of the United Stated, principle office

address at PBCDCF 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, may be served

summons at PBDCF 111 S. Sapodilla Avenue West Palm Beach, Florida 33401,

commencement this action is a resident of Palm Beach County, Florida, located within the

Southern District of Florida, is herein after referred to as "Ms. Taggert".


35.  Defendant, The Palm Beach County School District as a Florida County

Governmental Agency are sued in both their official and individual capacity and are capable of

suing and being sued. Defendant, The School District of Palm Beach County, individually and as

Governmental Agency, principal address of The Palm Beach County School District Fulton-

Holland Educational Services Center 3300 Forest Hill Blvd. West Palm Beach, FL 33406  and

may be served summons at The Palm Beach County School District Fulton-Holland

Educational Services Center 3300 Forest Hill Blvd. West Palm Beach, FL 33406 , at the

commencement of this action is a resident of Palm Beach County, Florida, located within the

Southern District of Florida is herein after referred to as "PBCSD".

36. Defendant James Campbell, Ph.D., individually and principal of Seminole Ridge

Community High School of Palm Beach County School District, is herein after referred to as

"Mr. Campbell", as citizen of the United Stated, with principal office at Seminole Ridge

Community High School 4601 Seminole Pratt Whitney Rd. Loxahatchee, FL 33470, may be served summons at Seminole Ridge Community High School 4601 Seminole Pratt Whitney Rd. Loxahatchee, FL 33470, at the commencement of this action is resident of Palm Beach County, Florida, located within Southern District of Florida is herein after referred to "School".

37. Defendant Palm Beach County Office of Attorney General, as a Florida Governmental Agency are sued both their official and individual capacity; are capable of suing and being sued. Office of the Attorney General 1515 N. Flagler Dr., Suite 900 West Palm Beach, FL 33401 and may be served summons at Office of the Attorney General 1515 N. Flagler Dr., Suite 900 West Palm Beach, FL 33401. At all times material to this action its Palm Beach County component of the Florida Office Attorney General, section operated (and continues to operate) within the State of Florida under the Criminal and Child Welfare Section , both Palm Beach County Office and State Office, is herein after referred to as "PBCOAG" and "FOAG".

38. Defendant Palm Beach County Sheriff's Office, as a Florida County Governmental Agency are sued both their official and individual capacity, official office: Headquarters 3228 Gun Club Rd West Palm Beach, FL 33406, and may be served summons at Headquarters 3228 Gun Club Rd West Palm Beach, FL 33406, At all times material to this action its Palm Beach County within the State of Florida under the Criminal and Child Welfare Section, is herein after referred to as "PBCSO".

39. Defendant John Doe 1 – 100 are being sued individually and/or in their official status, are citizens of the United Stated and at the commencement of this action were residents of Palm Beach County, Florida with their principle address in Palm Beach County, Florida located within the Southern District of Florida.

## **GENERAL ALLEGATIONS OF FACT**

40. Paragraphs 1 through 39 of the Complaint are incorporated herein by reference, the same as though set forth in full.

41. Plaintiffs' hereby apologizes to the court for any emotional input. They are not trained attorney's but are United States and Florida Residents fighting for their guaranteed civil rights the best way they know how. The truth can appear be repetitive, and abusive but **"FACTS ARE FACTS"** and **laws guarantee the Plaintiffs', their Constitutional Rights for Re-Dress.**

42. The case is simple. Ms. Brooks was having an extra-marital affair. Ms. Brooks paramour, a convicted felon and being forced to transfer from job to job, city to city, for sexual harassment, became Ms. Brooks immediate supervisor and using his position, began using mind control, brainwashing, manipulation and "grooming" Ms. Brooks, to become his lover as he went for 3 years without able to locate a weak minded individual to control.

43. Ms. Brooks being simple minded, allowed her paramour to manipulate her to belief her husband of 18 yrs. had no love for her nor their children.

44. December 15, 2013, PBCDCF became involved with Mr. Behr and Ms. Brooks oldest Daughter, Miracle because of Miracle's major psychiatric/psychological conditions, possibly paranoid schizophrenia and personality disorders, documented by 4 psychiatrists from West Palm Hospital Juvenile Psychiatric Unit.

45. PBCDCF knew Ms. Brooks was committing a crime by living with a man while married to Mr. Behr and began their conspiracy, collusion, and corruption, well taught by PBCDCF leader John Doe 4, which to protect PBCDCF from litigation for PBCDCF failures to follow FDCF and PBCDCF "protocol's and the laws and to obtain monetary gain of $135,00.00 per child in their care per year.

14

46. Mr. Behr and Ms. Brooks's 14 yr. old daughter Casandra was being "groomed" by Ms. Brooks paramour to "enter his bed under the covers and watch movies when "No one else was home only" yet PBCDCF violated protocol and failed to do an investigation per protocols.

47. This caused plaintiffs' psychological harm by failing to protect Casandra from sexual abuse at the hands of a pedophile forcing Mr. Behr to file numerous complaints against PBCDCF.

48. These complaints opened Pandora's box against FDCF and PBCDCF whom in retaliation, went after Mr. Behr. A norm for FDCF and PBCDCF which placed defendants into a full swing war against Mr. Behr. The norm for FDCF and PBCDCF with all Defendants excluding Ms. Brooks and Ms. Franklin, was to use collusion, conspiracy, and corruption of which jurist john doe 3 sated "This is how we have done this for over 30 yrs."

49. Each defendant, individual and/or government agency and/or government employee and/or government sub-contractor, herein, in collusion, conspiracy and corruption, worked together, to violate Plaintiffs' rights one, some, or all pursuant to one, some, or all as follows: This is a civil rights action brought pursuant to 42 U.S.C. 1983; 42 U.S.C. 1985; U.S.C. Art. IV; U.S.C. Amendment I; U.S.C. Amendment IV; U.S.C. Amendment V; U.S.C. Amendment VI; U.S.C. Amendment VIII; U.S.C. Amendment IX; U.S.C. Amendment X; U.S.C. Amendment XII; U.S.C. Amendment XIV; U.S.C. Amendment XXIV; Title 36 U.S.C.; Title 18 U.S.C.; Title IX of the Education Amendments of 1972; Title II of Americans with Disabilities Act of 1990 State and Local Governments Title II; Title XLV_TORTS Ch. 766; Chap.768; The Freedom of Information Act 5 U.S.C. § 552; U.S.C. Title VI of Civil Rights Act of 1964, 28 U.S.C. 1291; HIPAA 45 CFR; Discrimination: Section 504 of the Rehabilitation Act of 1973; 18 U.S. Code § 241; 42 U.S. Code § 2000d; 42 U.S. Code Subchapter XXI; 28 U.S.C. 1291; 18

U.S. Code Chapter 96; 25 U.S. Code § 3116; 42 U.S. Code § 1985; Boys Scouts of America

equal Access Act, part of the No child Left Behind Act of 2001; Age Discrimination Act of

1975; The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR);

Breach of Fiduciary Duty 947; Age Discrimination Act of 1975; 28 CFR Part 35; The Supreme

Court's Parental Rights Doctrine; Equal Access Law Title 20 Chap. 52, Sub Chap. VIII§ 4071;

Constitutional Right to Be a Parent First Amendment, Due Process Clause of 14th Amendment;

HIPAA Law 45 CFR Part 164; 42 U.S.C. 1302(a); 42 U.S.C. 1320d-1320d-9; Individuals with

Disabilities Education Act (IDEA); 34 CFR 99.4; Civil Rights Act of 1968; Fla. Art 1 § 2; Art 1

§ 4; Fla. Art 1 § 5; Fla. Art 1 § 9; Fla. Art 1 § 12; Fla. Art 1 § 13; Fla. Art 1 § 16; Fla. Art 1 §

17; Fla. Art 1 § 21; Fla. Art 1 § 22; Fla. Art 1 § 23; Fla. Art. V § 5(b); Fla. Ar. V § 17; Fla. Art.

V § 18; Fla. Ar. IX; Fla. Con. Title XLVI; Fla. Con. Title XLVI; Fla. Stat. Chap. 775; Fla. Stat.

Chap. 776; Fla. Stat. Chap. 777; Fla. Stat. Chap. 784; Fla. Stat. Chap. 787; Fla. Stat. Chap

800; Fla. Stat. Chap. 806; Fla. Stat. Chap. 810; Fla. Stat. Chap. 817; Fla. Stat. Chap. 837; Fla.

Stat. Chap. 838; Fla. Stat. Chap. 839; Fla. Stat. Chap. 843; Fla. Stat. Chap. 877; Fla. Stat. Chap.

895; Fla. Stat. Chap. § 827.03, Fla. Con. Title XLVIII § 1000.05; Fla. § 722.628d; Fla, Chap.

Crimes Abuse of Children Fla. § 827.03; Fla. § 798.01; Fla. § Title XLV Chap. § 768; Fla. §

741.28; Fla. Stat. § 827.071; Florida Art. IX Section 1 Education; Fla § 416.4; Fla. Judicial

Cannons 1,2,3,4,5 and 6; Fla.R.Juv.P. 8.330(g); Fla.R.Juv.P. 9.146; Principles of Professional

Conduct for the Education Profession in Florida and educator misconduct, Misrepresentation and

Incompetence; Principles of Professional Conduct for the Education Profession in Florida 6A-

10.081; portions of the Florida Child Protective Laws Chapter § 39; § 39.001- § 39.0141; §

39.01; §39.01(45); § 39.4; § 39.201-§39.206; §39.301-§39.308; §39.4; §39.395; §39.409(1);

39.410(7); §39.501-§39.510; §39.521-§39.524; 39.6011-39.604; 39.621-39.6251; 39.701-39.704;

39.801-39.815; 39.820-39.8298; 39.901-39.908; Fla. § 14.32; Fla. §20.055; Fla. § 27.5305; Fla. § 29.04; Racketeering Act (RICO) Florida Statutes Title XLVI. Fla. § 895.03; Fla. § 394.459; Fla Title XLIV; Fla. § 760; Fla. Title IX of the Education Amendments of 1972; Discrimination against Child with Disabilities "Florida Educational Equity Act; and/or Palm Beach County Protocol for Emergency Removal and Placement of Minors, PBCSD, FDCF and PBCDCF "protocol", constitutional "parental rights" parent his child without "governmental interference", denied plaintiffs' of any impartial or objective investigation, denied plaintiffs' of any impartial jurists, rights to life, liberty and freedom, discriminated both age and sex of plaintiffs', created a rico action, et al., causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse, this effectively denied plaintiffs' of any impartial or objective investigation in 15thDC cases 2014-DR-003128 and 2014-DP-300368 and 2014-DR-005899.both facially and as applied against Plaintiff and Plaintiffs rights guaranteed them.

50.     Plaintiffs' per rules to keep this complaint short, the laws, procedures and other issues violated by defendants' are numerous. Defendants' and numerous claims against defendants' herein as line 1 and line 49 made a part hereof and made a part of each statement below.

51.     All defendants' excluding Ms. Brooks and Ms. Franklin had the legal responsibility to uphold each the Federal and State Constitutions, laws, rules, regulations and protocols and did violate and caused harm to plaintiffs' by failing or refusing to follow, some or all and by their failures: caused irreparable emotional, psychological aggravated child abuse, distrust of relationships. Defendants by making fabricated, fraudulent, libelous and deformation of Plaintiffs' character statements in violation of "Due Process", FDCF and PBCDCF "protocol", criminal acts, Judicial Cannons, Professional Conduct to "Discredit and

defame" plaintiffs' denied Plaintiffs' of any life, liberty and freedom, denied impartial jurist,

plaintiffs' civil rights and rights of raising and being raised by their parents without

"Governmental interference", with no thought of emotional and psychological abuse, aggravated

child abuse of Ms. Behr, J.B., Casandra and Miracle. Jurists' committed abuse of power. Jurist

Orders' contain numerous fabrications, fraudulent statements, biased and prejudicial opinions

identifying their bias, prejudice, abuse of discretion, sexual discrimination against Plaintiffs', and

abuse of power, partiality towards woman, Ms. Brooks, violating Florida cannons, criminal acts.

In seven-page order, jurist john doe 3, tries to protect status as a Judge and Lawyer at expense of

plaintiffs and caused irreparable harm, emotional and psychological abuse, aggravated abuse in

violation of Federal and state laws as stated on line 1 and line 49 herein.

52.      From April 12, 2013 to May 16, 2016, Ms. Brooks, violated former

Fla.§ 798.01, a second-degree misdemeanor to be Living in Open Adultery; Fla.§775.082

and Fla. § 775.083.

53.      Defendants' allowed Ms. Brooks to commit criminal activity without

prosecution, Mr. Behr's minor children to see, hear and witness activity by Ms. Brooks'.

54.      Defendants' identify through this complaint, their bias, prejudice, abuse of power,

abuse of discretion, sexual discrimination against men (dads), refusal to allow children to

practice their religious beliefs, et al. by making fabricated, fraudulent, libelous and deformation

of Plaintiffs' character statements without a scintilla of an investigation, failing Plaintiffs' any

PBCDCF services required by law, Fla. Chap. 39, violating their sworn oath pursuant to Fla.

Constitution Article II Section 5 "I do solemnly swear (or affirm) that I will support, protect, and

defend the Constitution and Government of the United States and of the State of Florida; that I

am duly qualified to hold office under the Constitution of the state; and that I will well and

18

faithfully perform the duties of (Title of office) on which I am now about to enter, So help me God." and pursuant to portions of the Child Protective Laws Chapter 39, State of Florida, 827.03, 722.628d et. al..

55.     Factual history, Ms. Brooks moved in with Mr. Behr and Ms. Brooks's Mother when she was 15 yrs. old. At 17 1/2 yrs. old, Ms. Brooks refused to move out of Mr. Behr's home with her mother after her mother was released from Dover Hospital Psychiatric Ward, Dover, DE (She suffers from paranoid schizophrenia). Ms. Brooks began "grooming" Mr. Behr, continually entering Mr. Behr's bedroom, naked, trying to seduce Mr. Behr. After 3 months of continued 'grooming" by Ms. Brooks, Mr. Behr, become emotionally involved. They were married 2 weeks after Ms. Brooks 18[th] birthday. Marriage produced 5 children, loss of one child possibly at hands of Ms. Brooks, relationship lasted over 20 yrs. opposite of fabricated and fraudulent, slanderous statements defendants' made claiming Mr. Behr "Groomed" Ms. Brooks.

56.     FDCF and PBCDCF being Ordered by Federal Court preventing them from operating foster care facilities because of FDCF and PBCDCF abuse and civil violations, created detrimental organizations, employing alleged independent private group homes, private child abuse investigator's, all defendants' herein, all for monetary gain, formed a collusional relationship by taking order's and directives from FDCF and PBCDCF regardless of personal evaluations and not in the "**Best Interest**" of plaintiffs' and minor children for the State of Florida and Palm Beach County.

57.     FDCF and PBCDCF pays alleged independent/sub-contractors with Federal, state and county funds, over 70% of their gross income, are controlled by FDCF and PBCDCF, but independent violating their fiduciary obligation to plaintiffs' by FDCF and PBCDCF, with an agreement to "obey FDCF and PBCDCF directives" whether they are in "**Best Interest**" of

minor children or not, stated in independent/sub-contractors tax-returns, voluminous reports, actions, in-actions, court testimony.

58.    Alleged independent/sub-contractors, FGAL and PBGAL, et. al.., "Falsified, Fabricated records, documents and recommendations against Plaintiffs' from directives by PBCDCF and in collusion with Defendants'.

59.    Alleged independent/sub-contractors, FGAL and PBGAL, et al., are threatened to have their contracts voided by FDCF and PBCDCF actually do "Terminate" their contract if alleged independent/sub-contractors, by FGAL and PBGAL, et al.. If terminated, they lose all needed funding to survive and therefore, are not independent nor follow "protocol" and are FDCF and PBCDCF "escape goat" to protect FDCF and PBCDCF.

60.    Majority of Palm Beach County licensed legal counsel, all know issues with PBCDCF and 15thDC Family Court especially Dependency court and legal system in Palm Beach County as stated in advertisement as follows:

"Tuesday, April 5, 2016  By                                    I Published April-05-2016

According to criminal defense lawyer Andrew Stine, DCF has earned a reputation for using underhanded tactics/ to remove children from their homes.

The Department of Children and Families (DCF) has a nefarious reputation throughout Florida for illegally removing children from their families, reports Andrew D. Stine, Palm Beach defense attorney. DCF will receive a report through the "hotline" regarding child abuse, child endangerment or child neglect and then use underhanded tactics in their investigation of the allegations. Several investigation tools used by DCF allow for the "child" to be interviewed, without the parents even knowing about the investigation let alone the interview.

Schools are a favorite place for DCF to use this underhanded tactic in their bag of investigative tools. DCF likes to show up at elementary schools, middle schools and high schools to meet with the child and interview them. Another underhanded tactic that DCF likes to employ is by using the child's friend to corroborate the story being told by the child, and this usually occurs without any parental notification about the "friendly witness." Lastly, DCF likes to also use the "complaining" witness to show the foundation for why the child should be removed from the family home. The "complaining" witness however, on many occasions has a pecuniary interest in

the outcome. This is because the "complaining" witness, on many of the DCF matters, is likely a parent of the child that is involved in a custody battle, owes back child support or wants to get the child support payments reduced and uses DCF as a tool to "pressure" the other parent into submission. DCF, of course, does not have the ability to see the motive behind the complaining witness because DCF is hell bent on removal of the child. Removal of the child is what ensures that DCF will remain a needed governmental agency and thus continue their employment.

Many allegations made in DCF cases stem from domestic violence allegations between the parents, caretakers or family members living with the child. DCF will always employ a "team" member to a Florida home, where children reside, if there are allegations of domestic violence. DCF has a firm belief and has convinced many circuit court judges that if domestic violence is allegedly occurring in a Palm Beach County home that in fact the children should be removed because the "impending harm to the child" is inevitable. DCF believes "all" incidents of domestic violence, even false allegations, will eventually harm the mental process of the child and eventually the violence will resonate over to the child and the child will become a victim of the violence.

The defense, against allegations made by DCF of domestic violence affecting the children, is that the children did not see, hear or witness the allegations of domestic violence between the parents, caretakers or family members. The appellate courts have continually held that even if the parents, caretakers and families' members were involved in a domestic violence situation, without evidence showing that the domestic violence had occurred when the children were home, or that they otherwise were aware of the violence, the Circuit Court's finding of "impending harm" to the children is unsustainable.

The defense, against allegations made by DCF of domestic violence affecting the children, is that the children did not see, hear or witness the allegations of domestic violence between the parents, caretakers or family members. The appellate courts have continually held that even if the parents, caretakers and families' members were involved in a domestic violence situation, without evidence showing that the domestic violence had occurred when the children were home, or that they otherwise were aware of the violence, the Circuit Court's finding of "impending harm" to the children is unsustainable.

Another ripe area of concern for DCF to investigate is when the "hotline" receives the allegation that the parent, caretaker or family member is using "illegal" drugs alcohol. Upon DCF receiving the drug use or alcohol information, they will immediately assume the allegations of drugs and alcohol are true, and then further jump to the conclusion that the children in the home are at risk and ripe for removal. But Florida law has continually held that even if there is evidence that the parent, caretaker or family member was under the influence of substances or alcohol, if there is no evidence that the parent was under the influence in the presence of the child, or that any substance abuse or alcohol abuse adversely affected the child, then the allegations by PBCDCF are unsustainable.

If you or a family member are facing a DCF investigation and/or a criminal investigation into child abuse, neglect or abandonment, then time is of the essence in getting legal advice; definitely before meeting with DCF or law enforcement officers is imperative. Knowing how the

appellate courts have interrupted the DCF statutes in Florida is paramount in getting a successful outcome for you and your child, when it comes to all DCF and criminal investigations regarding your family."

"The only thing necessary for the triumph of evil is for good men to do nothing. Edmund Burke"

61.    Ms. Brooks has committed criminal acts, torts, slander, libel and defamed Plaintiffs' character's. Ms. Brooks with malicious intent to harm Plaintiffs', allowed her paramour to have sexual relations with Casandra, did file or verbally state criminally fabricated, and fraudulent allegations of child abuse against Plaintiffs' in violation pursuant to Federal Const. Art. IV §1.2, Title XLVI 827.03 Abuse, aggravated abuse, and neglect of a child; Fla. § 1 Art. 2; Fla. § 1 Art. 16; Fla. § 1 Art. § 23 et al. all are in sealed records by jurist john doe 3.

62.    Ms. Hudson and Ms. Seder (Ms. Brooks legal counsel) used mind control, brainwashing, manipulation technics to convince Ms. Brooks that Mr. Behr manipulated and "groomed" her (24 yrs. ago) when she was a teenager to marry him, 5 children with him and remained married over 18 yrs..

63.    From on or about December 15, 2013 till on or about March 14, 2014, John Doe 1 and John Doe 2 were PBCDCF social workers involved with care of Miracle. Ms. Brooks refused to provide any parental care for and forced Miracle into foster care.

64.    John Doe 1 and John Doe 2, in direct violation of portions of Fla. Child Protective Laws Chapter 39 by refusal to conduct proper investigation into Ms. Brooks and her paramour Eric Matthew Billington (whom has numerous Felony convictions, spent a year in Lee County Jail, Fla., for violation of probation.

65.    On or about December 15, 2013 to present, Defendants' began forming

collusional relationship with Ms. Brooks, to cause severe harm, emotional and psychological harm and aggravated abuse against Plaintiff's including Casandra and Miracle, were severely distraught over the intentional violations.

66.     From April 5, 2013 to present, Ms. Brooks abandoned her parental responsibilities.

67.     From January 12, 2014 to present, J.B. (age 11 ½ yrs. old at time) refused to relationship with Ms. Brooks and repeatedly stated Ms. Brooks "is a liar, a cheater and can't be trusted".

68.     Ms. Brooks, PBCDCF, John Doe 1 and John Doe 2, permitted Miracle to be raped by Angel Portieles in Ms. Brooks residence, permitted Casandra, minor child at time, to witness sexual contact between Miracle and Angel Portieles, was reported to PBCDCF by Mr. Behr repeatedly, denied commencing an investigation pursuant to PBCDCF and FDCF "protocols".

69.     PBCDCF and FDCF "protocols" dictate any child placed into Foster Care system before being returned to parent or guardian, complete background investigation, home study must be completed. PBCDCF and FDCF failed to investigate or home study.

70.     Plaintiffs' have been denied a relationship with Casandra since February 25, 2014 by Ms. Brooks and defendants' causing severe distraught over the intentions by PBCDCF. Defendants' failure to follow and enforce Federal and Florida Constitution violated Mr. Behr's constitutional "parental rights" parent his child without "governmental interference" and Plaintiffs' Rights to Life, Liberty and Freedom:

> "While according to the trial Judge a broad judicial discretion in the matter we nevertheless cannot lose sight of the basic proposition that a parent has a natural God-given legal right to enjoy the custody, fellowship and companionship of his offspring. State ex rel. Weaver v. Hamans, 118 Fla. 230, 159 So. 31. This is a rule older than the common law itself and one which had its inception when Adam and Eve gave birth to Cain in the Garden of Eden. Gen. 4: 1. In cases such as this one the only limitation on this rule of

parental privilege is that as between the parent and the child the ultimate welfare of the child itself must be controlling."

71.    On or about January 18, 2014, PBCDCF in collusion with Ms. Brooks, in Dependency Mediation involving Miracle, agreed to "house" Miracle. Mediation Ordered states Ms. Brooks to provide 24/7 **adult** supervision of Miracle. PBCDCF and Ms. Brooks violated said order, allowed Miracle "unsupervised", had her supervised by Angel Portieles, a known rapist, (and rape other minor children) in violation of Court Mediation Order.

72.    On or about February 2, 2014, Ms. Brooks, verbally threatened Ms. Behr (15 yrs. old at the time), to have her arrested, commit her to psychiatric unit or kick her out her car for kicking her car seat, then forcibly on numerous occasions, did kick Ms. Behr out her car on Okeechobee Blvd. in Loxahatchee, Fl at night leaving her on side of road.

73.    From February 2014 to present, Ms. Brooks, with malicious intent to harm Mr. Behr, tried to cause Mr. Behr, massive heart attack (Widow Maker) to kill him. Ms. Brooks with knowledge Mr. Behr recovering from open heart by-pass tried to cause bodily harm to Mr. Behr.

74.    On or about February 2014, Mr. Behr filed Emergency Special Injunctive Relief Petition for Domestic Abuse in 15th DC against Ms. Brooks to prevent her from causing additional aggravated, emotional and psychological abuse of Plaintiffs' per *Roes v. Florida Dept. of Children and Families* 176 F. supp. 2d 1310 - Dist. Court, SD Florida 2001.

75.    Mr. Behr affirms his belief he was GRANTED Emergency Special Injunctive Relief Petition for Domestic Abuse against Ms. Brooks for ABUSING Ms. Behr, causing Mr. Behr's minor children psychological, emotional, and aggravated child abuse yet 15thDC Clerk of Court told Mr. Behr it was denied, Mr. Behr never received "**Notice for Hearing**".

76.    Collusion and conspiracy between Defendants' began in full swing. Common and too systematically performed by defendants' and not as a case that simply fell through the cracks.

77.     On or about February 2014, Special Unit of 15thDC Special Protection from Abuse Unit collusion with Ms. Brooks, got Ms. Seder to file fabricated, libelous, fraudulent and Defaming Special Injunctive Relief Petition, not permitted by law nor the Fla.R.Fam.Civ.Proc. in collusion with legal system of 15thDC'.

78.     Ms. Seder actions caused irreparable emotional, psychological harm to Ms. Brooks, Mr. Behr's marriage, their minor children (Plaintiffs') and Plaintiffs' reputations with fabricated, fraudulent, criminal statements.

79.     Between March 2014 and June 2014, Ms. Franklin committed slander, made fabricated, fraudulent statements, caused aggregated child abuse against Plaintiff's with her allegations to PBCDCF, Ms. Hudson, Ms. Seder, Mr. Braun, whom failed to follow PBCDCF "protocol" to investigate into 30-year-old allegational history between Mr. Behr and Ms. Franklin. These false allegations will be submitted upon receiving approve by court to allow Mr. Behr to enter information to court. Ms. Franklin's retaliation for her jealousy and vindictiveness of Mr. Behr's rejection of her and fact, Ms. Franklin's husband is a **pedophile** and abused Mr. Behr's children he had with Ms. Franklin and her sole need for money not their children.

80.     PBCDCF, Ms. Hudson, Mr. Braun, failed to contact Montgomery County Children and Families, Norristown, PA where written report identifying Ms. Franklin's husband, Courtney Valentine Franklin, III, did play sexual deviant games with Mr. Behr and Ms. Franklin's 4 minor children, is doing the same to Mr. Behr's grandchildren (pedophilia is an incurable illness) as stated in report, Courtney V. Franklin did play:

**a.   "Chase the Dick"; b. "Pick the Butt"; c. "Beat the Dick"; d. "Punch the Dick"** with minor children.

81.     Ms. Brooks did hear, read and testify at hearings in Pennsylvania with full

knowledge of all facts and used knowledge twisting facts with fabricated, fraudulent, libelous, malicious intent to inflict harm, influence PBCDCF against Plaintiffs' by Ms. Seder insistence.

82.     On or about March 5, 2014 Casandra informed Plaintiffs' she was forced to sleep on an air mattress. Miracle and Ms. Brooks, let Miracle's boyfriend come over every day after Ms. Brooks went to work at 4:30 AM. Miracle had sexual intercourse while Casandra was in her underwear, in same room. PBCDCF and Ms. Brooks knew this was a filed report to PBCDCF and no investigation was provided in violation to PBCDCF "protocol".

83.     On or about March 30, 2014 Plaintiffs' were informed by Casandra Behr, a minor child (14 yrs. old at the time), "**only** when no one is home" but paramour, he had Casandra go into his bedroom, get in his bed under the covers in order to watch a Movie. Casandra reported she "enjoyed" this activity. This is "Child Sexual or Immoral Abuse.

84.     Mr. Behr made a Child Abuse Hotline Report pursuant advice from Palm Beach School District Police Chief Lawrence Leon, whom stated Ms. Brooks's "paramour" was "GROOMING" Casandra for sexual activity, if not already occurring". PBCDCF and Ms. Brooks refused to investigate and provide protection for Casandra in violation of FDCF and PBCDCF "protocols" dictated minor child to be interviewed away from alleged abuser causing Mr. Behr severe distraught over their intentional denial to investigate..

85.     On March 31, 2014, Judge Phillips of 15th DC issued an **"Order Setting Hearing on Petition for Injunction for Protection against Domestic Violence Without Issuance of an Interim Temporary Injunction Regarding allegations of cyber stalking on March 9, 2014 ONLY".**

86.     John Doe 2 refused to conduct a "True and Correct" investigation per FDCF and

PBCDCF protocol. Fact, she wrote fabricated, fraudulent, libelous statements allegedly from

Plaintiffs' but which she created. In reports, she stated numerous provable error's such as "she

spoke with Ms. Behr and J.B.". She alleged interviewed Casandra at Western Pines Middle

School, failed to do so. She interviewed Casandra at Ms. Brooks's residence with pedophile

present. PBCDCF "protocols" dictated minor child to be interviewed away from alleged abuser.

87.    PBCDCF impeded criminal investigation of child sexual abuse by Ms. Brooks's

paramour, convicted "FELON", convicted repeat offender DUI, and a convicted Petty Thief of

$8900.00 from Macy's. PBCDCF failed to follow "protocol".

83.    Mr. Behr filed numerous complaints against PBCDCF, John Doe 2 and with

FIGO, FDCF, Fla. Governor's Hotline, in return, Defendants' collusion and retaliation, identified

itself when PBCDCF assigned Ms. Hudson, former CPS to "protect CPS, PBCDCF" from any

litigation by Mr. Behr, to destroy Mr. Behr's credibility with slander, libel, fraud, fraud to the

court, fabrication and defamation of his character, in collusion with all Defendants'.

84.    Ms. Hudson, in collusion with PBCDCF, CPS, Ms. Seder, and Ms. Brooks, began

her "norm" intensive fraudulent, libelous, defamation of Plaintiffs' character, criminal activities,

dereliction of duty, fabrication of information with malicious attacks on Plaintiffs', forged court

orders by Ms. Hudson and John Doe 3 in criminal contempt and corruption of other Defendants'.

FDCF and PBCDCF "protocols" dictate that an actual complaint must be reported for an

investigation to begin. **"None"** has been ever reported,

85.    Ms. Brooks with malicious intent, canceled car insurance to Mr. Behr and Ms.

Brooks car which Mr. Behr used to transport their minor children and food shop without

informing Mr. Behr nor any interest in Plaintiffs' safety in criminal violation in direct violation

of Florida Motor Vehicle law.

86.     Ms. Brooks with malicious intent by canceling car insurance cause with malice extra financial burden and stress to Plaintiffs' taking food out of their mouth's.

87.     On April 10, 2014 jurist 2 issued a Temporary Injunction for Protection Against Domestic violence with Minor Child(re) Order, without hearing on factual evidence in direct violation of Judge Phillips Order and collusion is identified herein. This hearing was continued for Mr. Behr did not have legal counsel. This effectively denied Plaintiffs' of any impartial or objective hearing as jurist 2 demonstrated his anger towards Mr. Behr for not having legal counsel in direct violation pursuant to Fla. Judicial cannon's.

88.     Sometime in April 2014, Ms. Hudson brought 2 West Palm Beach Police Officer's to intimidate and harass at Mr. Behr's home.

89.     On or about April 15, 2014, Ms. Hudson gained entry to Plaintiffs' home thru deceit and coercion by claiming she was only there to meet and interview Mr. Behr regarding serious allegation against Ms. Brooks paramour's "grooming" of Casandra as stated above.

90.     Upon entry to Plaintiffs' home on or about April 15, 2014 Ms. Hudson knew Plaintiffs' moved into home day before, began conducting inspection of home against Mr. Behr's permission, opening every cabinet, closet, investigated bathroom turning on and off water faucets, on and off light switches. Mr. Behr objected, Ms. Hudson informed him she has "legal right" to do Home Inspection without parents' consent.

91.     Without parental consent Ms. Hudson showed herself through the entire house while West Palm Beach Police, with their hands placed on their guns, guarded Mr. Behr. This constitutes an illegal search under U.S. Const. Amendment and Fla. Const, § 1 Art. 12.

92.     Ms. Hudson failed, as required by FDCF and PDCF "protocol", take any pictures

of Mr. Behr's home, made fabricated, fraudulent, libelous statement with malicious intent to

cause Plaintiffs' harm. PBCDCF report stating, "Home was dirty and had no running water" and

even if true. Ms. Hudson failed to offer services to Plaintiffs'.

93.    Ms. Hudson failed to disclose she was investigating Mr. Behr, fact she opened her

own investigation under her own unfiled complaint against Mr. Behr in collusion to protect Ms.

Brooks, Ms. Seder, CPS and PBCDCF.

94.    At no time since PBCDCF and Ms. Hudson became involved with Plaintiffs'

family were any services offered. PBCDCF and Ms. Hudson did not inform Mr. Behr of required

services in violation of FDCF and PBCDCF protocols.

95.    Ms. Hudson's history of taking 85% minor children she is assigned to investigate

out of their homes if minor children are in father's care with fabricated, fraudulent

documentation in violation of FDCF and PBCDCF "protocol" and PBCDCF hires Ms. Hudson

as a "Heavy Hitter" when PBCDCF investigators are accused of violations per law.

96.    From this point forward, Ms. Hudson repeatedly **"threatened"** Mr. Behr with

"Do as I say, or you will **NEVER** see your children again". This is the norm PBCDCF and Ms.

Hudson uses against loving, caring parents.

97.    Ms. Hudson held private meetings, discussions with Ms. Brooks, Ms. Seder. Mr.

Braun and John Doe 4, PBC Director, did, with malicious intent form a collusion to protect CPS,

FDCF, PBCDCF and Defendants herein, in retaliation against Mr. Behr for fighting for parental

rights", filing complaints against PBCDCF's for failure to conduct investigation into sexual

abuse of Miracle and Casandra, failure to protect Miracle and Casandra, failed to follow FDCF

and PBCDCF "protocol".

98.    On April 24, 2014, jurist 1 presided over Case Matter 50-2014-DR-

003128 for Ms. Brooks's Special Injunctive Relief Petition fraudulently filed by Ms. Seder. A common action by deviant legal counsel to bias, prejudice, make partial, Family 15thDC. Defendant jurist 1 refused to appoint legal counsel for Indigent Mr. Behr, became frustrated and furious at Mr. Behr (Pro Se) for failing to obtain legal counsel.

99.    Jurist john doe 1 HAVING Order from Judge Phillips which states "Therefore, there is not sufficient factual basis upon which the court can enter a *Temporary* Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking" Defendant jurist 1denied Mr. Behr's objections to Ms. Seder's repeated slander, fabricated, fraudulent and libelous statements against Mr. Behr with allegations previously "DENIED" by Emergency Hearing Judge Phillips in original order and Ms. Brooks swore under oath, she was "never abused in any way", by Mr. Behr, during, after marriage. Defendant jurist 1 Granted Order instead of Order against Mr. Behr to "stop texting" Ms. Brooks, asking for a "Divorce". In collusion with jurist 3, PBCDCF, Ms. Seder.

100.    On May 15, 2014, Mr. Behr filed a "Motion to Appeal and/or Dismiss Final Judgment for Protection against Domestic Violence with Children (after Notice) and/or New Hearing". This motion has failed to be heard by 15thDC jurist, in direct violation of Plaintiffs' Civil Rights,

101.    From April 2014 to present, Ms. Hudson, Ms. Seder, Ms. Brooks, with malicious intent, to harass, cause emotional stress, psychological abuse, attempted to "Kill" Mr. Behr, repeatedly called false illegal 911 calls to PBCSO and West Palm Police Department alleging Mr. Behr violated "Special Injunctive Relief Order".

102.    From April 2014 to present, when PBCSO nor West Palm Police Department

failed to arrest Mr. Behr; Ms. Seder, Mr. Braun, Ms. Brooks went to PBAGO to have Mr. Behr

arrested with malicious intent, to harass, cause emotional stress, psychological abuse, an attempt

to "Kill" Mr. Behr, with over 12 reports were filed and only one by Braun's insistence ever

amounted to a charge of violation.

103.    On or about April 14, 2014, Ms. Brooks purposely, with malicious intent, had her

paramour take 4 new tires off Mr. Behr's car and replace with 4 bald tires from his car while Mr.

Behr was attending to Ms. Behr in Palms West Hospital, without informing Mr. Behr and caused

extreme emotional, psychological distress as one tire blew out while Plaintiffs' were on I-95

almost causing an accident. Ms. Brooks identified her need to HARM AND INJURE Plaintiffs'.

104.    From May 19, 2014 to present Ms. Hudson knowingly, maliciously, intentionally

provided with criminal intent, fabricated, fraudulent, misleading information, un-documented

and non-factual to PBCDCF and 15thDC with disregard for truth.

105.    On May 19, 2014, Ms. Taggert, scheduled an interview with Mr. Behr for 2

purposes: a. with malicious and fraudulent intent to know where Mr. Behr was located when Ms.

Hudson, John Doe 3, and Ms. Taggert criminally "kidnapped" Ms. Behr from school, causing

aggregated child abuse of Ms. Behr, b. allegedly to interview Mr. Behr on issue of his report of

possible sexual abuse of Casandra with paramour, including criminal actions.

106.    Ms. Hudson did not contact any person with direct knowledge nor involved in

Investigation, Defendants' herein have no factual knowledge prior to filing her alleged

Emergency Shelter Order and Petition for Adjudication of Dependency, and thus had not

commenced an investigation, causing aggravated child abuse.

107.    On May 19, 2014, Ms. Taggert luring Mr. Behr's to discuss allegation of abuse

by Ms. Brooks paramour, Eric Matthew Billignton. With directives by Ms. Hudson, Ms. Taggert interrogated Mr. Behr acting as both complainant with Ms. Hudson and as investigator, Mr. Behr informed Taggert, her inappropriate questions regarding sex, ritual child abuse and child pornography by Ms. Franklin's husband Courtney Franklin, III, Taggert stated **"How does it feel trying to KILL your daughter?"** causing Mr. Behr irreparable emotional harm.

108.    On or before May 19, 2014 Ms. Hudson held a telephone conference with Regional Director, John Doe 4 for PBCDCF, Ms. Seder, Ms. Brooks and John Doe 3. It was later discovered through documents, conversations overheard, these "conferences" were farce and PBCDCF had already determined they were filing petition and removing children from Mr. Behr's home prior to PBCDFC investigating any of fabricated, and fraudulent allegations made by Ms. Hudson, Ms. Seder, Ms. Brooks, Ms. Franklin.

109.    At "No Time" from May 19, 2014 to present has Defendants' ever requested or ordered any "Family Reunification" services, yet forced Ms. Behr and J.B. into alleged "Reunification" with only "Ms. Behr" identifying their Discrimination against Mr. Behr, father, man, as norm for Ms. Hudson, and later discovered through documentations to be no more than a collusional and coercion attempt by Defendants' against Mr. Behr to find something "substantiation" on Mr. Behr and full intentions by Defendants to protect PBCDCF, FDCF, 15th DC, PBGAL corruption at expense of Palm Beach County and the State of Florida minor children.

110.    PBCDCF "protocols" and Florida Supreme Court dictates allegation between 2 parties in middle of a divorce or separated, must be handled with an open mind and clear evidence of abuse alleged not "hearsay", "bias", prejudice" for an independent investigation.

111.    Ms. Hudson commenced her alleged investigation acting as both complainant and

investigator with Ms. Seder, Ms. Brooks and Ms. Franklin fabricated, maliciously fraudulent allegations with malicious intent to harm Mr. Behr and all of his children.

112.     Between May 19, 2014 and May 25, 2014, Ms. Hudson with malicious, criminal intent to cause exceptional irreparable emotional and psychological abuse to Plaintiffs' kidnapped J.B. from West Palm Beach Hospital Juvenile psychiatric division without required court Order nor warrant under false pretense to J.B., without procedural notice to his parents, nor without prior order from attending physician.

113.     From May 19, 2014 to February 15, 2016, defendants' denied Ms. Behr her psychotropic medications in direct violation pursuant to FDCF and PBCDCF "protocol", This effectively denied Plaintiffs' of any required medical treatment.

114.     Immediately after removal "**without notice**", Mr. Behr, called PBCDCF and spoke with John Doe 5, Client Relations Agent, informed her of unlawful investigation techniques, unlawful removal/kidnapping, fact he has never been informed what allegations were and John Doe 5 simply supported everything PBCDCF, causing aggravated child abuse.

115.     On May 19, 2014, Ms. Hudson and John Doe 3 caused irreparable emotional, psychologically abuse of Ms. Behr and causing Ms. Behr not to trust adults, police, anyone of authority and issues with personal relationships and witnessed by Mr. Behr via listening on Ms. Behr's telephone with Ms. Hudson saying the following:

   a.  Fabricating a non-existent Order for Emergency Shelter; b. Fabricating a "No Contact Order" preventing her from speaking or seeing Mr. Behr; c. Threatening to prevent her from returning to school unless she changes her statements about Mr. Behr to what Ms. Hudson and John Doe 3 wanted her statements to say; d. Preventing her from change of any clothing including under garments until Mr. Behr had local police department deliver them to the foster home after 3 days; e. Threatening to take her telephone away until she called the local police authorities; e. Telling Mr. Behr, Ms. Hudson was taking ALL 4 of Mr. Behr's children yet lied to Mr. Behr and never took Miracle nor Casandra away from Ms. Brooks, this was first of numerous lies and fabrications by Ms. Hudson; f. Ms. Hudson was on the telephone with Ms. Brooks informing Ms.

Brooks "I will make sure he (Mr. Behr) will never see his children again; g. Ms. Hudson did slander Mr. Behr to Ms. Brooks in front of Ms. Behr stating fabricated malicious statements against Mr. Behr; Ms. Hudson refused from May 19, 2014 to present to ever speak with Mr. Behr informing Mr. Behr she "Did not have to talk with him".

116.    On May 19, 2014, Ms. Hudson, John Doe 6 and John Doe 7 went to School to kidnap Ms. Behr. John Doe 102, an employee of school, called Ms. Behr out of class and was present as was 2 oversized, intimidating PBC Sheriffs, John Doe 6 and John Doe 7, when Ms. Hudson told and did following to Ms. Behr:

a.   "leave your backpack here and we will be back later today to get it. We will be going to talk in my office for a little bit. I will take you back here to get your stuff, and then I will take you to your Dad" (A direct lie to a minor child); b. failed to call Mr. Behr to inform him of such illegal kidnapping.

117.    On May 19, 2014, Mr. Campbell, acting In Loco Parentis, as principal for School, PBCSD, refused to provide Ms. Behr, any protection of her legal civil rights, her legal disability rights, her educational rights, caused Ms. Behr aggravated child abuse for refusing to protect her from being kidnapped from School by Ms. Hudson, CPS and PBCDCF, whom Defendants, recognized and understood factual law, were entrusted with safety and welfare of Ms. Behr and with full knowledge Ms. Behr suffers from Bi-Polar, OCD, Asperger's and Post Traumatic Stress Disorder and refused to provide adequate protection, counseling. refused to assist her in her education.

118.    On May 19, 2014, Ms. Behr asked Ms. Hudson why she was being taken from School, Ms. Hudson refused to answer her.

119.    Ms. Hudson informed John Doe 8 and John Doe 9, Acting In Loco Parentis, she was removing Ms. Behr to interview her and whereby John Doe 8 and John Doe 9, with full knowledge of PBCSD Policy and laws such interviews were to be conducted at school, violated Ms. Behr's civil rights denying Ms. Behr protection from Ms. Hudson, knowledge PBCDCF

continually and fraudulently violate PBCDCF Policy, Rules, regulations, PBCDCF "protocol" to support Ms. Brooks as Mr. Behr continually complained and argued for the "Best" education for his children since 2012.

120.    On May 19, 2014, Ms. Behr was placed into John Doe 10, residential facility without court order, warrant and no justification. John Doe 10, their staff, John Doe 11, John Doe 12, did allow, permit Ms. Hudson and John Doe 3 to bully, harass, threaten, cause irreparable emotionally, psychologically abuse to Ms. Behr.

121.    May 19, 2014, J.B. was taken out of West Palm Hospital Child Psychiatric Unit without order or warrant by Ms. Hudson and John Doe 3, forcing physician to release him when he was depressed.

122.    Ms. Hudson informed West Palm Hospital Staff and Administration she had court order giving her custody of J.B., committing direct criminal fraud, deceit and abuse of her power.

123.    All defendants' failed to comply with requirement of Federal and State Laws prior to and after, placing children in residential care facility.

124.    PBCDCF, Ms. Hudson maintained Mr. Behr lost custody of any of his children in Pennsylvania. Another of many fabrications and fraud to the court which, impact of this obvious bias, unscrupulous and speculation concerning Mr. Behr, has had devastating consequences. While defendants' are charged with the responsibility of protecting children from abuse or neglect, they are also charged with the responsibility to cause no harm they are to follow the United States Constitution Section 1 and 14. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge. Defendants' in direct violation of Plaintiffs' Civil Rights.

125.     Mr. Campbell, John Doe 8, and PBCSD, pursuant to Fla. § 827.03, intentionally and with malice actively encouraged Hudson and PBCDCF, where a reasonable parent could and would conclude to "engage in damaging acts towards" Plaintiffs' and did inflict mental injury upon Ms. Behr, as alleged, above.

126.     Mr. Campbell, John Doe 8, is/was employees of PBCSD and PBCSD are required to take an oath, did take oath, pursuant Fla. Statutes, to uphold the Constitution of Florida, did violate sworn oath, causing Ms. Behr emotional, psychological abuse and aggravated child abuse, causing her to be afraid of government, older persons, relationships and police, failed to follow PBCSD "protocol".

127.     PBCDCF and PBCSD violated Portions of Child Protective Laws Chapter 39, State of Florida, 827.03, 722.628d requires all PBCDCF and SDPBC employees involved education, in loco parentis, be trained in legal duties to protect state and federal constitutional, educational, and statutory rights of children and families. Florida has numerous state statutes that address child education and protection of Ms. Behr, J.B. and Casandra.

128.     PBCSD has volumes of administrative policy and procedure for child education and child protection for principal's and staff, these policies and procedures (protocols) for PBCSD carry force and effect of law.

129.     On May 20, 2014, Mr. Campbell and SDPBC refused to file a missing person's Report after Ms. Behr failed to appear at School for almost 2 weeks with no concern of her health, welfare in direct violation of: PBCSD, FDCF and PBCDCF "protocol".

130.     Upon Ms. Behr's return to School, Mr. Campbell and PBCSD failed to follow "protocol" and provide counseling for Ms. Behr, In Loco Parentis.

131.     Ms. Behr maintains Mr. Campbell and PBCSD failure to verify her health,

welfare, and actions or inactions by defendants', caused her to fail one course and receive below
normal grades for last semester of 2013/2014.

132.    Upon Ms. Behr's return to School, Mr. Campbell and PBCSD denied Ms. Behr
Relief under Florida Educational Equity Act, discriminated against her by refusing to give her
any assistance required under the Child with Disabilities Act.

133.    From May 20, 2014 to present, purposely, with malfeasance, Mr. Campbell, John
Doe 101, and PBCSD violated section 504 and ADA AA Federal and State Laws by refusing to
verify Ms. Behr and J.B. were mentally stable, for failing to learn fact PBCDCF refused Ms.
Behr, her required psychotropic medication causing her major withdraws, personality changes
and no way to control her Bi-Polar, Asperger's, OCD, suffering from Post-Traumatic Stress
Syndrome, refused assist J.B. his recovery from depression caused by Ms. Brooks, Ms. Hudson,
Ms. Seder and John Doe 13, for slandering, libeling and defaming Mr. Behr to teachers at
Western Pines Community Middle School and Mr. Campbell, John Doe 13, and PBCSD lack of
concern, lack of action, caused them additional irreparable stress, anxiety, emotional,
psychological and aggregated child abuse.

134.    Mr. Campbell, John Doe 8, PBCSD purposely, with malice intent slandered,
libeled, and defamed Plaintiffs' character to PBCDCF, Ms. Hudson, PBCSD, causing Plaintiffs',
enormous emotional, psychological pain, anguish pursuant to Florida Statutes and Constitution
Title XLVI Crimes Chapter 836 Deformation: Libel: Threatening Letters and Similar Offenses
factually demonstrated by the following:

> a. Mr. Campbell, John Doe 13, and PBCSD hearing vicious, malicious allegations from Ms.
> Hudson, without any investigations required by The Family Educational Rights and Privacy
> Act (FERPA) Principles of Professional Conduct for the Education Profession in Florida,
> Principles of Professional Conduct for the Education Profession in Florida pursued a
> malicious deviate assault of Ms. Behr and Mr. Behr denying, Ms. Behr, her required
> education violating Plaintiffs' Civil Rights and frowned on by Florida Supreme Court). B .

Mr. Campbell and PBCSD conspired with PBCDCF and Ms. Hudson, in kidnapping Ms. Behr in violation of both State and Federal Laws without a warrant or a Court Order, without verifying identity of Ms. Hudson and failed to protect Ms. Behr from being in fear of her safety by two (2) oversize alleged Palm Beach Sheriff Officers (Sheriff) without identification from them; c. From this point on, Mr. Campbell, John Doe 13, and PBCSD did purposely, with malice intent started abusing Ms. Behr and J.B. (Aggravated Child Abuse pursuant Fla. Stat Chapter 39) failing as loco parentis to act, verify and ensure the safety of Ms. Behr and J.B..

135.    Mr. Campbell, John Doe 13 and PBCSD failed with malice, to discover abuse Ms.

Behr and J.B. endured at hands of Ms. Hudson, John Doe 3, PBCDCF, and John Doe 12

including the following:

a. Being verbally threatened by Ms. Hudson and John Doe 3 with "Never going to school again unless you change your statements and make it against your Dad and hand over your cell phone"; b. Refused to allow Ms. Behr to change her clothes for over three (3) days including her under garments telling her "You will never get clean clothes until you change your statement to be against your Dad". c. Mr. Campbell, John Doe 13, and PBCSD with malice and intent to cause aggravated child abuse, harm and cause severe emotional and psychological pain to Ms. Behr and J.B., and refused to accept clothing and necessary psychotropic medication for Ms. Behr brought to School by Mr. Behr. d. Mr. Campbell, John Doe 13, and PBCSD falsely, with malice and ill intent per school records and PBCDCF records, claimed Mr. Behr was trying to give Ms. Behr drugs at school though Ms. Behr had not been in school and Mr. Behr requested PBCSD verify what he was bringing to school while John Doe 13 maliciously attacked, slandered Mr. Behr to all Western Pines Community School Teachers and counselors with such statements as: Mr. Behr abused his wife and children. e. Mr. Campbell, John Doe 13, and PBCSD forced PBSDP (Police) to write a fraudulent statement against Mr. Behr, to create "No Trespass" Issuance by Police to prevent Mr. Behr from being on School property, with "NO JUST CAUSE"; did cause severe emotional and psychological trauma to Ms. Behr and Mr. Behr. f. Mr. Campbell, John Doe 13, and PBCSD lied to Ms. Behr and J.B. telling them, they had a "No Contact Order" against Mr. Behr, that never existed; g. Mr. Campbell and PBCSD knew Ms. Hudson's refusal to allow Ms. Behr to attend school and school extra-curricular activities until "until you change your statement to be against your Dad"; h. Mr. Campbell and PBCSD refused to provide emotional, psychological, and educational support in violation pursuant to Federal and State Law for Disabled Children and Abused.

136.    Mr. Campbell, John Doe 13, and PBCSD, with no regards to health,

psychological and emotional well-being nor welfare of Ms. Behr and J.B., with full knowledge

of inadequate investigations by PBCDCF and full knowledge PBCDCF's "norm" of inadequate

investigation of Ms. Brooks paramour (Felon), failed to offer Ms. Behr, Casandra, J.B. and

Miracle protection, check on their welfare, in violated Fla.Stat. Chapter 39 acting as In Loco

Parentis, further as for the following:

> a. Ms. Brooks's paramour was having Casandra watch movies in his bed under the covers only when NO ONE ELSE was home; b. Minor child now adult, Miracle was having sex with her boyfriend in front of Casandra.

137.    Mr. Campbell and PBCSD with knowledge Foster Care continually dropped Ms.

Behr late to school, picked her up 2 hours late, failed to report or take any action to ensure her

safety and continued emotional and psychological abuse.

138.    Mr. Campbell, John Doe 13, and PBCSD were aware Ms. Brooks abandoned all

her children with Mr. Behr, for her to be alone with paramour, very rare, mothers are not always

loving and nurturing of their children. This identifies there is mental issues with Ms. Brooks,

Defendants' maintained close, friendly relationship with Ms. Brooks knowing she was criminally

violating Fla.§ 798.01, second-degree misdemeanor to be Living in Open Adultery; Fla.§

775.082 and Fla.§775.083.

139.    Mr. Campbell and PBCSD are same Defendants' sued by former student for being

raped at School after Mr. Campbell withdrew all teacher monitors from bathrooms and settled

lawsuit, paid former student $250,000.00, identifies Lack of concern for children.

140.    PBCSD in another case matter, filed revolting "Motion" claiming "9-year-old

female school children wanted to have sex with their teacher" then settled case for $3.5 million

plus attorney fees identifies, PBCSD lack of concern for children, lack of knowledge of children

psychology.

141.    Mr. Campbell, John Doe 13, and PBCSD, continue their unethical practice of

falsifying information to PBCDCF, PBCSO, PBCSD and other agencies. Mr. Campbell, John

Doe 13 and PBCSD cannot use client/professional privilege as a reason to continue slander,

libelous, defamation Plaintiffs' Characters, fabrication of fraudulent information, malpractice by using deceit and authority as licensed Educator to defend their, causing aggravated child abuse.

142.   Mr. Campbell and PBCSD refused to supply Ms. Behr with any of her requested school documentation including forwarding such information to Florida State University until Mr. Behr physically went to School Records Department, was informed information would be sent right away, 3 months after request in writing, in violation of Freedom of Information Act, in direct violation: of confidentiality, causing aggravated child abuse.

143.   Mr. Campbell and PBCSD refused to provide copies of Ms. Behr and Casandra's Records from May 19, 2014 to present until Mr. Behr filed and served school a subpoena for information, violation of: FERPA 20 U.S.C. § 1232g et. al., PBCSD "protocol", Freedom of Information Act.

144.   John Doe 13 called school security repeatedly from May 20, 2014 to May 2016 against Mr. Behr refusing to allow him to participate in school activities with J.B. except when notified by Joseph Crumm from ChildNet, causing Plaintiffs' extreme irreparable, emotion and psychological pain with "No Just Cause" in retaliation for Mr. Behr's filed complaints against John Doe 13, for neglecting his duties, dereliction of his duties as principal and causing lack of education for J.B. and harassing Mr. Behr.

145.   Mr. Campbell, John Doe 13 and PBCSD violated State of Florida Code of Ethic's for Educational Professional's by failing to value worth, dignity of Ms. Behr, J.B., failing to protect them from harm, failed to pursue the "Truth", failed to: devote to Ms. Behr, J.B., acquisition of knowledge by doing what PBCDCF told them to do, nurture Ms. Behr and J.B., to become a Democratic Citizen, give Ms. Behr and J.B., their right for freedom to learn, teach them with their disabilities, psychological issues, treat them, their guaranteed right of equal

opportunities after Ms. Behr and J.B. were kidnapped, held hostage by PBCDCF, to aide them professionally and as In loco Parentis, to assist them in their emotional and psychologically needs, caused additional damage to them, their emotional, psychological and aggravated child abuse, in not pursuing respect for Plaintiffs', violated: their confidence by making false statements to PBCDCF and PBCSD against them, Mr. Behr and their siblings, and with malicious intent to strive to achieve, sustain their highest degree of conduct, to not enforce the code to revocation and/or suspension of Defendents' certificate, causing aggravated child abuse.

146.    The Defendants' have been dispersing HIPPA. personal information, discussing Ms. Behr and J. B's Foster Care Issues, their Disabilities with PBSO and PBCSDP, to numerous Mental Health Professional's, to colleagues and acquaintances:

(a) knowing PBCDCF report was fabricated, fraudulent, and with reckless disregard for the truth, (b) without reasonable grounds for the Defendents' to believe reports were true, and (c) with intent to injure causing irreparable harm to and defame Plaintiffs'; (d) knowingly failed to protect and defend Ms. Behr, J.B., Casandra and Miracle in direct violation of PBCSD, FDCF and PBCDCF "protocol" in direct violation pursuant to Federal and state laws as stated on  line 1 and line 49  herein.

147.    On or about May 19, 2014, Ms. Hudson, John Doe 3 kidnapped J.B. placing him into ChildNet facility, failed to have Mr. Behr sign Foster Parent Licensure Verification Letter.

148.    On May 19, 2014, Ms. Hudson called and requested Ms. Brooks to take Ms. Behr and J.B. to her residence. Ms. Brooks **refused**, identifying she never wanted Ms. Behr and J.B. and fabricated, falsified, slandered, libeled with malice to harm Plaintiffs' and Mr. Behr for his wanting "Divorce" and Ms. Behr and J.B. for wanting to live with Mr. Behr, causing aggravated, emotional child abuse.

149.    After being removed from school, Ms. Behr was placed in Vision Quest, home for

problem and violent children, Ms. Hudson, John Doe 3 and Ms. Taggert, to "manipulate", "groom", try to brainwash, control her to do and say what Ms. Hudson, John Doe 3 wanted her to say and do and isolating her from her siblings and parents, and J..B. (male) was isolated from his siblings and parents and against head psychiatrist recommendations, removed from West Palm Hospital Psychiatric Unit into a normal foster care housing unit with no therapeutic assistance and reacting poorly to this isolation, was finally moved to Camelot Community Services, Inc. home for an alleged therapeutic foster home whom foster parents were not trained to handle needs of children with psychological issues (Same claim Ms. Hudson makes against Mr. Behr).

150.    From July 5, 2014 till Ms. Behr was moved to Children's Home Society after John Doe 10 – 12 were involved in car accident, took Ms. Behr to a party in Belle Glade, Fl. where illegal drugs were, without parent consent, refused Ms. Behr required medical treatment, allowed her to be emotionally, psychologically abused by other residents and staff members, refused her required medical treatment for Bi-Polar, OCD and Asperger's in direct violation to protect Ms. Behr, J.B., Casandra and Miracle.

152.    From July 5, 2014 to present, Ms. Demar, did with malicious intent deny the "Due Process" clause of Federal and State Constitution and laws and went to "war" against Plaintiffs', violating rules, regulations, Federal and State constitutions', defendants', with malicious intent, slandered, libeled, defamed Plaintiffs', falsified documents, had e-parte communication with hearing jurist john doe 3 directly and through third parties, did file exhibit's with court illegally to bias and prejudice the legal system in violation of the Rules of Discovery and Hearings for exhibit's, had her staff stalk Ms. Behr, punish Ms. Behr without "Just cause", harass Mr. Behr with failing to return calls, calling him names, forced Ms. Behr to be in advertising commercial's for Foster Care, Children's Home Society, PBCDCF, having her read false statements, saying

whatever Ms. Demar wanted her to say, with fear of reprisal if she did not participate, issued bribes to Ms. Behr; ex. computer, telephone, money cards etc. OCD, Asperger's causing aggravated child abuse.

153.   From May 19, 2014 thru June 2, 2014, Ms. Behr and J.B. were denied attendance to school, education.

154.   From May 19, 2014 to present PBCDCF, its agents repeatedly took Ms. Behr to school late, failed to pick her up from school for hours, failed to take her to her extra-curricular school causing aggravated child abuse.

155. From May 19, 2014 to present PBCDCF and its agents refused to allow contact between Plaintiffs', Miracle and Casandra repeatedly saying there was a "No Contact Order" against Mr. Behr.

156.   On May 19, 2014, Ms. Hudson took Ms. Behr's fingerprints as though she was a Criminal, Without parental authority, stating "I am taking your prints in case you ever "went missing".

157.   Ms. Hudson added onto fingerprint page (line 156), Ms. Brooks name, telephone number and previous address, (she moved 15 days before this action), not Mr. Behr's information.

158.   Ms. Behr told Ms. Hudson, she does not live there she lives with her "Daddy" not her mother as her mother abandoned her family back in January 2014. Ms. Hudson stated, "Oh it doesn't matter, it's just in case." Ms. Behr said: "Uh, yes it does, A. my mother, who doesn't care about me, does not live there anymore. B. She doesn't care, and C. I live with my DAD!!!, Ms. Hudson made a **mean** smirk and noise, said: "Fine, I'll put down his name and number and that is it."

159.    An hour or so later, Ms. Behr heard someone talking to Ms. Hudson outside the room Ms. Behr was in, on speakerphone, talking about Miracle, Jacob and Ms. Behr's Dad about how the worker was "being Scared". Ms. Behr heard person at the desk right outside window screaming at Ms. Hudson, saying: "And what if Mr. Louis Harry Behr shows up here!? We can't keep her *HOSTAGE*, and it's not illegal yet for him to take HER!!!

160.    This identifies fact, Ms. Hudson, John Doe 3 and PBCDCF had complete knowledge of the laws and intentionally lied to Mr. Behr and caused irreparable emotional and psychological harm to Plaintiffs' and did in fact, **KIDNAP**, Ms. Behr and J.B., by informing Mr. Behr he is not allowed to pick up Ms. Behr nor J.B., nor speak with them or see them without a court order and there is a court hearing scheduled for next day without giving a time or place. At no time did Ms. Hudson, John Doe 3 and PBCDCF state Mr. Behr had a right to pick up his children, Ms. Behr and J.B. in a criminal act of kidnapping.

161.    Ms. Hudson and John Doe 3 told Ms. Behr, "I am taking you, J.B., Casandra and Miracle away from your parents and putting all of you guys in foster care." Ms. Hudson and John Doe 3 took Ms. Behr and J.B. into foster care without a warrant, court order or a shelter order.

162.    Ms. Hudson spoke with another Defendant John Doe 14 falsely, slanderously stating:

   a.   "Yes, Louis Behr needs all of his rights taken away from being with the children"; "He molested Melissa K. Behr (Ms. Brooks) since she was 14."; c. "He has done this before"; d. He has made all of the children suicidal and caused Miracle to want to get pregnant."; e. He has manipulated Rebekka and Jacob to hate their mother"; f. And many more fabricated or repeated statements fabricated from Ms. Brooks;

163. Ms. Hudson statements were fabricated, fraudulent, slanderous, libelous, defamation of Mr. Behr's Character, easily proven with true facts.

164.    Ms. Hudson as "Norm" made these statements without a scintilla of evidence, identifying her hatred, bias, prejudice, discrimination towards men, without investigating any allegations she fabricated with Ms. Seder and Ms. Brooks, by refusing to ever talk with Mr. Behr, Ms. Behr and J.B., making slanderous, fraudulent and fabricated statements and documents.

165.    Ms. Hudson took Ms. Behr to John Doe 10. Ms. Behr asked to talk to her "Dad", Ms. Hudson again, lied and manipulated Ms. Behr by stating "No, your dad is not allowed to see, talk, or communicate in any way with you as I have a court order that says so". Ms. Behr asked to see alleged order, Ms. Hudson "refused".

166.    Ms. Hudson began to "GROOM", brainwash, cause aggregated child abuse of Ms. Behr and J.B..

167.    Defendants' full knowledge of collusion, not in "BEST INTEREST" of Ms. Behr, J.B. and Casandra, in retaliation, vindictiveness and discrimination for Mr. Behr's is a man whom fights for his children's civil rights, with "NO JUST CAUSE" pierced the protective vail to hold government workers liable for their actions or inactions. Negligence of Defendants'' purposely, maliciously with intent to harm and not intent to act in Plaintiffs' "Best Interest", psychologically, emotionally abused and caused irreparable harm, aggravated child abuse with intent to harm, slander, libel and defame pursuant to *In Roes v. Florida Dept of Children and Families* 176 F. supp. 2d 1310 - Dist. court, SD Florida 2001 and in *Saucier*, 533 U.S. 194, 121 S.Ct. at 2156 rules to qualify for immunity are stated clearly to "Have a Purpose" Blatantly Defendants' were concerned for their careers, did not act in "Best Interest" of Minor Children, did Violate: Fla. Stat. Chapter 39.

168.    Defendants' from 15thDC and 4th DCA referenced "Verified Petition for

Adjudication of Dependency and stated, in conclusory form, "the children have ongoing psychological issues and some of the children have made statements about harming themselves. Some of the children have attempted self-harm. Experts in this case, indicate that the children's mental harm come from the dysfunction in the family..." Defendants' 15thDC, made no findings to sufficiency of evidence, or even presence of any evidence, no factual evidence, to support allegations set forth in "Verified Petition for Adjudication of Dependency".

169.    On May 20, 2014, it is well known, demonstrated jurist john doe 2 never personally viewed nor had his staff review petition filed for emergency sheltering of Ms. Behr, J.B., Miracle and Casandra, in violation to Fla.Juv.R.Civ.Proc. authorizing removal of Ms. Behr and J.B from Mr. Behr's home without emergency hearing, violation of Federal and State "Due Process" or any other document bearing his court seal and "signature" or no seal, handwritten signature with different styles of his alleged hand signed orders. Plaintiffs' affirm their belief Ms. Hudson, John Doe 3 and Ms. Taggert, forged jurist john doe 2 signature on at least 2 orders' (A norm practice for Ms. Hudson, John Doe 3 and Ms. Taggert).

170.    Plaintiffs' were entitled and denied by defendants' and jurists, an accelerated hearing under Fla.Stat. 19.11(1).

171.    Ms. Hudson, PBCDCF, jurist john doe 2 and jurist john doe 3, failed to hold **Emergency Shelter Hearing** nor a **Shelter Hearing** in violation of: Federal and State Laws especial "Due Process" causing irreparable psychological harm to plaintiffs'.

172.    At every hearing from May 20, 2014 to present PBCDCF's main duty per Fla.Stat.Chap. 39, state and Federal law is to reunite the family, all Defendants' have refused Mr. Behr's repeated **Motions for Visitation Motions to Reunite for "NO JUST CAUSE"**.

173.    In re *W.D.N., 495* (Fla. 2d DCA 1984). The fifth district expressed society's

fundamental aversion to the idea of requiring a child suffer <u>actual abuse or neglect</u> before it can

be permanently removed from a caretaker who has seriously mistreated others and

unrehabilitated: Mr. Behr was never offered services identifying what rehab was required even

his court appointed, heavy hitters from PBCDCF could not tell Mr. Behr why he was seeing

them and Defendants' refused to recognize Ms. Brooks as the actual child abuser and caused

severe harm to the minor children in which to "Break Them" from loving their father, Mr. Behr.

      174.    Defendants' with full knowledge of laws both federal and state denied Plaintiffs'

their right to review, were denied their right hold a hearing and object to said documentations'

submitted to 15thDC without an evidentiary hearing in violation to Fla. Stat 90.204(3)(4).

      175.    On or about May 25, 2014 Mr. Behr was appointed legal counsel through

PBCCCRC whom appointed counsel were in collusion with Defendants', were incompetent and

corrupt legal counsel giving Mr. Behr false legal advice and refusing to proceed as directed Mr.

Behr. This effectively denied Plaintiffs' of any impartial trial and legal competence.

      176.    On May 20, 2014, Ms. Hudson, John Doe 3 and Mr. Braun, violated Fla. Law for

an Emergency Shelter Hearing by denying a hearing within 24 hrs.as **requirement by law** to

hold such hearing. A scheduled hearing was held over 2 hrs. past the 24hr time frame pursuant to

Fla. Stat. Chapter 39 and immediately continued violating "Due Process" and Judicial Cannon's.

      177.    On May 20, 2014 at Emergency Dependency Shelter Hearing Case Number 50-

2014-DP-3003128 in 15<sup>th</sup>DC, at the beginning of Hearing Ms. Hudson **committed perjury** by

stating Mr. Behr tried overdose and Kill Ms. Behr and then changed her allegation to "Plaintiff

Mr. Behr is "grooming" his daughter to become his wife as he did to his step-daughter, now his

wife", yet Ms. Hudson never called PBCSO informing them of such horrendous allegation of

attempted MURDER. When asked for Toxicology Report, Ms. Hudson stated, "I did not have

one with me", Ms. Hudson was not prepared for hearing. Jurist john doe 3, immediately continued hearing denying "Due Process" to Plaintiffs' till May 21, 2014 without issuing a "Temporary Emergency Shelter Order" required by pursuant to Fla. Stat Chapter 39 and impartiality by jurist john doe 2.

178.    Ms. Hudson failed to ever produce alleged Toxicology report in violation pursuant to Fla. Stat. Chapter 39.

179.    On May 20, 2014, immediately after hearing was continued, Ms. Hudson, had a side bar with jurist john doe 2 without Mr. Behr's legal counsel and with Mr. Behr still present in the court. Jurist john doe 2 allegedly signed numerous Custody Order's stating Mr. Behr was not present in court. The order's contains numerous fabricated, fraudulent, libelous statements by Ms. Hudson and PBCDCF identifying fraud to the court and collusion with jurist john doe 2. Only one order has jurist john doe 2 official court seal, the others have different signatures, some looking like a woman's signature, allegedly made by jurist john doe 2 without his official court denied Plaintiffs' "Due Process" and "Parental Rights" and  impartiality by Jurist john doe 2.

180.    Mr. Behr waited in courtroom to talk with Ms. Hudson to see where to pick up his children and Ms. Hudson informed Mr. Behr, Jurist john doe 2 issued an alleged Shelter Order without Hearing, without Notice to Plaintiffs'.

181.    In said alleged shelter order, a box was checked stating **"neither parent was present"** in direct violation by jurist john doe 2 and Ms. Hudson pursuant to Article I, Section 9 of the Federal Constitution, or Article I, Section 13 of the Florida Constitution, under various Due Process Provisions of both Constitutions under any of those aspects standing individually, and/or in Combination, and finds additional support under Title VI, Chapter 79 of the Florida Statutes.

182.     Jurist john doe 2 was not acting as a "judicial officer" but as a private citizen and agent of PBCDCF.

183.     PBCDCF and their agents prevented all Mr. Behr's minor children from attending both of these court dates, thereby denying Plaintiffs' of their due process right of calling witnesses.

184.     Jurist john doe 2, by allegedly signing an emergency shelter order prepared by PBCDCF, and its agents including Ms. Hudson, without reviewing proposed order, when all parties were present in court, identified Jurist john doe 2, PBCDCF and its agents including Ms. Hudson committed libel against Mr. Behr with claiming he had "mental health issues", "he emotionally and mental abused his children", children are in imminent danger being in his presence" in signed emergency shelter order, and identifies the collusion between defendants' herein as this has been the "Norm" in state between FDCF, PBCDCF and all government agencies of Florida State.

185.     Jurist john doe 2, PBCDCF and its agents including Ms. Hudson, are not a qualified mental health professional nor ever interviewed Plaintiffs' and lacked any information to base their defamatory, libelous statements.

186.     This defamation of Mr. Behr's mental health and alleged child abuse tainted all further proceedings and was the bases for other "judicial" decisions with NO Factual evidence.

187.     On May 21, 2014 at 3:30, Jurist john doe 2 issued another continuance for Emergency Shelter Hearing with "no just cause". Ms. Hudson mislead the court by saying she had the "Toxilology Report" in her office and then she could not find it". Mr. Behr was handed an Order by a Palm Beach Sheriff, on said order, a mediation hearing was scheduled for June 11, 2014 and the date for the continued hearing became June 6, 2014 at 1:30PM, an arraignment on

June 1l, 2014 at 8:30AM and a Judicial Review Hearing Date of September 19, 2014 at 8:30AM

all of which is a violation pursuant to Article I, Section 9 of the Federal Constitution, or Article I,

Section 13 of the Florida Constitution, under various Due Process Provisions of both

Constitutions under any of those aspects standing individually, and/or in Combination, and finds

additional support under Title VI, Chapter 79 of the Florida Statutes, Causing Plaintiffs' harm,

severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse.

denying Plaintiffs' expedited hearing.

188.    From May 20, 2014 to present, FIGO and John Doe 15 -20 employed by FIGO,

refused to review the collusion and corruption occurring with Defendants', causing Plaintiffs'

harm, severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse.

189.    From May 20, 2014 to present, FIGO and John Does 15 - 20 as employees of

FIGO, stated they were investigating Mr. Behr's allegation of collusion yet had an office inside

PBCDCF, used PBCDCF office, stationary, e-mail server alleging they were independent.

190.    On or about May 20, 2014 Mr. Behr's name was placed on Florida's Central

Registry for "emotional abuse, sexual abuse and physical neglect". Defendants' failed to give

Mr. Behr written notification as required by statute and protocol of this action.

191.    Jurist john doe 2, Jurist john doe 3, PBCDCF, Ms. Seder nor Ms. Brooks would

consider placing Ms. Behr and J.B. with their paternal grandmother (a school teacher) was

present in court on May 20, 2014 and June 10, 2014, causing Plaintiffs' harm, severe emotional

and psychological pain and Ms. Behr and J.B. Aggravated child abuse.

192.    From May 20, 2014 to present Defendants' continually and refused medical and

psychiatric assistance for Ms. Behr and J.B.. No notification to the parents were ever given of any medical treatment nor psychological treatment, causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse.

193.    Both Ms. Behr and J.B. were denied psychological assistance for their mental needs per recommendations of their psychiatrists from West Palm Hospital and Psychiatrist John Doe 21 and did not receive any of the follow up care recommended the entire time they were in Foster Care, causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse.

194.    PBCDCF through Ms. Hudson did enforce abusive therapy for the sole basis to brainwash, manipulate, "groom", which to allegedly "reunite" Ms. Behr and J.B. with Ms. Brooks. Ms. Hudson and PBCDCF failed and refused treatment and medical needs for Ms. Behr's Bi-Polar, OCD and Asperger's or J.B.'s depression from abandonment by Ms. Brooks, causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse.

195.    The petition filed by Ms. Hudson and PBCDCF did not meet the minimum requirement of statute, protocol, or court order's and therefore voided court of jurisdiction. Specifically, petition did not make any specific allegations of abuse or neglect nor did petition state any harm had or imminent likely to happen, would come to children without court involvement, thus no "offense against a child" was alleged nor was any services by PBCDCF offered to Plaintiffs', causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse.

196.    Emergency shelter petition filed by Ms. Hudson contained fraudulent, fabricated,

frivolous, libelous, defamation of Plaintiffs' characters, accusations on sole word of Ms. Brooks,

and fabricated by Ms. Hudson without investigation, in particular:

A) Ms. Hudson had already been notified by Palm West Hospital Staff, Ms. Behr was not given nor took an overdose of medication nor did she have any medication in her system not prescribed to her; B) That Mr. Behr, "Dad", was well within his legal rights to be informed of any allegations created by Ms. Hudson, John Doe 3, Ms. Brooks, Ms. Seder, Ms. Taggert, including to raise his voice if necessary for disciplinary reasons and for children's safety nullifying all allegations; C)  Defendants' maintained there was a "NO CONTACT ORDER" issued against Mr. Behr. Jurist john doe 3 issued Order 1 1/2 yr. later stating, "THERE IS NO, NO CONTACT ORDER" whereby Defendants' Denied Plaintiffs' their Civil Rights of Life, Liberty and Freedom; D. Mr. Behr allegedly has mental issues preclude the safe and effective parenting of his children without ever having Mr. Behr psychologically tested. In fact, "Parental Alienation" is not recognized as a mental disorder in the most recent Diagnostic and Statistical Manual of Mental Disorders (DSM -5) and the Parental Fitness Evaluator concluded in his November 24, 2014 report (took PBCDCF 6 months to have Mr. Behr psychologically tested) that Mr. Behr, does not meet the criteria for a diagnosis of mental illness; E. Mr. Behr allegedly emotionally and psychologically caused mental issues with all his children. This false statement made by Ms. Hudson, Ms. Seder, Mr. Braun, and Ms. Brooks with no INDEPENDENT PSYCHIATRIC TESTING, is more fabrication, fraud and false attacks against Mr. Behr since Ms. Hudson, on May 19, 2014, kidnapped Ms. Behr and J.B., both children have maintained these statements as false and fraudulent and because they maintained the statements herein were false and fraudulent. Ms. Hudson, Ms. Seder, Mr. Braun, and Ms. Brooks, in collusion with Defendants', immediately alleged with malicious intent to harm and protect all Defendants' herein, Mr. Behr was controlling, created parent alienation syndrome with Ms. Behr and J.B.. Ms. Behr and J.B again live with Mr. Behr since March 2015to present. Further, Miracle lived with Mr. Behr from December 2014 to June 2016; F. Mr. Behr allegedly previously "groomed" his other children per Ms. Franklin, Ms. Hudson, John Doe 3, Ms. Seder, Ms. Brooks, was his previous step-daughter, Ms. Brooks, The allegation Mr. Behr, "groomed" the mother of the children starting when she was 15 years old was (PBCDCF files identify she was allegedly 14 yrs. old though Mr. Behr did not even know Ms. Brooks when she was 14 yrs. old.) and remains an allegation made by Ms. Franklin, Ms. Hudson, John Doe 3, Ms. Seder, Ms. Brooks. In fact, only they first made this allegation, after Mr. Behr learned Ms. Brooks was engaged in an extramarital affair and the parties began divorce proceedings. More importantly, the relationship between the mother and the father consummated in a marriage more than twenty (20) years ago and produced five (5) children. G. There has not been a scintilla of evidence to substantiate Ms. Franklin, Ms. Hudson, John Doe 3, Ms. Seder, Ms. Brooks allegations the mother and father engaged in sexual relations prior to the mother turning eighteen (18) and the father has and continues to deny the mother's allegations and address herein on line 1 and line 160. However, even if true, such allegations are of wrongdoing that allegedly occurred more than twenty (20) years ago and involve a relationship between father and a former stepdaughter; not a biological daughter. Regardless, the Court is well aware that evidence of abuse or neglect of one child is insufficient in and of itself to find any prospect

for abuse for another child. *Plaintiff J.B.P.F. v. Dep't of Children & Families, 837 So.2d 1108 (Fla. 4th DCA 2003)*; "M.C. v. Dep't of Children & Family sews, 936 so.2d 764 (Fla. 2nd DCA 2006) (the commission of a sexual offense against one child is by itself insufficient to support an adjudication of dependency as to the child's sibling). The issue in prospective neglect or abuse cases is whether future behavior will adversely affect the child and can be clearly and certainly predicted." Palmer v. Dep't of Health & Rehabilitative Servs., 547 so. 2d 981, 984 (Fla. 5th DCA 1989)", causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse in direct violation of FDCF and PBCDCF "protocol" and in direct violation pursuant to Federal and state laws as stated on line 1 and line 46   herein. This effectively denied Plaintiffs' of any impartial or objective investigation.

197.    From May 20, 2014 to present, Ms. Hudson, John Doe 3, Ms. Seder, Mr. Braun, John Doe 22, PBCGAL, John Doe 23, PBCDCF and Ms. Brooks purposely and with malicious intent began to "Groom", manipulate, brainwash, control, threatened Miracle and Casandra to support Ms. Brooks and have alienated them from Plaintiffs', causing Plaintiffs', Casandra and Miracle, harm, severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse.

198.    Ms. Hudson, John Doe 3, Ms. Seder, John Doe 22, PBCGAL, John Doe 23, have done this falsification, fabrication and libel numerous times in their career at an 85% rate of removal of any children they are sent to investigate and protect.

199.    Ms. Hudson, John Doe 3 with full knowledge on "Grooming", manipulation and Brainwashing technics, tried to "Groom" J.B. 11 3/4yrs old at the time, by claiming there was a "No Contact Order" **which does not exist** and to prevent him from seeing or talking to any family member, causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse.

200.    From May 20, 2014 to present Ms. Hudson (CPS was closed), and went to work for PBCDCF continually fabricated reports, documentation to court, committed fraud upon the court, to CPS and PBCDCF and gave false, fabricated and perjuristic statements to the court in

which to support her bias, prejudice, sexual discrimination against father's and discrimination against men.

201.   Defendants' did not specify scintilla of any **specific factual evidence or condition** would endanger children in Mr. Behr's home in petition, report or document causing aggravated child abuse.

202.   On or around May 20, 2014, Ms. Behr and J.B. were given physicals and identified no "Physical Abuse" and perfectly healthy children with no concerns by PBCDCF.

203.   Since Birth to present the Minor Behr Children passed their Well Check Up with and every test Ms. Hudson forced on Ms. Behr and J.B. whom are extremely Healthy.

204.   Plaintiffs' were immediately denied "Due Process" and right not to have "governmental interference" in raising his children by not allowing any testimony yet allowed PBCDCF to keep kidnapped children without a "Emergency Shelter Hearing" being heard.

205.   From May 20, 2014 to present PBCDCF has failed to provide any services for Plaintiffs' and no services were incorporated into the "service plan" to address any of the alleged reasons for adjudication.

206.   Since May 20, 2014 to present, Plaintiffs' have been denied independent, qualified, effective, competent legal counsel and 2 of Minor Children were denied any legal counsel by effective, competent legal counsel and 2 of Minor Children were denied any legal counsel by 15thDC in direct violation of their civil rights pursuant to Legal Counsel, Florida Constitution Article 1, Section 16.

207.   From May 20, 2014 to present, PBCDCF and Mr. Braun, repeatedly submitted fabricated, manipulated, fraudulently documents to 15thDC refused to submit a copy of any document to Plaintiffs' legal counsel.

208.    Mr. Braun, with malicious intent failed to uphold the Federal and State laws in collusion with all Defendants' herein to protect PBCDCF and FDCF by falsifying, assisting to falsify and fabricated documentation, exhibit's, committing fraud upon the court, by informing the Court, they are "permitted to change any reports submitted to them at their discretion".

209.    Mr. Braun, did with malicious intent deny "Due Process" clause of Federal and State Constitution and laws and went to "war" against Plaintiffs, violating rules, regulations, Federal and State constitutions', Mr. Braun with malicious intent slandered, falsified numerous documents, had e-parte communication with hearing jurists directly and through third parties, did file exhibit's with the court illegally to bias and prejudice the legal system in violation of the Rules of Discovery and Hearings for exhibit's, violate Professional Code of Ethics.

210.    Ms. Hudson made slanderous, fabricated, fraudulent, malicious statements against Mr. Behr with total lack of investigation and documentation which was and is available as follows:

a.  Mr. Behr tried to "Kill" Ms. Behr by giving her inappropriate dosages of her psychotropic medication and medication that was not Ms. Behr's yet failed to PRODUCE Palms West Hospital Toxicology report which states there was no over dose nor any unprescribed medication in her system; b. Mr. Behr neglected and emotionally and psychologically abused Ms. Behr, J.B., Miracle and Casandra by Ms. Hudson having private conferences with paid "Hired guns" Psychiatrist Defendant John Doe 28 while Ms. Hudson and J.B. maintain Mr. Behr NEVER neglected, emotionally or psychologically abused them in fact, Miracle and Casandra were/are neglected, emotionally, psychologically abused, brainwashed, manipulated and threatened by Ms. Hudson per Miracle's statements to Mr. Behr; c. Plaintiff Mr. Behr made his minor children suicidal and depressed with no documentation; d. Ms. Hudson stated Mr. Behr had no running water of which the rental did provide; d. Ms. Hudson stated Mr. Behr residence was dirt and unlivable yet produced no pictures for the court;

211.    Defendants' in collusion with purpose and malice, refused to uphold the Federal and State laws to protect Plaintiffs' from the emotional, psychological abuse by all Defendants' herein in order to protect Defendants' and funds earned by the agencies therein.

212.    PBCCCCRC and John Doe 24 did with malice, prevent proper objections and argument to Jurist john doe 2, Ms. Hudson, John Doe 3 and PBCDCF to enforce the Federal and State laws during only 5 minutes of an Emergency Shelter Hearing **must** be heard but never did, by allowing Jurist john doe 2, Ms. Hudson and PBCDCF to have a continuance and **without issuance of an Order** when PBCCCCRC and John Doe 28 had full knowledge of collision and continued malice of Ms. Hudson and PBCDCF.

213.    From May 20, 2014 to present, Defendants' denied Plaintiffs' their constitutional right to enjoy their religious belief, refusing them the following:

   a.   Refused to allow Ms. Behr and J.B. to participate in Friday Night and Saturday Morning Jewish Services; b. Refused to allow Ms. Behr and J.B. to attend High Holiday Services; c. Refused to allow Ms. Behr and J.B. to participate in any Jewish Holiday; d. Forced J.B. to attend Sunday and week night Christian Church Services without parental consent nor giving parent notice;

214.    214.    Defendants' are required to be trained pursuant to PBCDCF and FDCF rules and regulations on Child Abuse and the proper procedures to ensure the safety of minor children which Defendants' intentionally and with malice refused to protect this family.

215.    Defendants' had all 4 children of Mr. Behr living at different locations for over a year PBCDCF failed to follow "protocol".

216.    PBCCCCRC is an actual organization paid for by both State and county, in collusion with defendants', support PBCDCF and 15th DC Jurists and not indigent parents involved causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr, J.B. and Casandra Aggravated child abuse.

217. On or about May 25, 2018 Mr. Behr met with PBCCCCRC head legal counsel John

Doe 28 and John Doe 27 whereby john doe informed Mr. Behr "it will take 6 to 12 months to get your children out of Foster Care. This being a "known fact" affirms the collusion, corruption and violation which the rico act is in place for.

218.    On or about June 2, 2014, Jurist john doe 1, recused himself from Case No. 50-2014-DR-300368 after Mr. Behr filed a Motion to re-hear and/or Motion to Appeal Order on May 15, 2014, upon reading his collusional involvement in these matters claiming Mr. Behr's Motion was for his recusal is/was a fabrication by jurist john doe 1.

219.    On June 4, 2014, continuance hearing was scheduled for "Emergency Shelter Hearing" almost a **full 2 weeks** after Ms. Behr and J.B. were kidnapped by PBCDCF in violation of Federal 14th amendment for "Due Process" and Fla.Stat.Chap. 39 causing irreparable psychological harm to plaintiffs'.

220.    On June 4, 2014, Ms. Hudson failed to produce the toxicology report and continued her slanderous, fraudulent, maliciously fabricated allegations against Mr. Behr.

221.    Defendants' with full knowledge the Toxicology Report was _**NEVER**_ _**SUBMITTED**_ and toxicology report from Palm West Hospital showed **"NORMAL"** toxicology levels and no medication not prescribed to Ms. Behr. No testimony was presented that Plaintiffs' were or could have been in "Imminent Danger or Harm" as required under Fla. Stat Chapter 39.

222.    On June 4, 2014, jurist john doe 3 per Fla Judicial Order for "one Family One Judge" took over Dependency Court case no. 2014-DP-00328 with no Shelter Hearing and Defendants Special Injunctive Relief for Protection for Domestic Abuse Case No. 50-2014- DR-300368.

223.    On June 4, 2014 Jurist john doe 3 issued 2nd continuance for "Emergency Shelter

Hearing" which must be heard within 24 Hrs. by Fla. Law and made the hearing a "Probable

Cause" continuing to violate "Due Process" for Plaintiffs' and "parental rights" for Mr. Behr,

with verbal order for "home study on relative" Mr. Behr's, Sheila G. Behr; Get report from

Therapist; 2 Judges have recused themselves" causing Plaintiffs' harm, severe emotional and

psychological pain and Ms. Behr and J.B. Aggravated child abuse in direct violation of FDCF

and PBCDCF "protocol", Fla.R.Juv.Proc..

224.    On or about June 5, 2014, Ms. Hudson and PBCDCF refused to take Ms. Behr to

her **required** Neurology Appt. This appt. was extremely important after she had a seizure and

had an EEG done that showed there is something Neurologist needed to see Ms. Behr about. This

is medical neglect pursuant to Defendants' failed to produce a written notice of relocating the

children as would be required by Title VI, Chapter 69, and Section 61.13001 of the Florida

Statutes.

225.    From June 4, 2014 to present, Jurist john doe 3 did with malicious intent deny

"Due  Process" clause of Federal and State Constitution and numerous Fed and State laws and

went to "war" against Plaintiffs besides violating rules, regulations, Federal and State

constitutions', Jurist john doe 3, slandered, libeled, defamed Plaintiffs', provided an avenue for

all Defendents to falsify numerous documents, had e-parte communication with Defendants'

directly and through third parties, did allow all Defendants' to file exhibit's with the court

illegally to bias, prejudice and make impartial, the legal system in violation of the Rules of

Discovery and Hearings for exhibit's.

226.    If a court resorts to any documentary source of information not received in open

court, the court shall make the information and its source a part of the record in the action and

shall afford each party reasonable opportunity to challenge such information, and to offer

additional information, before judicial notice of the matter is taken. Jurist john doe 3 violated this

law in direct violation of Federal and State Child Protective laws especially when an allegation

of mental abuse of children is alleged.

227.   On June 4, 2014 Guardian Ad Litem Attorney John Doe 22, with malicious intent

to harm and not acting as an independent Guardian Ad Litem Attorney as the FGAL guidelines

dictate and in violation of FGAL protocol" and to earn a higher position in the governmental

system made such statements to Plaintiffs':

  a.   "I do not need or have to talk to any of you. I read PBCDCF reports and that's all I
       need to know!" b. "I do not need your Guardian Ad Litem here at court for any
       reason"; c. "I am part of Jurist john doe 3's team"; d. "I represent the Guardian Ad
       Litem Program and not you!"; e. "I do not need to know the truth"

228.   On June 10, 2014, Ms. Behr, without legal counsel filed a Motion to Jurist john

doe 3 titled:

  a.   "ACTION FOR AN ORDER TO STOP MOTHER FROM ALL CONTACT"; b.
       "ACTION FOR AN ORDER TO ALLOW ME TO HAVE VISITATION WITH
       MY PATERNAL GRANDMA"; c. "ACTION FOR AN ORDER TO ALLOW ME
       TO HHAVE UNSUPERVISED VISITS WITH MY DADDY"; d. "ACTION FOR
       AN ORDER INSTRUCTING MY BROTHER'S FOSTER PARENTS TO ALLOW
       TO TEXT AND CALL JACOB"

229.   Jurist john doe 3 **refused** to hold a hearing on this Motion for almost a year,

causing plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B.

Aggravated child abuse in direct violation of Judicial Cannon's. This effectively denied

Plaintiffs' of any impartial jurist.

230.   Jurist john doe 3 Denied Plaintiffs' Motions' with no "Just Cause" with no

hearing denying Ms. Behr's "Due Process" rights causing Plaintiffs' harm, severe emotional and

psychological pain and Ms. Behr and J.B. Aggravated child abuse.

231.   Defendants with "No concern of the Health and Welfare of Ms. Behr and J.B.,

refused to take care of the "Best Interest" of Plaintiffs', Miracle nor Casandra. Defendants'

educated as required knows:

> "Never are we to forget that "[n]o matter where they live in the world, no matter what they
> eat for dinner, no matter where they go to school, there is one common thread you can find
> in every child; they expect to go to bed and wake up with the same family. In almost every
> situation, children thrive most with their natural families. See Catherine R. Lawrence,
> Elizabeth A. Carlson, and Byron Egeland, "The Impact of Foster Care on Development,"
> Development and Psychopathology and "When family integrity is broken or weakened by
> state intrusion, [the child's] needs are thwarted and . . . [t]he effects on the child's
> developmental progress is invariably detrimental.' Joseph Goldstein et al., Beyond the Best
> Interests of the Child (New York: Free Press, 1973). Children placed in foster care are at
> risk for more behavioral, psychological, developmental and academic problems." Id."

232.    On June 10, 2014, Mr. Braun filed a Verified Petition for Adjudication for

Dependency of which contains numerous fabricated, falsified statements per line 5., 6., 7., 8., 9.,

10., 11., 12. by Mr. Braun, Ms. Hudson, Ms. Seder, Ms. Brooks, and PBCDCF identifying fraud

to the court and collusion with Jurist john doe 2 and Jurist john doe 3 causing Plaintiffs' harm,

severe emotional and psychological pain and Ms. Behr, J.B., Casandra and Miracle aggravated

child abuse.

233.    On June 11, 2014, "Verified Petition for Adjudication of Dependency" 22 days

without a hearing for emergency sheltering of Ms. Behr and J.B..

234.    Mr. Braun, and Ms. Hudson, repeatedly filed documents and reports which

were/are 90% fraudulently and fabricated in collusion between Ms. Hudson, Mr. Braun, Ms.

Brooks, Ms. Seder and John Doe 3, they committed fraud, fraud upon the court and perjury by

signing falsified documents, sworn and notarized, sworn testimony Jurist john doe 3.

235.    On June 11, 2014 Jurist john doe 3 presiding over first of numerous hearings in

Adjudication of Dependency Hearings (Never a Hearing for Shelter was held) and Special

Injunctive Relief from Domestic Abuse (PFA) case matter (Jurist john doe 3 never reviewed

PFA file) immediately "Took Issue" with Ms. Behr (Representing herself at age 16 as "NO"

Legal Counsel was Appointed) told Jurist john doe 3 that Ms. Hudson and Ms. Brooks is a "Liar" and nothing they claim against Mr. Behr is true.

236.    Since June 11, 2014 to present Jurist john doe 3 blames Mr. Behr for Ms. Brooks's alienation of minor children against herself by making fabricated, fraudulent and slanderous statements against Plaintiffs', forcing Ms. Behr and J.B. into Foster Care instead of taking them into her residence. Jurist john doe 3 nor PBCDCF ever offered Mr. Behr assistance/services in violation of Fla.Chap. 39.

237.    Jurist john doe 3 refused to allow minor children to be cared for by Sheila G, Behr, paternal grandmother and school teacher, placed them in foster care identifying her collusion with all Defendants and identifying her personal bias, prejudice, abuse of power abuse of discretion against all men.

238.    On or about June 11, 2014 Jurist john doe 3 verbally ordered PBCDCF for all minor children to receive "Guardian Ad Litem's" and legal counsel.

239.    On June 11, 2014, pretrial was held before Jurist john doe 3, NO EMERGENCY SHELTER PETITION HAS YET BEEN HEARD, Jurist john doe 3 granted Defendants' another continuance in violation pursuant to Fla. Con. Art. 1, Section 16, "expedited" trial in "Best Interest" of children causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B..

240.    Since June 11, 2014 to present Jurist john doe 3 blames Mr. Behr for Ms. Brooks's alienation of minor children against herself by making fabricated, fraudulent and slanderous statements against Plaintiffs', forcing Ms. Behr and J.B. into Foster Care instead of taking them into her residence. Jurist john doe 3 nor PBCDCF ever offered Mr. Behr assistance/services in violation of Fla.Chap. 39.

241.    From this point on, Defendants' did purposely and WITH MALICE started abusing Plaintiffs (Aggravated Child Abuse per Fla. Stat Chapter 39) by failing as loco parentis to verify and ensure the safety of Plaintiff.

242.    Jurist john doe 3 and PBCDCF refused to appoint any legal counsel, continually delaying Emergency Shelter Hearings and trial on Adjudication of Dependency causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B..

243.    On June 18, 2014, Ms. Behr sent a personal letter to Jurist john doe 3 which she identifies collusion between PBCDCF, Ms. Hudson, Ms. Brooks, Ms. Seder, Mr. Braun and Mr. Billignton (Convicted Felon) and asked for help. This letter was sent less than 30 days after Ms. Behr was kidnapped by Ms. Hudson, PBCDCF, Jurist john doe 3 ignored letter, and as below will identify, actual collusion has occurred from this point, is very straight forward, coming from 16 year old woman not in the "Best Interest" of children causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B..

244.    In said letter dated June 18, 2014, Ms. Behr identifies aggregated abuse by PBCDCF and Ms. Hudson, in holding her hostage. In State of Florida, 16-yr. old's can quit public school but can still be owned and abused by FDCF and PBCDCF not in the "best Interest" of children.


245.    In said letter, Ms. Behr identifies the loss of her baby brother, David Joseph Theodore Behr (whom it is very possible Ms. Brooks may have caused his death) and asked Jurist john doe 3 to view his memorial web site made by Ms. Behr and Mr. Behr at virtualmemorial.com under David Behr, which PBCDCF, with malicious intent used site to attack Mr. Behr showing absolute despicable statements against Mr. Behr's son and Ms. Behr's brother to Mr. Behr's

children and an absolute disturbing issue created again by fabrication by Defendants with no purpose for reunification of this family violation of PBCDCF protocol.

246.    On June 20, 2014, 4th hearing for Emergency Shelter was to be heard and now Jurist 3, calls hearings "Probable Cause" denying Plaintiffs', Casandra and Miracle their "Due Process" rights to be heard on the Emergency Shelter Hearing and/or Probable Cause.

247.    On June 20, 2014, Mr. Braun in collusion with John Doe 24 and John Doe 25, gave court a fabricated and fraudulent report on Ms. Behr, J.B., Miracle and Casandra. Defendants did not give Mr. Behr a copy of said fraudulent report. Actual handwritten notes and internal reports show fraud herein.

248.    John Doe 26 receiving 70% of their income from PBCDCF and is heavily influenced by PBCDCF and Mr. Braun, in collusion with defendants, as John Doe 28 personal notes will reflect from her filed report. Factually, it will state the opposite of her filed report.

249.    Mr. Braun, Ms. Seder, Ms. Hudson in their collusion, convinced John Doe 28 to falsify and commit fraud until the court to give court reason to harm Plaintiffs, Miracle and Casandra and to support defendants' to hide their fraud, fabricated documentation and aggravated child abuse causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse and Medical Malpractice.

250.    On June 20, 2014, Jurist john doe 3 did appoint Mr. Behr incompetent legal counsel, John Doe 27 and failed to provide legal counsel for Ms. Behr, J.B., Casandra and Miracle.

251.    On June 20, 2014, Ms. Behr, J.B., Miracle and Casandra failed to appear in violation to "Due Process".

252.    On June 21, 2014 Jurist john doe 3 verbally demanded to know "why there is no

"Dissolution of Marriage Petition" filed. This alone identifies Jurist john doe 3's abuse of power as she has "no authority" to interfere between husband and wife.

253.     On June 21, 2014, Jurist john doe 3 appointed from her "Wheel" and/or "Kroll Team" ineffective and incompetent attorney for J.B. whom continually refused to proceed with J.B.'s requests and continually stated to Jurist john doe 3, J.B.'s requests, he felt "the requests are coming from J.B.'s father". This alone is not an independent attorney representing the "Best Interest" of their client. J.B. has extreme high IQ over 163.

254.     On June 21, 2014, Jurist john doe 3 refused to appoint legal counsel for Ms. Behr, Miracle and Casandra, showing her bias, prejudice, abuse of power and abuse of discretion.

255.     The "Guardian Ad Litem" appointed John Doe 23, lawyer volunteer for PBGAL, became involved in collusion with all Defendants to maintain his standing in 15thDC and with his colleagues and not in the "Best Interest" of minor children.

256.     John Doe 23 did factual and in testimony make false, fraudulent, fabricated statements by Directives from John Doe 22 to Mr. Behr saying he visited all the children at least once a month yet under sworn testimony, stated, he only met Ms. Behr and J.B., spoke to Miracle and Casandra via telephone 1 or 2 times violation of PBCDCF and PBCGAL protocol.

257.     In John Doe 23 false made statements to Mr. Behr, he went to Ms. Brooks home and did a walk through but did not see Casandra was forced to sleep on air mattress and he would investigate it. He failed to do so, never did a walk through or went to Ms. Brooks residence.

258.     In John Doe 23 sworn testimony in court, he was forced by John Doe 22 to give perjury testimony after informing Joseph Crumm, ChildNet, Inc. Supervisor exactly what he was going to testify to on behalf of children, then on the stand said the opposite by john doe 22

instance not in children's "Best Interest", john doe 22 would fail to even tell john doe 23 of hearing dates.

259.    Since kidnapping Ms. Behr and J.B., Jurist john doe 3, PBCDCF, Mr. Braun, Ms. Hudson, John Doe 3 and John Doe 4, had effectively denied Mr. Behr, his parental rights regarding decision making, visitation unsupervised, education, medical treatment, religious practice and his emotional and psychological support of his children including his ability to obtain medical or educational records with "No Just Cause".

260.    The extreme prejudice, discrimination and bias against Mr. Behr by Defendants' caused enormous irreparable emotional and psychological abuse of all his minor children and Mr. Behr, especially by Jurist john doe 3, Ms. Seder, Mr. Braun, Ms. Hudson, John Doe 22, PBCGAL and PBCDCF refusal to order visitation between Miracle, Casandra, Mr. Behr, Ms. Behr and J.B..

261.    On June 21, 2014, Jurist john doe 3 with objection for visitation by PBCDCF, Ms. Hudson, Mr. Braun, PBGAL, Ms. Seder and Ms. Brooks, refused to allow any visitation between Mr. Behr, Ms. Behr and J.B. with Miracle and Casandra and Defendants' assisted in Alienation of Miracle and Casandra from their family except with Ms. Brooks.

262.    On June 21, 2014 to the present Jurist john doe 3 denied Mr. Behr's request for Reunification and return of Ms. Behr and J.B. There were no factual allegations, just heresy by Defendants', that return of the children would have caused any harm to the children.

263.    On June 23, 2014, Ms. Brooks, being forced by Defendants' herein, filed a Dissolution of Marriage Petition Case No. 2014-DR-005899. In said Petition, Ms. Brooks does not file for **custody of parties' minor children,** fact, she files a statement giving PBCDCF the

right to select with whom parties' minor children should have custody, many fabricated, fraudulent statements against Mr. Behr and refused to serve Petition until July 17, 2014.

264.    From June 23, 2014 till December 2015, Ms. Brooks failed to request custody of any of parties' children, left Ms. Behr and J.B. in Foster Care without visitation, telephone calls or texts.

265.    From June 23, 2014 till February 15, 2016, Ms. Brooks repeatedly made fabricated and fraudulent statements to Ms. Behr's residence "Children's Home Society", to purposely get Ms. Behr into trouble with Children's Home Society (The actions will be submitted at a later date), to cause Ms. Behr irreparable emotional, psychological and aggregated continued child abuse with disregard to welfare of Ms. Behr and purposely to force Ms. Behr to **HATE HER**.

266.    The writ for quo warranto is necessary, FIGO and PBCIGO fails its obligations to Florida Citizens and Plaintiffs' by refusing to be separate identity from FDCF and PBCDCF. The laws are clear. The reason citizens of Florida approved Fla. Stat. 14.32. 20.055, 944.21 was to have an agency to oversee other agencies; FIGO and PBCIGO is in collusion with and involved in a RICO ACTION. They employee former DCF employee's, refuse to prosecution or investigations regardless of numerous complaints by citizens of Florida and they have offices in each FDCF Office, The FDIGO as mandated by Florida Inspector General Act of 1994;

> "is to promote economy, efficiency, and effectiveness in state government and detect, deter, and prevent fraud, waste, and abuse. Every state agency has an inspector general who achieves their mission through conducting professional and independent investigations, audits, and reviews. Our goal is to enhance public trust in government. Yet how can this possibly happen when each and every office of the Inspector General is located in the same offices they are to "PROMOTE ECONOMY, EFFICIENCY, EFFECTIVENESS AND DETECT, DETER, AND PREVENT FRAUD, WASTE AND ABUSE"

The FIGO has **"The Wolf to watch the Hen House"** and with PBCDCF, they are allowing children to die, be abuse and causing aggravated child abuse.

267.    Plaintiffs' files writ for quo warranto to Protect their Civil Rights, Protect Mr. Behr's Parental Rights and stop the False Imprisonment of Ms. Behr, J.B., Casandra, Miracle and other Florida minor children imprisoned by Defendants'.

268.    On July 9, 2014, Ms. Brooks plead guilty to Adjudication of Dependency and to this day failed to complete her court ordered "Case Plan". In case plan for therapy, her therapist admitted Ms. Brooks failed to give her information ordered by jurist john doe 3.

269.    On July 9, 2014, Jurist john doe 3 held "Status Check", not proceeding with trial, no attorneys for Ms. Behr, J.B., Casandra and Miracle causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse.

270.    On July 9, 2014, Jurist john doe 3 puts "Blame" for no attorneys on Mr. Behr causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B. aggravated child abuse.

271.    On July 9, 2014, Jurist john doe 3 issued visitation for Mr. Behr with only Ms. Behr and J.B., supervised for one hour every Saturday and visitation between Ms. Behr and J.B. only for one hour every Saturday supervised. ChildNet informed Mr. Behr each visit must be recorded. There was no "Order" for such invasion of privacy by ChildNet. No visitation between all siblings nor visitation between Mr. Behr and Miracle and Casandra creating alienation and a division of a family.

272.    On July 9, 2014, Jurist john doe 3 order's Ms. Behr to see Neurologist upon Mr.

Behr's insistence and over a month since PBCDCF refused her scheduled and missed
appointment causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and
J.B., causing aggravated child abuse and medical injuries.

273.    On July 9, 2014, Ms. Behr and J.B. have been illegally held against their will for
almost 2 Months without a Shelter Hearing, with no family visitation causing Plaintiffs' harm,
severe emotional and psychological pain and Ms. Behr and J.B. Aggravated child abuse.

274.    On July 15, 2014, Jurist john doe 3  order's supervised sibling visitation only upon
agreement between sibling identifying the lack of concern as required for family reunification.
Ms. Behr, J.B., Casandra and Miracle have not had any visitation among themselves since
February 15, 2014 caused by Ms. Brooks refusal to allow visitation in which to control,
manipulate and cause psychological harm with malice.

275.    July 15, 2014, Jurist john doe 3 order's trial for 2-day hearing for Adjudication of
Dependency, denying Due process by failing to hold any Shelter Hearing.

276.    July 15, 2014, Jurist john doe 3 has not appointed legal counsel for Ms. Behr,
J.B., Casandra and Miracle.

277.    On July 15, 2014, PBCDCF, Ms. Brooks, Mr. Braun, John Doe 22, and Ms. Seder
met in Ms. Seder's rented conference room, to brainwash, control, groom and manipulate
Miracle and Casandra, without Miracle and Casandra having legal representation nor their
appointed Guardian Ad Litem John Doe 23.

278.    In meeting, PBCDCF, Ms. Brooks, Mr. Braun, John Doe 22, and Ms. Seder wrote
Down exactly what Miracle and Casandra where to testify to at "Adjudication for Dependency
trial". Had Miracle and Casandra re-write lists against Mr. Behr, in their handwriting per
Miracle's statements to Mr. Behr using the threat "PBCDCF will place them into foster care if

68

they do not do what they are told to do against Mr. Behr", Father , denying Miracle and Casandra attorneys.

279.    "In *F.L. v. Department of Children & Families*, 849 So.2d 1 114 (Fla. 4th DCA 2003) and *A.B. v. Department of Children & Families*, 816_so. 2d_684, 685 (Fla. 5[th] DCA 2002), where a mother challenged the constitutionality of the statute, the Department argued that section 39.806(1) was simply a codification of the holding of Padgett. In upholding the statute, the fifth district attempted to reconcile the statute with Padgett by stating:

> a."parent whose rights have been involuntarily terminated as to one child may avoid termination as to another child if he or she comes forward with evidence that the circumstances or pattern of conduct that led to termination of parental rights to the other child cannot serve as a predictor of his or her conduct with the child at issue. Considering the supreme court's opinion in Padgett in this context, the statute is constitutional." 47 id. at 686. We think that by shifting the burden to the mother to show that her past conduct does not serve as a predictor of current conduct, the court has relieved the state of its burden of demonstrating that reunification with the current child poses a substantial risk of harm. All the state has to do, according to A.B., is to show the mother's past conduct. It then becomes the duty of the mother to show that her past conduct does not predict that the current child is at substantial risk. This is contrary to Padgett's express holding. See 577 So.2d at 571 ."

280.    By Defendants brainwashing, controlling, grooming and manipulation of Miracle and Casandra, caused irreparable harm to all Plaintiffs' and Miracle and Casandra while benefiting Defendants' personal standings in their positions as exposed:

a.   Mr. Braun – promoted; b. Defendant Ms. Hudson– promoted; c. John Doe 3 – promoted; d. Ms. Taggert – promoted; e. Defendant Ms. Seder– increased referrals from Palm Beach County Domestic Abuse Office; f. Other Defendants promotions and benefits will be identified through discovery;

281.    Plaintiffs' affirm their belief aggravated child abuse by Defendants' has caused Casandra to suffer Stockholm syndrome at the hands of Ms. Brooks, Ms. Brooks paramour, Ms. Seder, Mr. Braun, John Doe 22, PBCGAL:

a.   "Stockholm syndrome From Wikipedia, the free encyclopedia; b. Stockholm

syndrome (sometimes erroneously referred to as Helsinki syndrome) is a condition that causes <u>hostages</u> to develop a psychological alliance with their captors as a survival strategy during captivity. These <u>feelings</u>, resulting from a bond formed between captor and captives during intimate time spent together, are generally considered irrational in light of the danger or risk endured by the victims. Stockholm syndrome consists of "strong emotional ties that develop between two persons where one person intermittently harasses, beats, threatens, abuses, or intimidates the other." The <u>FBI's</u> Hostage Barricade Database System shows that roughly eight percent of victims show evidence of Stockholm syndrome. Formally named in 1973 when four hostages were taken during a bank robbery in <u>Stockholm,</u> Sweden, Stockholm syndrome is also commonly known as "capture bonding". The syndrome's Title was developed when the victims of the Stockholm bank robbery defended their captors after being released and would not agree to testify in court against them. Stockholm syndrome's significance arises because it is based in a paradox, as captives' sentiments for their captors are the opposite of the fear and disdain an onlooker may expect to see as a result of trauma. There are four key components that generally lead to the development of Stockholm syndrome: a hostage's development of positive feelings towards their captor, no previous hostagecaptor relationship, a refusal by hostages to cooperate with police forces and other government authorities, and a hostage's belief in the humanity of their captor, for the reason that when a victim holds the same values as the aggressor, they cease to be perceived as a threat. Stockholm syndrome is considered a "contested illness," due to many law enforcement officers' doubt about the legitimacy of the condition."

282.   Jurist john doe 3 <u>NEVER</u> appointed legal counsel for Miracle nor Casandra. in violation Fla. Con. Art. 1, Section16, children's Civil Rights and "Due Process" whereby Mr. Behr's legal counsel, Ms. Behr's legal counsel (when she had legal incompetent counsel) and Plaintiff J.B.'s incompetent legal counsel, refused to address any issues Plaintiffs' requested of them to Jurist john doe 3 stating "they did not want to upset people they work with".

283.   On July 21, 2014, Jurist john doe 3 issues order stating Mr. Behr "withdrew" his "Motions to Appeal and/or Dismiss Final Judgement Protection Against Domestic Abuse w/Children and/or New Hearing" on case number 2014-DR-303128. Mr. Behr never withdrawn his Motions, Jurist john doe 3 identifies her manipulation of legal system and in violation of "Due Process".

284.   On July 21, 2014, Jurist john doe 3 issues order "Amendment to Injunction for

Protection Against Domestic Violence" case no. 2014-DR-003128, identifies Mr. Behr did not

withdraw his "Motions to Appeal and/or Dismiss Final Judgement Protection Against Domestic

Abuse w/Children and/or New Hearing", Jurist john doe 3 violates Mr. Behr's 1st Amendment

and 14th Amendment rights by stopping communication between a husband and wife, whereby

Jurist john doe 3 identifies her manipulation of the legal system and in violation of "Due

Process", criminal acts, Judicial Cannons, Professional Conduct.

285.    PBCDCF and its agents threatened Mr. Behr with losing his "parental rights" if

Mr. Behr refused to sign a case plan and "guilty plea" with court. Mr. Behr refused and

maintained his innocence from May 19, 2014 to present.

286.    In July 2014, Jurist john doe 3, in retaliation, continued imprisonment of Ms.

Behr and J.B., allowing their 2 minor siblings to survive with Ms. Brooks and her paramour, not

assigning any minor children any legal counsel 2 months after being imprisoned in foster care,

she assigned an attorney for J.B. only and sometime in August, 2014 before Adjudication

Dependency trial, assigned legal counsel of whom was part of Jurist john doe 3 "Team" and was

in collusion with Defendants' herein, incompetent and corrupt giving Ms. Behr and J.B. false

legal advice and refusing to proceed as directed by appointed clients.

287.    On August 5, 2014, Jurist john doe 3, in chambers without parties, issues order

denying Mr. Behr's "Motion to Dismiss Final Judgement of Injunction for Protection Against

Domestic Violence with Minor children (After Notice) violating Plaintiff Mr. Behr's 1st

Amendment and 14th amendment rights.

288.    In August 2014, Jurist john doe 3 assigned this **alleged serious case** matter where

Mr. Behr allegedly attempted to **"Kill"** Ms. Behr, to retired Jurist john doe 4.

289.    On August 5, 2014, Jurist john doe 3, in chambers without parties, issued order

denying Mr. Behr's "Motion to Dismiss Final Judgement of Injunction for Protection Against Domestic Violence with Minor children (After Notice) violating Mr. Behr's 1ST Amendment and 14th amendment rights, whereby Jurist john doe 3 identifies her manipulation of the legal system, discrimination of Mr. Behr for his age, gender and aggravated child abuse.

290.    On August 5, 2014, Jurist john doe 3 in chambers without parties, issued order "Order Requiring Parties to File Proof of completion of Parenting Classes" (Within (10) days in violation of Fla.R.Fam.Civ.Proc.. Mr. Behr was served with "Dissolution of Marriage Petition on July 17, 2014, had 20 days to respond, and thirty days to complete Child Parenting classes, Jurist john doe 3 identifies her bias, prejudice, abuse of discretion, abuse of power, denying Due Process, discrimination of Mr. Behr for his age, gender and aggravated child abuse.

291.    August 6, 2014, Jurist john doe 3 issued an order to "stricken" Mr. Behr's mother, Sheila G. Behr's motion for visitation and telephone communication in direct violation to "Due Process" and age discrimination against Plaintiffs' as Ms. Behr and J.B. wanted to see their grandmother. PBCDCF failed to do a "Home Study" on Mr. Behr's mother, Sheila G. Behr's as ordered nor speak with her. Jurist john doe 3 refused to enforce home study per order and violated Plaintiffs' "Due Process Rights".

292.    August 6, 2014, Jurist john doe 3 ordered Plaintiffs'' Motion for Services for PBCDCF failure to provide, violating previous Order's for evaluations violating "Due Process" and per Fla.Stat Chap 39.

293.    PBCDCF failed to produce such services and reports causing Plaintiffs' harm, severe emotional, psychological pain and Ms. Behr and J.B. Aggravated child abuse.

294.    PBCDCF through Mr. Braun, filed an illegal motion for contempt against Mr.

Behr for communicating with his children stating there is a "No Contact" order against Mr. Behr in direct violation of Plaintiffs' Civil Rights and Parental Rights, without "GOVERNMENTAL INTERFERENCE" in violation of "Due Process" as there was NEVER a "No Contact Order".

295.   August 6, 2014, Jurist john doe 3 issued a verbal demand order for Ms. Behr and J.B. to turn over their phones which they did not own, to PBCDCF, demanded their passwords for phone, social media and personal info, in which to have phones forensically analyzed alleging a violation of a NON-EXSISTING "NO CONTACT ORDER", in direct violation of privacy law, violating without "just cause" their personal freedoms especially privacy, with no warrant or written order to turn phones over with NO "just Cause" by court identifying her bias, prejudice and discrimination, failure of Jurist john doe 3 reviewing case matter, causing Plaintiffs' harm, severe emotional, psychological pain for Ms. Behr and J.B., aggravated child abuse violation pursuant to Fla. Cannon's, Federal and state laws, denied Plaintiffs' of privacy, Life, Liberty and Freedom.

296.   August 6, 2014, Defendants' have not provided Ms. Behr, Casandra nor Miracle legal counsel. Jurist john doe 3 provided J.B. legal counsel John Doe 28. John Doe 28 was in collusion with Defendants and was/is incompetent, not acting in the "Best Interest" of J.B. at any time. Basically, a puppet of Defendants'.

297.   On August 8, 2014, Mr. Behr sent letter identifying people PBCDCF has refused to allow Mr. Behr to talk to regarding case no. 2014-DP-000328 Dependency Case as per directive of Jurist john doe 3. John Doe 27 refused to submit this list to court whereby Jurist john doe 3 refused to address unless legal counsel filed letter violating Mr. Behr's 1st Amendment and 14th Amendment rights stopping communication between father and child, father and child's

medical, education, other professionals, husband and wife, whereby jurist john doe 3 identifies

her manipulation of legal system, violation of civil rights and violation of "Due Process".

298.    On August 15, 2014, jurist john doe 4, ordered Ms. Behr, J.B., Casandra and

Miracle to testify at Adjudication of Dependency hearing with special protection.

299.    On August 18, 2014, Jurist john doe 3 in chambers without parties, issued order

denying Mr. Behr's "Request for Hearing to Show Cause" against Ms. Brooks violating Mr.

Behr's 1st Amendment and 14th amendment rights, Jurist john doe 3 identifies her manipulation

of legal system and violation of "Due Process".

300.    On August 22, 2014, Adjudication of Dependency Trial started, continued in

violation of "Due Process", FDCF, PBCDCF "protocol", criminal acts, Judicial Cannons,

Professional Conduct, in collusion with Defendants, aggravated child abuse. denied Plaintiffs'

Life, Liberty and Freedom.

301.    On August 26, 2014, the start of Adjudication of Dependency Trial, Jurist john

doe  stated on the record the following:

   a.   "I thought I was here to hear a different type of case"; b. "I am not up to date on the
changes of law for Adjudication of Dependency Trial"; c. "Why is this case scheduled
for 2 different dates a week apart instead of the trial being tried to completion?"; d.
"That's how I ran my court".

302.    On August 26, 2014, jurist john doe 4 "Granted" "Adjudication of Dependency"

against Mr. Behr without a trial being completed. This is a serious infringement of Plaintiffs'

civil rights.

303.    Plaintiffs' affirm their belief PBCDCF repeatedly filed with 15thDC

documentation and Jurist john doe 3 did review but denied Plaintiffs' their right to review, were

denied their right hold a hearing to object to said documentation, in violation to Fla. Stat

90.204(3)(4) and "Chose" not to hear actual trial assigning case to jurist john doe 4, whom was

ill prepared as stated on record, not up-to-date on laws and procedures for hearing Adjudication Dependency Trial, violation pursuant to Fla. Cannon's, Fla.R.Fam.Civ.Proc., Fed. And State constitution and laws.

304.    Jurist john doe 4 stated on record he wanted Mr. Braun to assist him in procedures and laws, direct violation of "Due Process" for a Judge to be impartial and unbiased.

305.    Jurist john doe 4 on record, did question why Adjudication of Dependency Trial was scheduled for 2 different days, a week apart and stated, "this was not normal".

306.    Jurist john doe 4 failed to produce court decision in a required time per Fla. Con. Art. 1, Section 16, preventing "Justice and Due Process" involving minor children to conclude in an expediated manner.

307.    Jurist john doe 4, after numerous discussion with Jurist john doe 3 and Mr. Braun, requested Mr. Braun to write court's un-announced decision/order for him to sign in direct violation pursuant to Fla. Cannon's, Fed. and State Constitution and laws.

308.    Jurist john doe 4 issued his decision without "Factual Statements or Opinion" as required by Fla.R.Fam.Civ.Proc. to allow jurists whom take over case to understand decision.

309.    Upon issuance of Order, Mr. Behr did repeatedly request to file Appeal of Order to FCCCRC, John Doe 30 and John Doe 29.

310.    Fla.Stat.Chap. 39 demands children be returned to parental home as soon as safely possible. Defendants' failed to do so with malicious intent to harm Plaintiffs'.

 311. Jurist john doe 3's reasoning for not allowing Ms. Behr and J.B. to return home to Mr. Behr was without "Just Cause" on collusional bias basis of fabricated, fraudulent, libelous, slanderous statements with **<u>no factual documents or factual evidence</u>** by Ms. Brooks, Ms. Seder, Mr. Braun, Ms. Hudson, Jurist john doe 3, John Doe 3, John Doe 22, John Doe 28 and

PBCDCF to sacrifice children for their own personal careers. Ms. Brooks gave up her children to start **new "Life" under the control, manipulation and "grooming" by Ms. Brooks paramour, Eric Matthew Billington (Felon and abuser).**

312.    PBCCCRC as incompetent legal counsel in collusion with Defendants, paid by state and county funds, failed to inform Mr. Behr of his rights, right to a trial by jury, right for discovery, right for all court filed documents and failed to provide Mr. Behr any documentation.

313.    Defendants' never entertained retuning minor children to Mr. Behr but wanted Ms. Behr and J.B. to go Ms. Brooks, whom **REFUSED** to take custody, identifying Defendants' discrimination, prejudice and bias against Mr. Behr and men.

314.    Jurist john doe 3, with full knowledge case herein was fabricated and fraud upon the court, being committed by PBCDCF, Mr. Braun, Ms. Seder, Ms. Brooks, John Doe 22 and John Doe 23, allowed fraud and collusion by Defendants', refused to preside over "Verified Petition for Adjudication of Dependency" trial. Jurist john doe 3, failed "One family one judge" Fla. Supreme court directive order.

315.    Jurist john doe 4 denied Plaintiffs' their right to face their alleged accuser's Miracle (17 yrs. old at time) and Casandra (1 month away from 15 yrs. old at time) during trial. Jurist john doe 4 ordered attorneys to prepare **only** 10 to 20 questions with no cross-examinations permitted. Jurist john doe 4, held testimony of Miracle and Casandra in camera.

316.    Jurist john doe 4 made various rulings on admission of evidence, as his ruling select state witnesses were experts without training, without bringing their intern notes, documents and being totally unprepared for trial. Judge Colton went forth on record, stating **"what is an expert anyway?".** This is a serious infringement of civil rights of "Due Process", criminal acts and abuse of discretion.

317.    The past history of Jurist john doe 4, whom 4thDCA has "Slapped Down" for his "Flip" Handling of 17-year-old runaway" only months after having Mr. Braun wrote Adjudication Dependency Order without issuing any directives of innocent, guilty and no Factual Statements of Evidence, on record, no opinion as the "Norm" so other jurist would understand his decision:

> "The Fourth District Court of Appeal slaps down Judge Roger Colton for his flip handling of a 17-year-old runaway's case." Samantha Joseph, Daily Business Review January 21, 2015."

318.    3 Month's after trial, Order written by Mr. Braun, was issued. Mr. Behr's incompetent attorney, on Jurist john doe 3's team, ("Jurist john doe 3's Team" or "Wheel" defined as and involves legal counsel assigned to Jurist john doe 3's court. This "Jurist john doe 3's Team" without rotation produced corruption and collusion. Legal counsel for Plaintiffs' were concerned more with their colleges and Jurist john doe 3 than clients), John Doe 29, did not even **KNOW** Order was issued for 6 months.

319.    Under Mr. Behr's argument with John Doe 29 and PBCCCCRC, John Doe 29, were forced to file a Habeas Corpus for permission to file late Notice of Appeal with Jurist john doe 3 and then withdrew from case matter.

320.    Jurist john doe 3 then assigned 3 different legal counsel from "Kroll's Team" to Mr. Behr, 2 had a conflict of interest (1 whom represents organization called "Child Protection Team of Palm Beach, Inc." lead legal counsel) and 3rd was incompetent or ineffective legal counsel John Doe 31, whom never met Mr. Behr nor read transcript before filing with 4thDCA "Motion to Dismiss" for alleged lack of Appealable issues without discussing with Mr. Behr.

Other competent legal counsel even PBCCRC stated transcript showed numerous appealable issues.

321.    Defendants' purposely with malicious intent, destroyed relationships between Plaintiffs', Miracle, Casandra and Ms. Brooks, denying them relationship with Plaintiffs' (to this day) to manipulate, "groom" and destroy these children and Ms. Brook, for "FACT" Ms. Behr and J.B. **"WANTED TO LIVE WITH DAD!"**  and to protect a criminal adulterer, abusive mother, female; as Defendants' norm "protocols'".


322.    Jurist john doe 3 verbally and in order's, attacked Plaintiffs', at almost every hearing, trying to **"BREAK"** them to do what Jurist john doe 3 and PBCDCF wanted, not in "BEST INTEREST" of children, violation of Plaintiffs' Civil Rights and Parental Rights without "Governmental Interference".

323.    Jurist john doe 3 ruled 99% against Plaintiffs' "Motions/Petition" in all case matters with "No Just Cause" or legal precedence, showing bias, prejudice, age and sex discrimination, identifying her prejudice, collusion, professional misconduct, dereliction of duty.

.        Jurist john doe 3 did yell/BULLY, disrespectfully at Ms. Behr when Ms. Behr refused communication and refused relationship with Ms. Brooks after discovering Ms. Brooks was stalking her, by stating the following:

a.  "You are making a BIG mistake here!"; b. "You will suffer for this decision!"; c. "You talk like your father!"; d. "You will never be successful in life by your decision here today!"; e. "You will regret your decision here!"; f. "You are a failure to this court!"

324.    Jurist john doe 3 did yell/BULLY J.B. informing him of the following:

a.  "This Court will not fail you as we have for your sister!"; b. "You will have a relationship with your mother!"; c.  "You will do what I tell you!"; d. "You will talk like your father!"; e. "I do not care what you want!"

325.    Defendants' caused Malicious Prosecution pursuant to Fla.Stat.Chap. 95 by fabricating, making fraudulent documents against Plaintiffs' to prosecute for the following:

a.   Adjudication for Dependency; b. Civil Contempt for talking, texting Ms. Behr; c. Criminal Contempt for picking up Miracle when Ms. Behr threw her and her 2-week-old son out on the street;

326.    Defendants' ill intent and malicious persecution of Plaintiffs', for purpose to slander, libel and defame Mr. Behr in order to protect Defendants' unconstitutional activities, and grant Ms. Brooks custody even after Ms. Brooks abandoned Plaintiffs'.

327.    Jurist john doe 3, full year later, hand writes order stating there was **"NO NO CONTACT ORDER"** issued at any time, has denied Plaintiffs' all their Civil Rights for over a year, and alleged "No contact Order" was fabricated by Defendants' followed by Jurist john doe 3 till records were finally reviewed. Defendants' committed "Fraud upon the Court". Jurist john doe 3 did, with malice, intent to harm, prevented Plaintiffs' from communicating for over a year to attack Mr. Behr, (A FATHER AND A MAN) in retaliation for fighting for his civil rights and as a discrimination act against Mr. Behr and all men/fathers. Plaintiffs' civil rights were fully denied by Defendants'.

328.    On September 12, 2014, Jurist john doe 3 in chambers, issued order denying Mr. Behr's "Motion to Dismiss Final Judgement of Injunction for Protection Against Domestic Violence with Minor children (After Notice) violating Mr. Behr's 1st Amendment and 14th amendment rights, Jurist john doe 3 identifies her manipulation of legal system in violation of "Due Process", criminal acts, Judicial Cannons, Professional Conduct.

329.    On September 22, 2014, Jurist john doe 3 Denied Mr. Behr's "Motion to Dismiss Final Judgment of Injunction for Protection Against Domestic Violence" with "No Just Cause",

no written "Opinion" in direct violation of Mr. Behr's Civil Rights, "Due Process", criminal acts, Judicial Cannons, Professional Conduct, in collusion with Defendants herein.

330.    On September 17, 2014, Jurist john doe 3 granted Mr. Behr a case plan; Mr. Behr objected to, in violation of Mr. Behr's Civil Rights, "Due Process" et al.

331.    September 19, 2014, Judicial Review was continued by John Doe 32 in violation of Plaintiffs' Due Process and Civil Rights.

332.    On September 22, 2014, Jurist john doe 3 found Mr. Behr in violation of Protection order for allegedly texting Ms. Brooks, with no Factual Evidence submitted, Mr. Behr had alleged "Firearm and/or ammunition in his Home". No testimony to this statement was given and in previous order, states "firearm was in a storage facility" (in Pahokee, Fl), nor does Special Injunctive Relief order state anything about ammunition in direct violation of Plaintiffs' Civil Rights, "Due Process", criminal acts, Judicial Cannons, Professional Conduct, to "Discredit and defame" Mr. Behr in collusion with Defendants, denying Plaintiffs' Life, Liberty and Freedom..

333.    On October 8, 2014, Jurist john doe 3 in chambers, issues order denying Mr. Behr's "Motion to Compel" communication with Mr. Behr's minor children violating Mr. Behr's 1st Amendment and 14th amendment rights by stopping communication between a father and child. Jurist john doe 3 identifies her manipulation of legal system and in violation of "Due Process", aggravated child abuse violation pursuant to Fla. Cannon's, denied Plaintiffs' of any Life, Liberty and Freedom.

334.    On October 10, 2014, Jurist john doe 3 held another "Status Report" which she order's return of Ms. Behr and J.B.'s phones, adds illegal stipulations on Plaintiff's phone rights with "No Just Cause". Phones were not returned by Defendants' for months in violation of order.

335.    Per Federal and Florida Constitution and case law, Plaintiffs' are entitled to a <u>fair</u>

trial with effective legal counsel. Jurist john doe 3 denied Miracle and Casandra legal representation completely, assigned ineffective and incompetent legal counsel for Plaintiffs' violating Fla.Con.Art. I, Section 16 excluding Ms. Behr's final appointed legal counsel, denying Due Process and right to fair trial, Fla.Stat. 27.52(2),(3),(6) and Chapter 39, 42 U.S.C. 1983, 1985, Civil Rights, FDCF, PBCDCF "protocol", criminal acts, Judicial Cannons, Professional Conduct, Federal and state laws as stated on line 1 and line 49 herein. This effectively denied Plaintiffs' of any Life, Liberty and freedom.

336.    On October 14, 2014, first Judicial Review was held by John Doe 32. Mr. Braun filed a fabricated, fraudulent report with numerous falsification of fact, see line 7, 8, 9, 10., 11., 12., 13., 14., 15., 16., 17., 18., 19., 20., 21., 22., pg. 6, 1., 2., 3., 4., 5., 6., 7., 8., 9., 10..

337.    On October 14, 2014, first Judicial Review was held by John Doe 32. John Doe 29, John Doe 31 refused to submit a copy of order stated in line 337, to Plaintiffs denying '' Due Process, of any Life, Liberty and Freedom.

338.    On October 22, 2014, Jurist john doe 3 held another "Status Check" and Motion to Allow Mr. Behr to go to Ms. Behr's swim meets. Jurist john doe 3 denies motion with "no just cause" as there is no order for "No Contact" causing aggravated child abuse.

339.    On October 22, 2014, Jurist john doe 3 denies additional visitation between Ms. Behr and J.B., refuses to issue any visitation between Mr. Behr, Miracle and Casandra with "No Just Cause", denying Plaintiffs'' Due Process, of any Life, Liberty and Freedom.

340.    Defendants with full knowledge under Chapter 39 of Fla.Stat.:

"trial court may find a child to be "dependent" if the court determines by a **preponderance of the evidence** that the child has been "abandoned, abused, or neglected by the child's parent or parents, legal custodians, or caregivers." 39.01(14)(a), Fla. Stat. (2003). The court may also find a child to be dependent where the court finds the child "to be at substantial risk of imminent abuse, abandonment, or neglect by the parents.

This was not the case herein, violating Plaintiffs' Civil Rights, caused aggravated child abuse, "Due Process", FDCF , PBCDCF "protocol", criminal acts, Judicial Cannons, Professional Conduct, in collusion with Defendants, denied Plaintiffs' of any Life, Liberty and Freedom.

341.   Defendants' know under Fla.Stat. 1 (14)(f) (2003), Section 39.01(45) states that "neglect" occurs:

> "when a child is deprived of, or is allowed to be deprived of, necessary food, clothing, shelter, or medical treatment or a child is permitted to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired. The foregoing circumstances shall not be considered neglect if caused primarily by financial inability unless actual services for relief have been offered to and rejected by such person. . Section 39.01(30) states that "harm" to a child's health or welfare can occur when any person: "inflicts or allows to be inflicted upon the child physical, mental, or emotional injury. , ."

342.   In this case matter, Defendants' made absolutely no **factual findings** against Mr. Behr that he harmed, neglected, abused, or abandoned any of his 4 children nor he had allowed them to suffer any harm or abuse. In Order of Adjudication, trial court is required to set out facts on which its finding of dependency is based on §39.507(6), Fla. Stat. (2005); Fla.R.Juv.P.8.330(g). Defendants'.

343.   An Order of Adjudication requires specific findings of fact:

> "In Interest of *D.M.S., 528 So. 2d 505* (Fla. 2d DCA 1988). Courts have consistently held that failure to comply with this directive will result in the order being vacated and the case remanded for entry of a proper order or for a new hearing. See *T.M. v. Dep't of Children & Families, 813 so. 2d 200* (Fla. 5th DCA 2002); *J.C.G. v. Dep't of Children & Families,* 780 So. 2d 965 (Fla. 5th DCA 2001) (holding that although there was sufficient evidence to support a finding of dependency, failure to include sufficient facts in the order to support the adjudication of dependency required that the matter be remanded with instructions to the trial court to provide such findings); *L.B. v. Dep't of Children & Families, 766 So. 2d 1259* (Fla. 5th DCA 2000). The requirement that the trial court set forth specific findings of fact is logically required. *Williams v. Dep't of Health of Rehabilitative Services, 568 So.2d 995* (Fla. 5ᵗʰ DCA 1990). The findings are useful to help parents, counselors, and H.R.S. representatives understand what the trial court found to be the reasons for dependency and to plan for remedial action. Id. at 997. The findings are also useful for the trial court at later hearings addressing whether an

adjudication of dependency ought to be dissolved or otherwise modified and to aid a successor judge who may have to consider the reasoning of a prior judge. Id."

344.   Ms. Behr and J.B. have written many letters to Jurist john doe 3 explaining they do not wish to have contact with Ms. Brooks. They have explained they are not ready to have a relationship with Ms. Brook as:

(1) "once Ms. Brook started her extramarital affair that led to the mother and father divorcing, Ms. Brook started to treat them poorly; (2) Since January 2014, Ms. Brooks left Ms. Behr on the side of the road two times and called Mr. Behr, to retrieve her; (3) Ms. Brook threw Ms. Behr out of her residence; (4) Ms. Brook has threatened to have Ms. Behr, J.B. and Casandra. committed in a psychiatric hospital; (5) Ms. Brook has threatened to have Ms. Behr arrested; (6) Ms. Brooks has lied to PBCDCF resulting in Ms. Behr and J.B. being taken into foster care by her refusal to take them into her residence; (7) Ms. Brooks has not initiated any visits with them, (8) since in foster care, Ms. Brooks has refused Ms. Behr's calls, texts and deleted her as a friend on Facebook; (9) Ms. Brooks has told everyone that Ms. Behr attempted suicide which Ms. Behr and all the evidence steadfastly denies and shows at the same time, told PBCDCF Mr. Behr tried to "Kill" Ms. Behr; (10) Ms. Brooks has refused to allow any visits with their siblings. Moreover, Ms. Behr has never met her half-sibling as of the filing herein; (11) J.B. went into great detail of what Ms. Brooks and her paramour has done to him. His letters total more than 18 pages and for a 13yrs. old at the time and another when he was 14 yrs. old. Defendants' have issued no parental directive for Casandra and Miracle to interact with their Siblings nor parent, Mr. Behr. In fact, Defendants had all 4 children living at different locations for over a year"

345..   In Mr. Behr's Motion for Modification of placement for Casandra to be reunited with Plaintiffs' in her "Best Interest". Mr. Behr, has substantially complied with fraudulent terms of case plan he objected to, to extent the safety, well-being, and physical, mental, and emotional health of the child is not endangered by return of child to Mr. Behr's home. PBCDCF, Mr. Braun, Ms. Seder, Ms. Brooks, John Doe 22 and Jurist john doe 3 should have continued to monitor Casandra and Miracle and failed to do. The actions and lack of actions by PBCDCF, Mr. Braun, Ms. Seder, Ms. Brooks, John Doe 22 and Jurist john doe 3 prevented reunification was/is biased, scrupulously illegal, and partial monitoring of Minor Children causing permanent

emotional and psychological damage to Plaintiffs'.

346.    On November 2014, Mr. Behr filed for reunification with his children. Jurist john doe 3 denied this motion with no opinion offered in direct violation of Plaintiffs' Civil Rights.

347.    On November 14, 2014, Jurist john doe 3 refused to rule on Motion for Thanksgiving Visitation between Plaintiffs', continued ruling to November 19, 2014 in violating Plaintiffs'' Due Process, Civil Rights, "Due Process", denied Plaintiffs' of any Life, Liberty and Freedom.

348.    On November 14, 2014, Jurist john doe 3 ordered J.B. to reunification therapy with Ms. Behr by Ms. Tolbert (known as Dr. Death). Ms. Tolbert will support PBCDCF, court opinion highest bidder for her services and not in patients "Best Interest". PBCDCF supported over 70% of Ms. Tolbert monetary gains causing aggravated child abuse, in violation of "Due Process", criminal acts, Judicial Cannons, Professional Conduct, to "Discredit and Defame" Mr. Behr. collusion with Defendants. Federal and state laws pursuant as stated on line 1 and line 49.

349.    Defendants' did not offer scintilla of any **factual condition** that would endanger children in Mr. Behr's home in petition, reports or documents.

350.    On December 3, 2014, Jurist john doe 3 amended case plan for Mr. Behr over Mr. Behr's objections, with Ms. Behr and J.B.'s legal counsel appearing via telephone without consulting with their clients in denying Plaintiffs' Due Process.

351.    On December 3, 2014, Jurist john doe 3 ordered reunification therapy to start only between Ms. Behr, J.B. and Ms. Brooks, failing to order reunify Plaintiffs' with Mr. Behr, Casandra and Miracle. This action and lack of action by jurist john doe 3 identifies her discrimination, prejudice, abuse of discretion and abuse of power.

352.    On December 4, 2014, Jurist john doe 3 issued omnibus order denying Mr. Behr's

84

Motions filed, cancelled a hearing to "show cause" on case matter 2014-DR-003128 and

violating the norm for "One Family One Judge" re-assigned case matter to Judge Coates, just

appoint by Fla. Governor to 15thDC.

353.    On December 17, 2014, Jurist john doe 3 during another almost 2 X month

"Status check" with no resolutions, order's "Case Plan" for Mr. Behr is "on going", states

grandma visiting is a scheduling issue, meaning no visitation, Casandra is to be included in

therapy with J.B., all attorney's "not to be fired" and denied Plaintiffs' and Casandra their right

to celebrate religious Holiday, order caused aggravated child abuse.

354.    The 15thDC did not balance this family.

355.    Defendants' have <u>ignored Casandra and Miracle since May 19, 2014</u> when this

entire matter started with Casandra's statement Mr. Billington has her <u>"getting under the covers</u>

<u>in his bed only</u> when no <u>one was home and that IT FELT GOOD".</u>  Casandra and Plaintiffs' have

been denied her siblings/father including her oldest sister Miracle by Defendants'.

356.    Defendants' herein using alleged 30-year-old un-certified information to deny the

rights of Plaintiffs' herein pursuant to:

"If section 39.806 can be interpreted as permitting "the heavy hand of government
paternalism," Padgett, 577 So.2d at 570, to be stretched out at any time to remove a child
from its parent's custody, based solely on the parent's past conduct, without any regard for
present circumstances, such a construction, in my judgment would violate the fundamental
liberty interest of the natural parent in the care, custody, and management of his or her
child. The interpretation the Department advanced ignores empirical evidence, as presented
in this case, that human beings have the ability to change, and that even parents deemed
unfit because of their past actions to raise certain of their children deserve a second chance
at raising others. Id. at 496. We agree with the sentiments of Judge Ervin and conclude,
contrary to A.B., that the statute is facially unconstitutional where it permits termination of
parental rights solely upon the involuntary termination of rights to another child. To pass
constitutional muster Padgett requires the state to prove that reunification with the current
child would pose substantial risk to the child. See 577 So.2d at 571. The statute, as
construed by A.B., relieves the state of this burden and shifts to the parent the burden of
showing that current conditions are unlike those of the past and that reunification will not
pose a substantial risk of harm to the child. Because the trial court relied on A.B. and

shifted the burden to the mother, its decision did not satisfy the constitutional requirements of Padgett."

"DCF has not proved reunification will pose a substantial risk to C.N., Jr. or that the provision of services to F.L. would be futile in permitting reunification. For the foregoing reasons, we reverse the final judgment terminating parental rights and remand for further proceedings. We certify conflict with A.B. as we have held section 39.806(1)(i) is facially unconstitutional, thus, inviting supreme court review. The power and authority of DCF to seek termination of parental rights is a significant and continuing problem in this state. DCF should neither be too slow to protect our precious children, nor too quick to terminate a parent's fundamental right to raise his or her child. The proper construction of its duties and responsibilities under these statutes is a matter of vital importance to the 36 families' responsibilities under these statutes is a matter of vital importance to the families of this state."

357.     PBCDCF refused Ms. Behr, her required psychotropic medication for Bi-Polar, OCD, Asperger's even while PBCDCF was/is being sued in Federal Class Action Lawsuit against PBCDCF failing to provide Mentally Ill Patients proper treatment, in violation of Plaintiffs' Civil Rights.

358.     PBCDCF is acting as though we are in the "STONE AGES" not the 21st Century.

359.     Order for Adjudication of Dependency did not identify any "factual issue" against Mr. Behr. Mr. Braun, PBGAL, John Doe 22, slandered and Defamed Mr. Behr with open motions and then libeled and defamed Mr. Behr by filing motion for Mr. Behr to have psycho-sexual test. Jurist john doe 3 ordered Mr. Behr, to have a "normal" psychological test, psycho-sexual test. Mr. Behr's legal counsel did not object except for psycho-sexual testing. Jurist john doe 3 refused to order same for Ms. Brooks showing her bias, prejudice, abuse of discretion, abuse of power and sex discrimination, causing aggravated child abuse, in violation of "Due Process", denied Plaintiffs' of any Life, Liberty and Freedom.

360.   Mr. Braun purposely with malicious intent, slandered, libeled and defamed

Plaintiffs' accusing Mr. Behr, being sexual predator of minor's, continually wanted Mr. Behr to be administered a "psycho-sexual psychiatric test" with no "just cause", no factual statements or factual evidence, court repeatedly denied Mr. Braun's repeated motions, yet at every hearing Mr. Braun, continued to request such slanderous, libelous, and defamation of Mr. Behr's character statements of sexual deviance in violation of Plaintiffs' Civil Rights, "Due Process", caused aggravated child abuse, denied Plaintiffs' of any Life, Liberty and Freedom.

361. Mr. Braun with malicious intent, sent court appointed psychiatrist, his fabricated, fraudulent, documents, false allegations and other documents unknown to Mr. Behr from PBCDCF, Ms. Hudson, Ms. Taggert, not permitted by order of court against Mr. Behr, found "Not Guilty" of allegation by judge jurist john doe 4, in front of information sent psychiatrist to bias and prejudice an alleged independent psychiatrist.

362. Defendants involved in collusion using medical, psychiatric and therapeutic personnel not independent as they receive 70% of income from PBCDCF and Palm Beach County, in violation of Plaintiffs' Civil Rights.

363. On January ,2015, Jurist john doe 3, direct contradiction to Fla. Supreme Court directive "One Family One Judge" transferred Dissolution of Marriage Case No. 50-2014-DR-005899 to newly governor appointed Jurist john doe 5, immediately involved jurist john doe 5, in governmental collusion to protect PBCDCF; Jurist john doe 3, having ex-parte communication with Jurist john doe 5, using her former position as Chief Judge of 15thDC to influence, supply with fabricated, fraudulent information regarding Dissolution of Marriage case No. 2014-DR-005899, the Special Injunctive Relief from Domestic Violence Case no. 50-2014-DR-300368 and  the Dependency Case 2014-DP-003128, biasing, prejudicing, informing Jurist john doe 5 how to abuse powers, abuse of discretion, bias and prejudice and be partial towards Ms. Brooks.

364.    On January 14, 2015, Jurist john doe 3 ordered the following:

a.  Ms. Behr to attend a few therapeutic sessions with Ms. Brooks or she will be sent to jail; b. Home Study for Mr. Behr c. for a new attorney for Ms. Behr; d. Hearing date to hear again psycho- sexual evaluation motion filed by Mr. Braun on behalf of PBCDCF for a fifth time denying Plaintiffs' Due Process."

365.    PBCDCF refused Jurist john doe 3's order dated January 14, 2015, Mr. Behr's Home Study.

366.    On January 15, 2015, Jurist john doe 3 in collusion with Mr. Braun, PBCDCF, Ms. Seder and Ms. Brooks, John Doe 22, John Doe 29, had Plaintiff arrested for violation of Protection from Domestic Abuse for picking up Miracle and 2-week-old grandson whom Ms. Brooks threw out her residence. This was pre-arranged by Mr. Braun, in full collusion with Defendants to punish, embarrass, harass and cause irreparable harm to Plaintiffs' in violating Plaintiffs' Due Process.

367.    On January 16, 2015, Mr. Behr was slandered by PBCAGO by stating to Magistrate Judge, Mr. Behr "has a long history of arresting and numerous felonies especially when he lived in Connecticut". This in itself shows extent Defendants will go, to harm a family in Palm Beach County as alleged arrest report submitted by PBCAGO was not of Mr. Behr's. Fact, it had wrong name, wrong social security number and Mr. Behr has never been in Connecticut. The collusion, dereliction of duty by defendants was pre-arranged by Mr. Braun and Ms. Seder, in full collusion with defendants to punish, embarrass, harass and cause irreparable harm to Plaintiffs' in violation of Plaintiffs' Due Process.

368.    On February 2, 2015, Jurist john doe 3 denied Mr. Braun and PBCDCF Motion

for Psycho-sexual testing on Mr. Behr for **5ᵗʰ time**. During short hearing Mr. Braun and

PBCDCF failed to identify any factual documentation to require Mr. Behr to take such test,

harassing, slandering, libeling and defaming of Plaintiffs', violating "Due Process", Civil Rights

369.    On February 2, 2015, Ms. Behr wrote a letter to Jurist john doe 3, 17 days before

Ms. Behr turned 17, letter was entered on record by Jurist john doe 3 in open court and given to

all parties and Defendants' except Miracle and Casandra.

370.    In Ms. Behr's letter, she identifies fact Defendants' were intentionally

"prolonging justice", preventing Ms. Behr and J.B. from going home to "Dad", Mr. Behr. "I am

to assume that they just like to see children suffer, you (Jurist john doe 3 ) well the court and the

state have taken away all of my family",

371.    Ms. Behr identified continued bias, fraudulent, fabricated information purposely

submitted by Defendants, identified irreparable damage caused by Defendants' regarding alleged

"No Contact Order" that does not exist, for over a 1 ½ yrs.. The detriment of these threats by

Defendants including Jurist john doe 3, has caused irreparable harm to Plaintiffs', caused

aggravated child abuse, violation of "Due Process", denied Plaintiffs' of any Life, Liberty and

Freedom.

372.    Jurist john doe 3 and defendants' ignored Ms. Behr's **"Cries for help"** this was a

Dependency Case no. 2014-DP-003128, abused her discretion and power with malice.

373.    Mr. Behr passed numerous psychiatric tests with "No Mental Illness". John Doe

33, paid by PBCDCF, stated in her report, Mr. Behr should be tested for psycho-sexual issues per

**direct** instructions of Mr. Braun, PBCDCF, John Doe 22, Ms. Seder causing Medical

Malpractice and harassment of Plaintiffs'.

374.    John Doe 34, replaced Mr. Braun (Mr. Braun was promoted for his unethical

activities by PBCAGO) on or about January 1, 2015.

375. John Doe 34 followed Mr. Braun and PBCDCF directive/instructions with full knowledge Mr. Braun and PBCDCF committed fraudulent, fabricated, libelous, slanderous, emotionally, psychologically, aggregated child abuse, not in the "Best Interest" of Plaintiffs' and at the time, Casandra.

376. On March 10, 2015, Jurist john doe 5, issued Order denying Mr. Behr's Motion for Psychological Exam of Petitioner" (Ms. Brooks) identifies Jurist john doe 5, bias, prejudice, sex and age discrimination against Mr. Behr and in collusion with defendants'.

377. On March 13, 2015, Jurist john doe 3 appoints actual independent attorney for Ms. Behr. Jurist john doe 3 issues order to find out where psychological evaluation reports are, PBCDCF has failed to produce. Jurist john doe 3 yells and lectures Ms. Behr for refusing to have any more reunification therapy with Ms. Brooks on basis therapists are abusive and pro Ms. Brooks as directed by PBCDCF, Mr. Braun, John Doe 22, John Doe 4, Ms. Seder and Ms. Brooks and issues order for PBCDCF to see if C.O.R.T.E., John Doe 33 can address alienation therapy with the court. PBCDCF fails to follow order. C.O.R.T.E. John Doe 33 is what the legal counsel's call "Paid Heavy Hitter" for Palm Beach Legal System and does and says what PBCDCF, Jurist john doe 3 asks them to do, in denying Plaintiffs' Due Process.

378. Ms. Tolbert, well known for using manipulation, brainwashing, controlling techniques, threat of harm, grooming techniques, giving minor children "false Memories", attacked J.B. age 14 till he was 15 and failed to change his demeanor towards his abusive, unstable, mentally ill, mother, Ms. Brook by doing the following:

    a.  Threatened J.B. with never seeing his Dad (Mr. Behr) again; b. Told lies about J.B.'s Dad, slandering Mr. Behr; b. Filed fabricated, fraudulent reports with the court; c. Committed perjury by giving false testimony of recordings between Mr.

Behr and Ms. Tolbert, proven by Ms. Behr's legal counsel; d. Other offenses too many to list;

379.    Ms. Tolbert lost her contract with PBCDCF for failing to appear for many hearings, she was under subpoena, failing to bring her documentation, notes and appearing at court late.

380.    Ms. Tolbert, court ordered to speak with all parties, she had no issue with numerous calls to and from Ms. Brooks, Ms. Seder, John Doe 22, John Doe 34, and Mr. Braun, et al, refused to speak with Mr. Behr till Mr. Behr informed her staff he will be filing contempt against her.

381.    Ms. Tolbert recorded Mr. Behr via telephone during short office visit and with full knowledge of her aggregated child abuse, false, fabricated. written reports, perjury to the court, gave false statements, committed fraud upon the court to Jurist john doe 3 , slandered and defamed Mr. Behr character and J.B., which she says was transcribed by her staff. Upon oral motion by Ms. Behr's legal counsel, Jurist john doe 3 ordered Ms. Tolbert to give Plaintiff's legal counsel a copy of the recordings made by Ms. Tolbert.

382.    Ms. Behr's legal counsel had records transcribed, discovered voluminous fraudulent, perjuristic statements by Ms. Tolbert, with malicious intent to cause Plaintiffs' irreparable harm. support Defendants'.

383.    Ms. Tolbert did see J.B against his wishes. on a weekly schedule, did repeatedly state to J.B. that his father "tells lies" and repeatedly threatened to have visitation between J.B. and Mr. Behr stopped unless J.B. does what Ms. Tolbert tells him to do and demanded J.B. talk to Ms. Brooks over J.B.'s objections (J.B. has not spoken to nor texted Ms. Brooks since January 12, 2014 to present). after explaining his dislike for Ms. Brooks for lying to him and his family,

for placing him in Foster Care, for buying him toy for a 3 yr. old for $5 for his 12 birthday and never visiting him in Foster Care or the Hospital. Dr. Tolbert only concern was for monetary gain and not J.B.'s "Best Interest".

384.    Ms. Tolbert testified under oath, J.B. needs to be institutionalized for 2 years with "No Family Contact" with no "just cause" but to cause harm to plaintiffs'. As a licensed forensic therapist Dr. Tolbert demonstrated no care for the mental health of J.B..

385.    On March 25, 2015, J.B.'s appointed legal counsel withdraws from case, Mr. Behr is blamed by Jurist john doe 3. for withdraw of attorney.

386.    Sometime in July 2015, PBCDCF was again, ordered by Jurist john doe 3 to do home studies of Plaintiffs' home and Ms. Books home for visits and overnight stays.

387.    An independent home inspector named "Teressa" visited both homes and reported Plaintiffs' home was clean and child safe and no issues with Mr. Behr.

388.    Teressa reported Ms. Brooks home was clean and safe yet reported Ms. Brooks paramour, Eric Matthew Billington, when asked if he had issues with minor children in the home, stated **"Only if they change their attitude towards him"** . Teressa reported Ms. Brooks voiced no objection towards her paramour's statement identifying his need for control.

389.    Teressa's report stated she requested from and never received copies of Ms. Brooks nor her paramour driver's licenses and current car insurance in direct violation of PBCDCF protocol and law for the safety of children.

390.    Jurist john doe 3 reviewed home study, ordered a home study for placement. PBCDCF and John Doe 34, in direct violation of FDCF "protocol", used the same report by Teressa but removed Ms. Brooks's paramours statement, line 388.

391.    John Doe 34 and PBCDCF staff informed Jurist john doe 3 that "DCF can

change and replace whatever they want, in any report", stated on the record in direct violation of Due Process and in support of plaintiffs' claims PBCDCF fabricate and commit fraud.

392.    On April 1, 2015, Jurist john doe 3 issued order granting withdraw of Mr. Behr's attorney for conflict of interest. Attorney was/is head legal counsel for "Child Protection Team of Palm Beach County, Inc.", in direct conflict Jurist john doe 3 had full knowledge of, appoint legal counsel to delay Mr. Behr's' Appeal with 4thDCA.

393.    On April 6, 2015, Jurist john doe 3 in Chambers issued order denying Mr. Behr's Motion For Hearing, Modify Restraining Order with Non-Violent Order and Issue an Expiration Date to Said Order". Jurist john doe 3 hand writes "The issues raised are still being addressed actively in a Dependency Case." With her initials. These issues were **never addressed nor were they ever active** as per documents and orders by Jurist john doe 3 and this order identifies factual bias, abuse of power, abuse of discretion, and fabrication of facts, by Jurist john doe 3.

394.    On April 8, 2015, Jurist john doe 3 issued verbal orders, case information sheet identifies fact, "Granted" Mr. Behr's Motion for Relief from Judgment/Petition of Habeas Corpus, stated Casandra case is closed without a hearing or motion. Stated signed by Mr. Behr and Ms. Brooks was a false statement by Jurist john doe 3 as Motion for Relief was never "Granted" and Motion was dismissed months ago by Jurist john doe 3 without a hearing.

395.    On April 21, 2015, jurist john doe 5, denies Mr. Behr's Motion to Reconsider order denying Mr. Behr's Motion for Ms. Brooks to have "Complete Psychological Evaluation", "Hold a Full Hearing" caused aggravated child abuse, violation of "Due Process".

396.    On April 26, 2015, jurist john doe 5 issued order Granting in part and Denying in part Mr. Behr's Motion for Order Permitting Testimony and Appearance of Minor Child. Jurist john doe 5 only allowed Casandra, 17 at the time, to give her testimony in camera and not allow

Mr. Behr to examine nor cross exam Casandra (age 17) after being denied by Defendants, parental rights to communicate and visit with Casandra since February 25, 2014 to present. In order, jurist john doe 5 identifies his bias, prejudice, denial of Due Process with his statements on line 3 of said order, caused aggravated child abuse, violation of "Due Process".

397.    On April 26, 2015, Jurist john doe 5 issued order Granting Second Amended Motion for Protective Order and/or Seder's Motion to Quash Subpoena. In order, Jurist john doe 5, identifies his bias, prejudice, denial of Due Process with his statements on line 3 of order, in violation of "Due Process".

398.  On April 29, 2015 Jurist john doe 3 denied Mr. Behr's Motion for Mediation, J.B.'s new appointed attorney for 2nd time appeared via telephone with no contact with J.B..

399.  In April 2015, Ms. Behr's independent legal counsel filed motion to Modify the Adjudication Order and/or immediately return Ms. Behr to Mr. Behr's residence, further identifying improper order by jurist john doe 5 and violations of law by PBCDCF, jurist john doe 5, Jurist john doe 3 and Mr. Braun pursuant violation of "Due Process".

400.  Upon Ms. Behr's legal counsel filing Motion, PBCDCF met with Ms. Behr, offered her full college scholarship if she ages out of PBCDCF system. A bribe.

401.    Ms. Behr and Mr. Behr discussed "bribery" at length, agreed "getting a full college scholarship" was getting Defendants to pay for kidnapping her, harassment, threats, emotional and psychological abuse" they caused.

402.    Plaintiffs' agreed in "Best Interest" of Ms. Behr, she could not refuse PBCDCF "Bribe". Jurist john doe 3 had full knowledge of "Bribe" and Ms. Behr only had a few months till she aged out. Jurist john doe 3 stated such on record. Jurist john doe 3, used this fact against Mr. Behr to try to alienate J.B. from Mr. Behr and kept J.B. in foster care with

no "Just Care" See *Snyder v. Massachusetts*, <u>291</u> <u>U.S. 97, 116, 117</u> (1934). See also

*Buchalter v. New York*, <u>319 U.S.</u> <u>427</u>, <u>429</u> (1943), *Lisenba v. California*, <u>314 U.S. 219</u>, <u>236</u>

(1941).

403.   May 1, 2015, Jurist john doe 3 issued order cancelling select hearings and

scheduling hearings for numerous motions filed with court, in violation of "Due Process".

404.   On May 21, 2015, Jurist john doe 3 issued order denying Mr. Behr's motions for

contempt against Ms. Brooks, identified her bias, prejudice, partiality toward Ms. Brooks,

discrimination against fathers (men).

405.   May 26, 2015, Jurist john doe 3 continued Ms. Behr's motions to July 2, 2016.

406.   On or about January 1, 2016, Jurist john doe 3 transferred during normal

repositioning of jurist to continue her hold on these case matters, interfered with Magistrate John

Doe 35 to state information from Dependency Court case no. 2014-DP-003128, not testified to

nor in Dependency Trial transcripts in her Recommendations in collusion with Defendants'.

407.   Jurist john doe 5, first hearing with Mr. Behr, demonstrated his anger against Mr.

Behr, a Pro Se Litigant, demonstrated his bias, prejudice, abuse of power, abuse of discretion and

partiality towards jurist john doe 3, Ms. Seder and Ms. Brooks, violation of "Due Process".

408.   Jurist john doe 3 instructed jurist john doe 5, to issue order denying Mr. Behr

any rights to file any document or motion with his court without Licensed Bar Association legal

counsel signing off on document or motion causing aggravated child abuse, in violation of "Due

Process", criminal acts, Professional Conduct, to deny Mr. Behr his right to the courts.

409.   Jurist john doe 5 did with malicious intent, deny "Due Process" clause of Fed.

and State Constitution and numerous Fed and State laws and went to "war" against Plaintiffs

besides violating rules, regulations, Federal and State constitutions', and with Jurist john doe 3,

with malicious intent, slandered, defamed Plaintiffs', provided an avenue for Defendents to falsify file fabricated, fraudulent numerous documents, had e-parte communication with Defendants' directly and through third parties. Defendants' to file exhibit's with court illegally to bias and prejudice the legal system in violation of Rules of Discovery and Hearings for exhibit's in violation of Plaintiffs' Civil Rights.

410.    On January 5, 2016, jurist john doe 5, in chambers, issued order denying Mr. Behr's "Motion for Modification of Injunction for Protection Against Domestic Violence" for "Insufficient Legal Basis", causing aggravated child abuse. in violation of "Due Process", criminal acts, Professional Conduct, Judicial Cannons, "Discredit and defame" Mr. Behr, collusion with defendants, pursuant to Federal and state laws as stated on line 1 and line 49 herein. This effectively denied Plaintiffs' of any Life, Liberty and Freedom and denied impartial jurist.

411.    On January 8, 2016, jurist john doe 5, in chambers, issued order denying Mr. Behr's "Motion to Reconsider for an Emergency Ex-Parte Order to Correct Text Stalking Restraining Order to a Non-Violent Text Stalking Restraining Order and Motion for Hearing to Dismiss Text Stalking Restraining Order" and ordered "Setting Hearing on Court's Sua Sponte Order to Show Cause as to Why Respondent Should not be Precluded from filing any further motions et al" denying "Due Process".

412.    On January 17, 2016, Mr. Behr filed his 2nd Motion for Recusal of jurist john Doe 5, with affidavits showing his bias, prejudice, unscrupulous and partiality towards Ms. Brooks in Case Matters 502014DR005899 and 502014DR-300368, under directives Jurist john doe 3, caused aggravated child abuse, in violation of "Due Process", criminal acts, Professional Conduct, Judicial Cannons.

413.    In retaliation, jurist john doe 5, issued an "Order Precluding Respondent From Filing any further Motions, Pleadings, Or Memoranda in This Matter on A Pro Se Basis Absent Having Such Submissions Being Reviewed and Approved by a Member of the Florida Bar in Good Standing" after first hearing ever with Judge Coates by directives from Jurist john doe 3. This effectively denied Plaintiffs' of any Life, Liberty and Freedom and denied impartial jurist.

414.    4thDCA read answer by FDCF John Doe 36 on Writ or Appeal which included statement from jurist john doe 5, per line 413 and has jumped on the coattails of jurist john doe 5, by communication with Jurist john doe 3. John Doe 36, personally or through a third party, at luncheons with jurists, to STOP Mr. Behr and other Pro Se Litigants or lawyers whom argue for their Civil Rights and opened Pandora's box of the corruption and collusion in Palm Beach County, from fighting for his legal rights and to protect their colleagues not innocent minor children, causing aggravated child abuse, violation pursuant "Due Process".

415.    On February 16, 2016, Ms. Behr aged out of PBCDCF, was ready to move home with Mr. Behr, yet PBCDCF and Jurist john doe 3, again, threatened Ms. Behr, to take away her full college scholarship if she moved home with Mr. Behr before she graduates High School.

429.    For almost 2 yrs., Ms. Behr's ability to see Mr. Behr has been severely restricted, supervised until she aged out of system on February 15, 2016, for almost 2 yrs. J.B.'s ability to see Mr. Behr has been severely restricted, supervised until February 25, 2016 even with "No No Contact Order"; Over 4 yrs. have passed since Casandra. has seen, talked to, been with Plaintiffs' communications with Mr. Behr has been analyzed and combed through by PBCDCF illegally, clearly looking for evidence to support their preconceived bias, unscrupulous actions, in collusion with Defendants' and without an order by dependency court, violating petitioners' civil rights to life, liberty and freedom from government interference plus in violation of parental

rights established by the United States Constitution and the Florida State Constitution, at the discretion of Defendant PBCDCF:

> A. that Mr. Behr must be a pedophile as he married his former teenage step-daughter twenty-one (21) years ago, stayed married for over 20 years; B. Mr. Behr must be engaging in parental alienation because according to some newspaper articles published more than twenty-five (25) years ago, C. Mr. Behr "lost custody" of his sons with Ms. Franklin as he alleged that they had been the victims of sexual abuse at the hands of Ms. Franklin's paramour.

430.   On February 28, 2016, Jurist john doe 3 issued final Dependency Order ordering J.B. to reside with Ms. Brooks against his wishes (he was 13 ½ yrs. old) with normal visitation schedule and every other weekend with Mr. Behr.

431.   J.B.'s foster parents, Joe Crumm, John Doe 37, immediately called Mr. Behr for him to go to foster home and take J.B. out and see if Mr. Behr could help him through this horrific and abusive order by Jurist john doe 3. Mr. Behr did calm J.B. down.

432.   Ms. Brooks failed to call or pick J.B. up from his foster home. Joe Crumm, called Ms. Brooks to find out when Ms. Brooks was planning to pick J.B. up. Ms. Brooks decided to leave J.B. in foster care till she took him out for ice cream on Sunday then failed to appear. 3 days after order was issued. Ms. Brooks finally picked J.B. and took to her residence. J.B. refused to speak with her, was given a room with no air-conditioning, that room became his prison cell, eating his meals there, coming from school straight to his cell and J.B. would only communicate through third parties, Ms. Brooks caused aggravated child abuse.

433.   Ms. Brooks paramour, made sure J.B. felt unwelcome, showed J.B., he controlled, brainwashed, GROOMED and manipulated Ms. Brooks and Casandra.

434.   J.B. was extremely unhappy there, emotionally and psychologically abused by Ms. Brooks, her paramour and Casandra. PBCDCF did nothing, offered no services to J.B. to cope with being forced to live in horrific conditions and abuse.

435.    On March 17, 2015, Jurist john doe 3 issued order for Mr. Behr to attend Alienation therapy at government controlled "C.O.R.T.E" over Mr. Behr's objection's, granted Ms. Behr's motion for Lunch and Dinner with Mr. Behr, supervised; Ms. Brooks objected to supervised. Ms. Brooks objections and Jurist john doe 3 ordering Mr. Behr supervised lunch and dinner for "No Just Cause".

436.    On June 4, 2015, Jurist john doe 3 issued order denying Mr. Behr's Motion to Abate Hearing or Order Abandoning of Behr Children and termination of Ms. Brooks Parental Rights dated June 2, 2015. John Doe 38, advised Mr. Behr to stop hearing scheduled to remove Ms. Brooks's parental rights or Jurist john doe 3 will use against Plaintiffs', to harass, emotional, psychologically to abuse Mr. Behr.

437.    On June 30, 2015, Jurist john doe 3 issued order accepting Mr. Behr's Motion to withdraw "Motion to Abate Hearing or Order Abandoning of the Behr Children and termination of Melissa Behr's Parental Rights" dated June 2, 2015. Jurist john doe 3 to harass, emotional, psychologically to abuse Plaintiffs'.

438.    On July 2, 2015, Jurist john doe 3 issued a hand-written order, which states **"COURT FINDS THAT HERE IS/ NOT A, NO CONTACT ORDER BETWEEN FATHER , REBEKKA AND JACOB".** Plaintiffs' affirm they have been denied from May 19, 2014 to July 2, 2015, by Defendants, stated as part of this complaint causing irreparable harm, emotional, psychological abuse, aggravated abuse by Defendants, in violation pursuant to "Due Process".

439.    On July 2, 2015, Jurist john doe 3 heard motions' by Plaintiffs', reserved rulings in violation pursuant to "Due Process".

440.    On July 31, 2015, Jurist john doe 3 issued a very scrupulous and biased order with

bottom line using Mr. Behr to blackmail Ms. Behr to get what Jurist john doe 3, Mr. Braun, Mr. Smith, PBCDCF, Ms. Brooks, Ms. Seder, John Doe 22, has wanted for over a year. In order, states fabricated, fraudulent statements throughout, identifies the bias, prejudice, partiality towards woman, Ms. Brooks, prejudice against Plaintiffs' and discrimination against men, Mr. Behr. It is a seven-page order with fabricated, fraudulent statements made by Jurist john doe 3, to try to protect her status as a Judge and lawyer at expense of Plaintiffs, causing irreparable harm, emotional, psychological abuse, aggravated abuse by Defendants.

441.   On August 12, 2015, after such hideous order issued by Jurist john doe 3 dated July 31, 2015, Plaintiffs' appointed legal counsel withdrew upon understanding the full conspiracy and collusion with defendants'. Jurist john doe 3, granting Motion left Mr. Behr as Pro Se Litigant for "No Just cause".

442.   On August 12, 2015, Jurist john doe 3 again approved withdraw of John Doe 38, legal counsel for Mr. Behr, another incompetent attorney, in collusion with Defendants' and appoint another legal counsel for Mr. Behr whom had a conflict of interest of appellate process.

443.   On August 19, 2015, Jurist john doe 3 granted Motion to withdraw from John Doe 39 as legal counsel for Mr. Behr, to continue to deny Plaintiffs' their legal rights.

444.   On August 25, 2015, for Permanency Review/ILR/Therapeutic TR/ Therapeutic PR hearing was continued to September 1, 2015.

445.   On August 26, 2015, Jurist john doe 3 with malice denied Mr. Behr any right to an appointed Appellate attorney with "No Just Cause".

446.   On August 26, 2015, Jurist john doe 3 ordered therapy for Ms. Behr, almost 18 yrs. old., Granted Ms. Brooks request for legal counsel to withdraw and appointed Ms. Fenner as Ms. Brooks legal counsel; co-conspirator in collusion.

447.    On August 26, 2015, jurist john doe 5, denied Mr. Behr's Motion for Expeditated Hearing.

448.    On September 1, 2015 Permanency Review/ILR/Therapeutic TR/ Therapeutic PR hearing was continued to October 1, 2015.

449.    On September 2, 2015, Jurist john doe 3 ordered Ms. Behr to have therapy 3 x a week and therapy will continue till further order over objections by Ms. Behr, "No Just Cause".

450.    On September 2015, Jurist john doe 3 issued order denying Mr. Behr "Independent Legal Counsel".

451.    On September 22, 2015 Judge Marx from 15thDC denied Mr. Behr's Emergency Expeditated Motion on Jurist john doe 3, when acting 15DC Chief Judge, issued unconstitutional family court directive order establishing that "NO Emergency Petition will be Granted unless dealing with physical/ life threatening harm" per A.O. 11.09/08; 5.203.

452.    On September 4, 2015, Jurist john doe 3 ordered PBCDCF to give Ms. Behr her SSI card, Birth certificate and Florida ID, granted John Doe 40 for Mr. Behr to withdraw.

453.    On September 4, 2015, Ms. Brooks through Ms. Fenner filed "Mother's (Ms. Brooks) Objection to GAL Program's Motion for Discharge" which Ms. Fenner called Mr. Behr a "pedophile" in front of Plaintiff Ms. Behr and J.B..

454.    On September 8, 2015, Jurist john doe 3, Granted Mr. Behr's  Ore Tenus Motion to Strike paragraph of "Mother's (Ms. Brooks) Objection to GAL Program's Motion for Discharge in which Ms. Fenner called Mr. Behr a "Pedophile".

455.    On October 2, 2015, jurist john doe 5 issued order Granting in part, Denying in part Mr. Behr's Motion for Order Permitting Testimony and Appearance of Minor Child. Jurist john doe 5, only allowed Casandra, 17 at the time, to give her testimony in camera and not allow

Mr. Behr to examine nor cross exam Casandra after being denied by Defendants right to communicate and visit with Casandra since February 25, 2014 to present. In order, jurist john doe 5, identifies his bias, prejudice, denial of Due Process with his statements on line 3 of said order denied Plaintiffs' of any Life, Liberty and Freedom.

456.    On October 5, 2015, Jurist john doe 3 issued order Ms. Behr must miss either school or her extra-curricular activity, swim team, for reunified therapy with Ms. Brooks, against Ms. Behr's wishes and order does instills Alienation between Ms. Behr and Ms. Brooks.

457.    On October 5, 2015, Jurist john doe 3 issued order Mr. Behr and Ms. Brooks to mediation for "possible parent split, parental coordination" this never occurred by Defendants failure to obey order, causing aggravated child abuse.

458.    On October 5, 2015, Jurist john doe 3 issued order for J.B. to visit Ms. Brooks residence without boyfriend, issued order "No visits w/ grandmother".

459.    On October 16, 2015, Jurist john doe 3 denied Mr. Behr's motion to allow Ms. Behr, J.B. and Casandra to testify at Mr. Behr and Ms. Brooks "Dissolution of Marriage" trial.

460.    On October 19, 2015, Jurist john doe 3 issued order under-case no. 2014-DR-300368 which she was no longer hearing jurist, denying transfer of case matter back to Jurist john doe 3 in violation of Florida Supreme Court Directive "One Family One Judge", violation of "Due Process".

461.    On October 26, 2015, jurist john doe 5 order under case no. 2014-DR-005899, Mr. Behr's "Emergency Expedited Motion for Minor Child Timesharing" (Casandra). Judge Coates written order identifies his bias, prejudice, partiality towards mother, denies Mr. Behr, "parental rights" with "No Just Cause", writing frivolous, fabricated opinion or description of case matter to protect his own interests.

462.     On October 26, 2015, jurist john doe 5 issued order under case no. 2014-DR-00368, denying Mr. Behr's Motion to transfer case matter back to Jurist john doe 3 in violation of Florida Supreme Court Directive "One Family One Judge".

463.     On October 28, 2015, Jurist john doe 3 issued her second order Granting Mr. Behr's Motion stating "No one shall release or Disseminate any documents in case #14-300368 or 15-300089 without prior court order" yet as a second order, Jurist john doe 3 refused to find Ms. Brooks "guilty" of violating her first order, thereby identified Jurist john doe 3's bias, prejudice, discrimination against Men , especial Mr. Behr, abuse of discretion and partiality toward Ms. Brooks.

464.     On October 28, 2015, Jurist john doe 3 issued order stating therapist was fired by father, Mr. Behr without testimony nor factual documentation, a fabrication by PBCDCF, Mr. Braun, Ms. Fenner and Ms. Brooks. Mr. Behr did not fire nor have authority to fire therapist.

465.     On October 28, 2015, Jurist john doe 3 issued order reserving decision for PBCDCF services filed by Mr. Behr denying Due Process, PBCDCF protocol, Fla.Stat.Chap. 39.

466.     On November 2, 2015, Jurist john doe 3 issued order for new therapist for Ms. Behr, Granting Mr. Behr's Motion for Services, placed Ms. Fenner and Ms. Brooks Motion for reunification and "No Contact" between Ms. Behr and J.B., on reserve, ordered Ms. Behr and J.B., "Texting now with Mom & Dad -No e-mails or phone calls or Texts shall be terminated" direct violation of parental rights.

467.     On November 2, 2015, Jurist john doe 3 issued order denying Mr. Behr's Motion to Amended Motion for a Hearing to Dismiss Text Stalking Restraining Order and Hold a Hearing on Original Motion filed May 15, 2014. Jurist john doe 3 took a year and a half to deny Mr. Behr's Motion to re-hear.

speech by stating "no talk about other parent on any of these visits verbal, text email etc.".

474.    On November 23, 2015, Jurist john doe 3 issued order "Granting" Mr. Behr's Motion for Holiday Visitation. Ms. Brooks did not file Motion for Holiday Visitation. Order states times for visitation after denying same Motion a year ago. Order states "without" Ms. Brooks "paramour".

475.    On December 1, 2015, jurist john doe 5 issued order "Granting" Ms. Brooks "Motion to Amend Dissolution of Marriage" with intent to delay scheduled "Dissolution of Marriage" Trial for December 7, 2015, in direct violation of Plaintiffs' Civil Rights.

476.    On December 3, 2015, jurist john doe 5 issued another order "Granting" Ms. Brooks "Motion to Amend Dissolution of Marriage", did "Cancel Trial scheduled for December 7, 2015 ordered "Trial Set for December 7, 2015 be "stricken from the Court Docket" identifies jurist john doe 5 direct violation of Plaintiffs' Civil Rights.

477.    On December 7, 2015, jurist john doe 5 issued order, in chambers, "Denying" Mr. Behr "Motion to Stay all further Orders, Hearing and Any Other Issues in This Court Until the Writ of Prohibition has been Ruled on by the Fourth District Court of Appeals" identifies jurist john doe 5 direct violation of Plaintiffs' Civil Rights.

478.    On December 16, 2015, Jurist john doe 3 issued order assigning John Doe 41 as therapist for Ms. Behr and immediately Ms. Brooks and Ms. Seder e-mailed John Doe 41 all information Jurist john doe 3 ordered not "disseminated without court order" biasing and prejudicing John Doe 41. Ms. Brooks and Ms. Seder had personal conversations with John Doe 41, discussing information not permitted by order and identifying Ms. Tolbert as involved in case matter.

479.    On December 16, 2015, Jurist john doe 3 issued order reserving decision on Mr. Behr's Motion to make-up visitation missed with Ms. Behr and J.B. caused by Defendant, Ms.

Fenner and Ms. Brooks Motion for Mr. Behr to be psycho-sexually tested even though no
"Factual documentation or statements" have been made against Mr. Behr since Jurist john doe 3
"Denied" PBCDCF's Motion for same a year ago.

480.    On December 23, 2015, Jurist john doe 3 issued order allowing J.B. for
"overnight" visits with Mr. Behr, using "blackmail" by forcing J.B. to have dinners with Ms.
Brooks or "no overnight or visits with Mr. Behr", suspended therapy for J.B., Granting make-up
visitation between Mr. Behr, Ms. Behr and J.B., and heard but did not rule on Ms. Behr's motion
to Prohibit Ms. Brooks from interfering with visitation, and a visitation schedule.

481.    On January 15, 2016, Jurist john doe 3 issued order for Ms. Behr's to receive
dental work, PBCDCF disobeyed order, order again therapy between Ms. Behr and Ms. Brooks
over Ms. Behr's objections.

482.    On January 15, 2016, Jurist john doe 3 issued order for Ms. Behr's, for what Jurist
john doe 3 calls "Family Therapy" leaving out Mr. Behr, J.B., Casandra and Miracle, implying
Ms. Behr's only family is Ms. Brooks, whom abandoned her. Such order has never been
followed "with No Just Cause" as Ms. Brooks, Ms. Seder, Ms. Seder, Ms. Tolbert violated order
by discussing and submitted basically sealed documentation to therapist, making therapist bias,
prejudice.

483.    On January 19, 2016, John Doe 32 continued Review for 3rd third time to January
26, 2016 and October 1, 2016.

484.    On January 19, 2016, jurist john doe 5 issued order with Jurist john doe 3's
verbal directive, continues to issue repeatedly to other "Pro Se" parents "Order Precluding
Respondent from Filing Any Further Motions, Pleadings, or Memoranda in this Matter on a Pro
Se Basis Absent Having Such Submissions Being Reviewed and Approved by a Member of the

Florida Bar in Good Standing". This effectively denied Plaintiffs' of any Life, Liberty and Freedom and of any impartial or objective jurist.

485.    Plaintiffs' affirm their belief this is "new way" for 15thDC and 4thDCA jurists to prevent "Pro Se" litigants from representing themselves, direct violation pursuant "Due Process".

486.    On January 20, 2016, jurist john doe 5, in chambers, issued order denying Mr. Behr's "Second Written Motion for Disqualification/Recusal of Judge Howard K. Coates, Jr. without a hearing to address serious issues of Judicial Misconduct by Judge Coates violating pursuant to "Due Process", Plaintiffs' Civil Rights.

487.    On January 26, 2016, John Doe 32, issued order Mr. Behr has never received, with false, fabricated statements by Defendants.

488.    On February 8, 2016, jurist john doe 5 in chambers, issued order denying Mr. Behr's "Motion to Schedule Extended on Petition for Psychological Evaluation of Petitioner Melissa Behr, Wife/Mother and Denying Respondent's Petition for Psychological Evaluation of Petitioner Melissa K. Behr, Wife/Mother". In order Judge Coates "Threatens" Mr. Behr with "Contempt". Throughout Order Judge makes fabricated, fraudulent statements and opinions in direct violation pursuant to "Due Process".

489.    On February 8, 2016, jurist john doe 5 in chambers, issued order denying Mr. Behr's "Motion For Testimony and Appearance of Minor children".

490.    On February 10, 2016, Jurist john doe 3 issued order "Granting Plaintiff's' unsupervised visitation with no limitation on pretense of third parties, in direct opposition to Ms. Behr and J.B.'s wishes, identifying Jurist john doe 3 's bias, prejudice, abuse of discretion, sex discrimination of Mr. Behr, abuse of power.

491.    On February 19, 2016, Jurist john doe 3 issued a very scrupulous and biased order

denying all motions filed by Mr. Behr, Ms. Behr and granting Ms. Brooks motions including

reunification with J.B. with no thought of emotional and psychological abuse, aggravated child

abuse of J.B.. Jurist john doe 3 committed abuse of power, libel and defamation of Character in

order. Order contains fabrications, fraudulent statements, biased and prejudicial opinions by

Jurist john doe 3 identifying her bias, prejudice, abuse of discretion, sexual discrimination

against Mr. Behr, and abuse of power. Order, has no numbering paragraph for Plaintiffs' to

address each and every fabricated and fraudulent statement in order, partiality towards woman,

Ms. Brooks. In seven-page order, Jurist john doe 3 tries to protect her status as a Judge and

Lawyer at expense of Plaintiffs'.

492.     On February 29, 2016, Jurist john doe 3 issued order for Mr. Behr to receive legal

counsel after making Mr. Behr jump through hoops to prove he was/is indigent, again appointed

legal counsel whom was again selected from Jurist john doe 3's "Wheel" and whom had a

conflict of interest.

493.     On March 10, 2016, J.B. stayed at Mr. Behr's home for 2 weeks and returned

back to Ms. Brooks residence, his jail cell.

494.     On March 16, 2016, Mr. O'Hara appeared in front of jurist john doe 5 to

withdraw from being Casandra and Mr. Behr's reunification psychologist after being exposed for

his collusion with Defendents especial Ms. Seder, Ms. Brooks and Ms. Tobias in violation

pursuant to his Medical Hypocritic Oath.

495.     Mr. O'Hara actions and lack of actions has, caused irreparable harm between

plaintiffs' and Casandra, destroying relationships that will never be improved upon in order to

receive clients from PBCDCF, Jurist john doe 3, jurist john doe 5, Ms. Tobias, Ms. Seder, Mr.

Braun and John Doe 22, without any concern for the "Best Interest" of Casandra or Plaintiffs' in violation pursuant to his Medical Hypocritic Oath.

496.     On March 23, 2016, Jurist john doe 3 issued order "Granting" Mr. Behr's Motion for visitation for Plaintiffs' religious Holiday. Jurist john doe 3, PBCDCF, denied all Jewish holidays since May 19, 2014 to this date, for 5 days, holiday is 7 days and Ms. Brooks no longer participates in this religion, Granted legal counsel, denied Objecting to case plan, in direct violation pursuant to "Due Process".

497.     On March 23, 2016, Jurist john doe 3 issued order denying Mr. Behr's Motion for Hearing for Motion to Modify Timesharing Order Dated March 17, 2016 (2014-DR-005899), in direct violation pursuant to "Due Process".

498.     On March 24, 2016, Mr. Behr filed pleadings tiled "Father's Motion for Hearing To Secure His and His Minor Child, J.B.'s Constitutional First and Fourteenth Amendment Right to Practice and Participate in Both the Father's and Minor Child Religious Faith and Due Process" and "Father's Motion for Order for Services for Individual therapy and Family Therapy Per Proposed Case plan and for Minor child J.B.'s case plan Per Florida Statute Chapter 39".

499.     On March 24, 2016, Jurist john doe 3 "Denied" Mr. Behr filed pleading Titled "Father's Motion for Rehearing for Reunification".

500.     On March 28, 2016, Jurist john doe 3 issued order "Granting" J.B.'s legal counsel Motion to Withdraw, failing to appoint replacement legal counsel for J.B..

501.     On March 29, 2016, Jurist john doe 3 issued order denying Mr. Behr's Motion Objecting to case plan, in direct violation pursuant to causing aggravated child abuse, "Due Process".

502.     On March 29, 2016, Jurist john doe 3 issued order for Mr. Behr to receive legal

counsel after making Mr. Behr jump through hoops to prove he was/is indigent and again appointed legal counsel whom was selected from Jurist john doe 3's "Wheel", had a conflict of interest.

503.    On April 1, 2016, Jurist john doe 3 issued order denying Mr. Behr's pleading titled "Father's Motion of Formal Objection to All Improperly Submitted Reports, Documents and Alleged Evidence to Court in Violation of Florida Statute Title VII Chapter 90 Evidence Code and Motions Court to Strike All Improperly Submitted reports, Records, Documents and Alleged Evidence and Reverse the Court's Judgment for Reunification and Grant a New Hearing per Florida Rules of Evidentiary Procedure Florida Statute Title VII Evidence Chapter 90" without justification or opinion by Jurist john doe 3.

504.    On April 1, 2016, Jurist john doe 3 issued order "Denying" Mr. Behr's pleading titled "Father's Motion for Modification of Placement pursuant to 8.345, Fl.R.Juv.Civ.Proc. and/or Motion to Return custody to the Father and/or Motion for Reunification of Minor Child (J.B.) with Father" without Hearing, justification or opinion by Jurist john doe 3.

505.    On April 1, 2016, Jurist john doe 3 issued order "Denying" Mr. Behr's pleading titled "Father's Motion for Order for Testimony and Appearance of Minor child, J.B. for Final Trial on Dissolution of Marriage Scheduled for May 2, 2016 10:00 AM in case number 2014-DR-005899 Final Trial Dissolution of marriage" without Hearing, justification or opinion.

506.    On April 13, 2016, Jurist john doe 3 issued order for continuance on contempt against Ms. Brooks, issued order directing Mr. Behr to re-file another (2nd one) indigent application and reserved Mr. Behr's Motion for payment for witness for trial on contempt against Ms. Brooks and for payment for independent counsel for Mr. Behr, to harass and intimidate Mr.

Behr. Jurist john doe 3 unfamiliar with Clerk of Court's status on Granting Indigent Status, issued order in direct violation pursuant to "Due Process", Criminal acts, Fla. Judicial Cannons.

507.    On April 19, 2016, Jurist john doe 3 issued order "Denying" Mr. Behr's Motion to Clarify Timesharing et al., no lawyer, regular normal person nor PBCDCF understood wording in order.

508.    On April 25, 2016, Jurist john doe 3 issued order "Denying" Mr. Behr's Motion to Reconsider Father's request to use court records, testimony et al" for "dissolution of Marriage" trial, to harass, intimidate, and discriminate against Mr. Behr.

509.    On April 25, 2016, Jurist john doe 3 issued order granting payments to witness, granting by "Conflict" "Wheel" Mr. Behr legal counsel, not independent, continuing "Contempt Charges against Ms. Brooks to harass, intimidate and discriminate against Mr. Behr.

510.    On April 8, 2016, Jurist john doe 3 issued order to harass intimidate and discriminate against Mr. Behr, to update his Indigent Status and Jurist john doe 3 issued order in direct violation pursuant to "Due Process", Criminal Acts, Fla. Judicial Cannons, Professional Conduct.

511.    In May 2016, Ms. Brooks called Joe Crumm to take J.B. back into foster care as She alleged her OB/GYN ordered her into the hospital. Ms. Brooks never was admitted into the hospital. Joe Crumm convinced Ms. Brooks to allow J.B. to stay with Mr. Behr until Ms. Brooks gave birth to her illegitimate baby (still married to Mr. Behr) was born on June 14, 2016. J.B. moved home with Mr. Behr on or about May 19, 2016 and has never moved back with Ms. Brooks.

512.    On May 16, 2016, jurist john doe 5, issued Final Judgment of Dissolution of Marriage. Said Order is quite abnormal, unethical, biased, over 39 pages, with no property,

equity distribution nor child support issues addressed and contained throughout, 90% was fabricated, fraudulent, frivolous, libelous and Defamation of Mr. Behr's Character, statements and bias, prejudice partiality towards Ms. Brooks, on sole basis Mr. Behr stood up for his Civil Rights, Parental Rights, Children's Rights and opened Pandora's Box on corruption in 15thDC by Defendants, at directive of Jurist john doe 3 and Plaintiffs' were denied, "Due Process".

513.    Mr. Behr had court ordered Timesharing with J.B. week after school ended till week before school started. Ms. Brooks was to have weekend visitation per court order with J.B., Ms. Brooks failed to pick J.B. for her visitation.

514.    On July 20, 2016, Ms. Brooks, Ms. Fenner orally motioned Jurist john doe 3 **does not want** J.B. back, with J.B. in court room, but wanted him committed for 2 yrs. in psychiatric facility with "No Family Contact". Word for word per Ms. Tobias statement to court 8 months ago.

515.    Ms. Fenner, legal counsel appointed by Jurist john doe 3 while Ms. Brooks was paying and could afford to pay, Ms. Seder. Ms. Fenner violated Palm Beach County Bar Association's, State Bar Association adopted by Supreme Court of State of Florida, professional conduct.

516.    August 8, 2016, Ms. Fenner, did create issues, causing severe aggregated child abuse on J.B., did create severe emotional and psychological abuse of J.B. by the following:

  a. Motioned for Jurist john doe 3 to imprison J.B. to a psychiatrist institute for 2 years with "NO Family Contact" on behalf of Ms. Brooks with "No Justified Cause"; b. Informed Jurist john doe 3 after J.B. was in prison (Foster Care) for over 1 year at age 11 and 2 month's on false, fabricated, fraudulent statements by her client Ms. Brooks and Ms. Seder, that Ms. Brooks does not want J.B. to live with her but does not want him to see Mr. Behr, his father, causing J.B. severe irreparable emotional and psychological damage involving relationships with adults, law enforcement officers, therapist and girlfriends; c. 2 weeks after Ms. Fenner stated for Ms. Brooks did not want a relationship with J.B., to Jurist john doe 3 , Ms. Brooks wanted custody of J.B. after Mr. Behr filed for Child Support.

517.    Jurist john doe 3 asked Ms. Brooks "Why" per line 358., Ms. Brooks answer, "He doesn't like me." "He asks me to kill myself"; No answer is reason to institutionalize a child.

518.    Ms. Fenner had full knowledge Ms. Brooks committed fraud upon the court, was in collusion with Defendants' with no legal or responsible care for any of Plaintiffs', Miracle or Casandra.

519.    Ms. Fenner asked Jurist john doe 3 to have J.B. psychiatrically evaluated with no "Just Cause" as J.B. was/is excelling in school and Marching Band, shows no psychological issues nor were any issues factually testified to by Ms. Fenner, Ms. Brooks.  Jurist john doe 3 issued order for J.B. to be psychologically evaluated with report due by August 24, 2016 and told Ms. Brooks if "you fail to pick up J.B. from father as per my court order, he will stay with Mr. Behr." Ms. Brooks failed to pick J.B. up.

520.    On August 8, 2016, Ms. Brooks's insisted, Jurist john doe 3 ordered J.B be evaluated by independent psychiatrist. <u>PBCDCF refused</u> to submit psychiatrist's report as it states, "J.B. is thriving, has a great relationship with his father and he (Psychiatrist) sees no need for any further reunification with Ms. Brooks".

521.    Ms. Behr's attorney <u>had to file the psychological/psychiatric evaluation</u> **report.**

522.    Jurist john doe 3 continually blames Mr. Behr for Ms. Brooks's actions to alienation minor children from herself. Jurist john doe 3 nor PBCDCF, never once offered Mr. Behr service in violation of Fla.Chap 39, refused to allow minor children to be cared for by Sheila G, Behr, paternal grandmother and school teacher, placed them in foster care instead in violation FDCF and PBCDCF "protocol" and Fla. Chap. 39:

A.    "Fl. Stat. Chap. 39 (3) It is the intent of the Legislature that this chapter be liberally interpreted and construed in conformity with its declared purposes. 39.002 Legislative intent. — It is a goal of the Legislature that the children of this state be

provided with the following protections: (l) A permanent and stable home. B. A safe and nurturing environment which will preserve a sense of personal dignity and integrity. C. Adequate nutrition, shelter, and clothing. (5) Protection from abuse, neglect, and exploitation. 39.001, .002, Fla. Stat. (1987). The Act expressly authorizes the practice where prior attempts at rehabilitation have failed:

(2) EXTRAORDINARY PROCEDURES. (a) Whenever it appears that the manifest best interests of the child demand it, the state may petition for termination of parental rights without offering a performance agreement or permanent placement plan to the parents.... (b) The state may petition under this subsection only under the following 18 circumstances: 2. Severe or continuous abuse or neglect of the child or other children by the parent that demonstrates that the parent's conduct threatens the life or wellbeing of the child regardless of the provision of services as evidenced by having had services provided through a previous performance agreement or permanent placement plan.

523.    On September 6, 2016, PBC Clerk of Court issued a Default for Contempt of Court against Defendant Ms. Brooks "for failure to serve pleading at the time required by law"

524.    On September 8, 2016, jurist john doe 5, issued order "Order Setting Aside Default" in direct violation of law stating "as an answer was filed by Plaintiff in this action on August 22, 2016. Mr. Behr affirms his belief , the 15th DC did verify no filing was made by Ms. Brooks before issuing a "Default" and jurist john doe 5 with malice and intent to commit fraud had the Clerk of Court accept a late filing by Ms. Brooks in  denial of Due Process with his statements on line 3 of said order and made a part hereof in violation of "Due Process".

525.   FIGO disclosed in 2013 over 400 Foster Care Children were unaccounted for, 39 of these children located "DEAD". Nothing changed at PBCDCF under John Doe 4, and PBCIGO. PBCDCF workers involved, saw fraud and false allegations have been fired or threatened by PBCDCF, causing aggravated child abuse.

526.    On November 16, 2016, Jurist john doe 3 issued "Order for Termination of Supervision and Jurisdiction and Cancellation of Judicial Review". In final order, Jurist john doe 3, with malicious intent, prejudice, Discrimination, fabrication, fraudulent statements in order per

line 3., 5., 6., 8., 9., 10., 11., 12., 13., 16., to harass, intimidate Mr. Behr as J.B. in FACT, living with Mr. Behr and Ms. Behr from May 19, 2016 to present, Order and Defendants'.

527.   Jurist john doe 3 denied any Family Reunification between siblings and between siblings and Mr. Behr nor any with Ms. Brooks'.

528.   Plaintiffs' discovered all therapy ordered by Jurist john doe 3 for Plaintiffs', discovered through documentation, to be no more than coercion/mind control/brain washing and emotional and psychological abuse against Plaintiffs' and none was ever ordered for Miracle, Casandra, Ms. Brooks, forming a full-scale destruction of parent-child relationships by Defendants' and fishing expedition by Jurist john doe 3 and PBCDCF and their agents to find some "substantiation" on against Mr. Behr.

529.   Ms. Brooks, is the parent PBCDCF, not only endorsed as a better parent, never giving Ms. Brooks a psychiatric evaluation even though Ms. Brooks's mother is diagnosed as a violent paranoid schizophasia but believed every lie, fraudulent and fabricated statement from and became involved in a corrupt and collusional way and they helped fabricate and groom Ms. Brooks, Miracle and Casandra, without an investigation.

530.   On May 17, 2017, John Doe 35 issued Report and recommendations on Modification Action and Hearing. This issued report has fabricated, fraudulent, false statements and personal John Doe 35, opinions in collusion with Defendants herein and intention libel and to defame Plaintiffs',  identifies her bias, prejudice, collusion with Defendants, not in the "best Interest" of J.B. and denial of "Due Process" with statements on line 3 of said order and made a part hereof in violation pursuant to: "Due Process", FDCF and PBCDCF "protocol", criminal acts, Professional Conduct, Federal and state laws pursuant as stated on  line 1 and line 49 herein denied Plaintiffs' Life, Liberty and Freedom and of any impartial or objective jurist.

531.    On July 13, 2017, Mr. Behr did file a "Notice to the Clerk of Court" 15thDC, for all transcripts for all 3 case matters and of which has been denied by Court Reporter Administrator Barbara Dawicke, in violation pursuant to: "Due Process", Professional Conduct, Federal and state laws pursuant as stated on line 1 and line 4 herein. This effectively denied Plaintiffs' of any legal information required for appeal.

532.    On December 23, 2017, Jurist john doe 3 issued order Modifying Timesharing which Ms. Brooks and Mr. Behr signed, and Ms. Brooks agreed to giving up her **basic parental rights** and identifying this entire complaint herein is justified for revoke or remand in violation pursuant to: "Due Process", FDCF and PBCDCF "protocol", Criminal Acts, Fla. Judicial Cannons, Professional Conduct, Federal and state laws pursuant as stated on  line 1 and line 46 herein This effectively denied Plaintiffs' of any Life, Liberty and Freedom, any impartial or objective investigation, any impartial jurist.

533.    Jurist john doe 5, ruled 99% against Plaintiffs' "Motions/Petition" in each case matter herein showing bias, prejudice, discrimination causing Plaintiffs' harm, severe emotional and psychological pain and Ms. Behr and J.B. aggravated child abuse, in direct violation pursuant to: "Due Process", Criminal Acts, Fla. Judicial Cannons, Professional Conduct, Federal and state laws as stated on line 1 and line 49 herein. This effectively denied Plaintiffs' of any Life, Liberty and Freedom, any impartial or objective investigation, any impartial jurist. identifying her prejudice, collusion, professional misconduct, dereliction of duty.

534.    On December 18, 2017, Mr. Behr's attorney filed an agreement order to dismiss case no. 2014-DR-300328 Special Injunctive Relief Protection from Domestic Abuse.

535.    On February 26, 2018, jurist john doe 3 through her judges assistant informed plaintiffs' jurist john doe 3 signed order to voluntarily dismiss case no. 2014-DR-300328 Special

Injunctive Relief Protection from Domestic Abuse. Per 15thDC records, this order was never signed nor entered into the record.

536.    On May 17, 2018, Mr. Behr went to 15thDC to verify line 535 herein and discovered the actual order was signed on December 23, 2017 not February 26, 2018 as stated in jurist john doe 3 assistant e-mail and nor was said signed order ever entered as a court document on the court records identifying jurist john doe 3 has with malice, interfered and identified the corruption in the 15th DC when a judge can back date an order without entering order on the record.

537.    Mr. Behr affirms every filing he has EVER filed in 4th DCA has been denied and every request for a re-hearing en blanc with an "Opinion" has been denied, causing aggravated child abuse, in direct violation pursuant to: Plaintiffs' Civil Rights, FDCF and PBCDCF "protocol", "Due Process", Criminal Acts, Fla. Judicial Cannons, Professional Conduct, to "Discredit and defame" Mr. Behr, in collusion with Defendants, Federal and state laws as stated on line 1 and line 46   herein This effectively denied Plaintiffs' of any Life, Liberty and Freedom, any impartial or objective investigation, any impartial jurist.

538.    Mr. Behr has been denied his legal right to Appeal by 4thDCA refusing to permit Mr. Behr to finance 15th DC transcripts even with his approved Indigent status denying Due Process.

539.    The constitutional right implicated according to Plaintiffs, is fundamental right of physical, psychological, and emotional safety violated by physical and emotional abuse at the hands of Defendants as stated above. The Eleventh Circuit, in *Taylor v. Ledbetter*, 818 F.2d 791(11th Cir. 1987), case involving a suit by a foster child against state and county officials involved in her placement in a foster home, determined that one committed to custody of the

state involuntarily has a liberty interest in the safety of her environment that was grounded in the historic liberty interest protected substantively by the due process clause. Id. at 795 (citing Youngberg v. Romeo, 457 U.S. 307, 315, 102 S. Ct. 2452, 2458, 73 L. Ed. 2d 28 (1982)). The Taylor court stated:

> "(T)he liberty interests in this case are the right to be free from the infliction of unnecessary pain, as that interest is protected by the fifth and fourteenth amendments, and the fundamental right to physical safety as protected by the fourteenth amendment. "

540.    If this was not a directive, clear enough to put those who work in the foster care system on notice that their duties are ignored at their peril, the Taylor court endorsed the decision of the Second Circuit in Doe v. New York City Dept. of Social Services, 649 F.2d 134 (2d Cir.1981) stating:

> "The Second Circuit held that government officials may be liable under section 1983 not only for overt activity which is unlawful and harmful, but also for failure to act when the duty to act exists. "When individuals are placed in custody or under the care of the government, their governmental custodians are sometimes charged with affirmative duties, the nonfeasance of which may violate the Constitution. Thus, nonperformance of such custodial duties has been held to give rise to a section 1983 cause of action for prisoners." Doe, 649 F.2d at 141.

541.    These violations alone required minor children to be immediately returned to Mr. Behr pursuant to Fla.Stat. Section 61.13001(3)(f)), Section 61.13001(6) (a), Section 6145 and by refusing to do so, in direct violation by Ms. Fenner and Defendants' having full knowledge Ms. Brooks, committed fraud upon the court, was in collusion with Defendants' with no legal or responsible care for any of the Plaintiffs'.

542.    Defendants' violated pursuant to Federal and State "RICO ACT" as Defendants' buying, sell merchandise interstate, transporting and housing out of county, out of state minor children, they receive funds from Federal, State and County, conspiring together, threatening Plaintiffs' and other citizens in Florida to send their children out of county or State. FDCF and

PBCDCF receive around $135,000.00 per child per year when child is in foster care, FGAL and PBCGAL receive both state and Federal funds to maintain an alleged independent organization to represent minor children but in fact, represent FDCF, PBCDCF and State of Florida, helps funding their organization, in violation pursuant to RICO ACT.

543.    4[th]DCA denied Plaintiff, their Civil Rights by "branding" Mr. Behr's appeals/document filing with a "C" next to his name, on each filing as a label code allegedly "being a nuance" then issuing an order denying his right to file without legal counsel.

544. Florida has numerous state statutes that address child protection.

545.    PBCDCF has volumes of administrative policy and procedure for child protective service worker, supervisor and sub-contractor's; these policies and procedures (protocols) for state workers carry the force and effect of law; the volumes of which they are in violation.

546.    Defendants' refused to motion, petition, oral request for Ms. Brooks to be psychologically evaluated even with factual knowledge Ms. Brooks suffers from mental health issues, her mother suffers from Paranoid Schizophrenic, her grandmother and her father have mental health issues.

547.    Jurist john doe 3 did not have authority to order Psychiatric evaluations on Plaintiffs' as the court lacked any official jurisdiction over children.

548.    Jurist john doe 3 if assumed she had proper jurisdiction, failed to order any of children to receive independent psychological evaluation at any time since June 11, 2014 to present. This is in direct violation pursuant to: Federal and State Child Protective laws especially when an allegation of mental abuse of children is alleged, causing aggravated child abuse.

549.    Jurist john doe 3 did factually, ignore Miracle and Casandra from June 11, 2014 to present identifying her incompetence as jurist and legal counsel. Miracle and Casandra lived

with Mr. Behr from birth to Defendants' "governmental interference" on May 19, 2014.

550.    Jurist john doe 3 has an interesting past in relationship department. She was married yet never lived with her husband, had two girls, had her former husband (a wealthy commodities trader in Boston) buy her a Judgeship by donating to governor at the time, then divorced her husband. A conclusion can be made here, Jurist john doe 3 does not like "Men" but uses them for her own purpose, in direct violation pursuant to Federal and State Child Protective laws especially when an allegation of mental abuse of children is alleged, "Due Process".

551.    Jurist john doe 3 sealed all records.

552.    If a court resorts to any documentary source of information not received in open Court, court shall make information and its source, a part of record in the action and shall afford each party reasonable opportunity to challenge such information, and to offer additional information, before judicial notice of the matter is taken. Jurist john doe 3 denied Federal and State Rules of Evidence.

553.    Plaintiffs' maintain Defendants' are required and have to had training pursuant to FDC and PBCDCF rules and regulations and Fla. Laws on Child Abuse and proper procedures to ensure safety of minor children and have failed such training.

554.    During all times material all Defendants' herein were bound by Federal Constitution and Florida State Constitution under the direct jurisdiction of 15thDC and the Federal Southern District Court, to protect Plaintiffs' from all abuse and neglect pursuant to all protection from abuse acts and per alleged order dated May 20, 2014 from the 15thDC case number 50-2014-DP-300368, 50-2014-DR-0003128, AND 50-2014-DR-005899 order's, of which has the full effect of law in direct violation of FDCF and PBCDCF "protocol" and Federal and State laws pursuant to line 1 and line 49, violating their sworn oath pursuant to Fla.

Constitution Article II Section 5, and pursuant to portions of the Child Protective Laws Chapter 39, State of Florida, 827.03, 722.628d et al.. This effectively denied Plaintiffs' of any impartial or objective investigation and impartial or un-biased jurists.

555.    Pursuant to § 827.03 Defendents' were willfully and by culpable negligence to Plaintiffs' causing them severe emotional and psychological harm and did by such actions as alleged in the above and incorporated herein and made a part hereof are punishable by as provided in Fla. § 775.082, § 775.083, or § 775.084.

556.    During all times material Defendents' Mr. Braun, Ms. Seder, Ms. Fenner, John Does 1- 81, jurists john doe 1 -5, FOIG, PBCOIG, FDAGO, PBCAGO, were licensed Florida attorney's, were required to take an oath pursuant Florida and Palm Beach County Bar Association and Fla. Statutes, to uphold Fed. and State Constitution and with malice were/are in violation of "Due Process", Criminal Acts, Judicial Cannons, Professional Conduct, and violation pursuant to Federal and state laws pursuant as stated on line 1 and line 49 herein. This effectively denied Plaintiffs' of any impartial or objective investigation and impartial or un-biased jurists.

557.    During all times material Defendants' Mr. Braun, Mr. Smith, Ms. Seder, Ms. Fenner, jurists john doe 1 – 8, John Does 1- 100, licensed Florida attorney, were bound by Federal Constitution and Florida State Constitution under the direct jurisdiction of 15thDC and Federal Southern District Court, to follow Federal, state and Palm Beach County sworn Professional Code of Ethic's to be ethical, not represent falsehoods to the court, to protect Plaintiffs' from all abuse and neglect pursuant to all protection from abuse acts of which has the full effect of law and to act per the laws they swore to uphold in violation of "Due Process", Criminal Acts, Professional Conduct, and violation pursuant to Federal and state laws pursuant

as stated on line 1 and line 49 herein. This effectively denied Plaintiffs' of any impartial or objective investigation and impartial or un-biased jurists and denial of proper legal counsel.

558.    During all times material Mr. Campbell and PBCSD, were bound by Federal Constitution and Florida State Constitution under direct jurisdiction of The 15th DC and the Federal Southern District Court, to follow the Federal, state and Palm Beach County sworn Professional Code of Ethic's to be ethical, not represent falsehoods to school officials, Officers of the law, PBCDCF and/or the court and to protect Plaintiffs' from all abuse and neglect pursuant to all protection from abuse acts and all educational provisions and as Palm Beach County Employee was required to take an oath pursuant the State of Florida under the Educational, Criminal and Child Welfare Section Fla. Statutes, to uphold the Constitution of the State of Florida required by Federal and State law of which has the full effect of law and to act and were/are in violation of "Due Process", Criminal Acts, Professional Conduct, and violation pursuant to Federal and state laws pursuant as stated on line 1 and line 49 herein. This effectively denied Plaintiffs' of any impartial or objective investigation and impartial or un-biased jurists.

559.    Defendants' Ms. Tolbert and Mr. O'Hara, were required to take an oath pursuant Fed. and Fla. State Constitution, State of Florida under the Criminal and Civil Child Welfare Section, HIPPA Laws, Fla.Stat Chapter 39, Medical Hypocritic Oath, to uphold the Constitution of the State of Florida. and Fla. Statutes, in violation of "Due Process", Criminal Acts, Professional Conduct, and violation pursuant to Federal and state laws pursuant as stated on line 1 and line 49 herein. This effectively denied Plaintiffs' any impartial or objective psychological therapy and evaluations.

560.    During all times material Ms. Tolbert and Mr. O'Hara, were bound by Federal Constitution and Florida State Constitution under direct jurisdiction of The 15thDC and the

Federal Southern District Court, to follow the Federal, state and Palm Beach County sworn Professional Medical Code of Ethic's to be ethical and sworn Hypocritic Oath, not represent falsehoods to the court and to protect Plaintiffs' from all abuse and neglect pursuant to all protection from  abuse acts of which has the full effect of law and to act in violation of "Due Process", Criminal Acts, Professional Conduct, and violation pursuant to Federal and state laws pursuant as stated on line 1 and line 49 herein. This effectively denied Plaintiffs' of any impartial or objective psychological therapy and evaluations.

561.    During all times material Ms. Demar, Ms. Seder, John Doe 4, was bound by a Fed. and Florida State Constitution under the direct jurisdiction of 15thDC and the Federal Southern District Court, to protect Plaintiffs' from all abuse and neglect pursuant to all protection from abuse acts and per alleged order dated May 19, 2014 from the 15[th]DC case number 50-2014-DP-300368 division JL et al. order of which has the full effect of law in direct in violation of "Due Process", criminal acts, Professional Conduct, and violation pursuant to Federal and state laws pursuant as stated on  line 1 and line 49 herein. This effectively denied Plaintiffs' of any impartial or objective investigation and impartial or un-biased jurists.

562.    During all times material John Doe 1- 100, were bound by Federal Constitution and Florida State Constitution under the direct jurisdiction of 15thDC and the Federal Southern District Court, to protect Plaintiffs' from all abuse, neglect, educational provisions of the laws for the disabled child and pursuant to all protection from abuse acts and educational requirements and per **alleged order** dated May 19, 2014 from the 15[th]DC case number 50-2014-DP-300368 division JL et al. order of which has the full effect of law, in violation of "Due Process", criminal acts, Judicial Cannons, Professional Conduct, and violation pursuant to Federal and state laws

pursuant as stated on line 1 and line 49 herein. This effectively denied Plaintiffs' of any impartial or objective investigation and impartial or un-biased jurists.

563.     During all times material John Doe 1- 100, were bound by Federal Constitution and Florida State Constitution under the direct jurisdiction of 15thDC and the Federal Southern District Court, to follow the Federal, state and Palm Beach County sworn Professional Code of Ethic's to be ethical, not represent falsehoods to PBCDCF and/or the court and to protect Plaintiffs' from all abuse and neglect pursuant to all protection from abuse acts and all educational provisions and as Palm Beach County Employee was required to take an oath pursuant the State of Florida under the Educational, Criminal and Child Welfare Section Fla. Statutes, to uphold the Constitution of the State of Florida.. required by Federal and State law of which has the full effect of law and to act in violation of "Due Process", criminal acts, Judicial Cannons, Professional Conduct, and violation pursuant to Federal and state laws pursuant as stated on line 1 and line 46   herein. This effectively denied Plaintiffs' of any protection from abuse and corruption/collusion by officials and individuals and impartial or objective investigation.

564.     Plaintiffs' have been threatened by Defendants', repeatedly since May 18, 2014 to present with losing parental rights and visitation preventing Plaintiffs' from filing this complaint soon as Defendants maintain collusion and identify corruption with each other to cause Fear and harm of retaliation towards Plaintiffs; if they filed this complaint sooner causing aggravated child abuse in direct violation pursuant to: FDCF and PBCDCF "protocol", Criminal Acts, Fla. Judicial Cannons, Professional Conduct, to "DISCREDIT AND DEFAME" Mr. Behr, in collusion with Defendants, Federal and state laws as stated on line 1 and line 49 herein. This

124

effectively denied Plaintiffs' of any protection from abuse and corruption/collusion by officials, individuals and impartial or objective investigation and/or unbiased and impartial jurists.

565.   Plaintiffs' would have filed this complaint sooner if their Life, Liberty and Freedoms have not been threatened by Defendants herein.

566.   Plaintiff will file Exhibit's upon order of the court granting permission to open sealed records and order for records to be disseminated to Plaintiffs' herein. The Exhibits Plaintiffs' have that are not sealed, will be submitted in 28 days with Amended Complaint. The exhibits from unsealed records will be presented upon plaintiffs' receiving them from the 15$^{th}$DC and the 4thDCA.

567.   This case warrants claims involving tort of outrage, bad faith, outrageous government conduct, RICO ACT and manifest injustice.  The defendants acts and failures to act are criminal in nature as they are indicative of legalized emotional, physical and psychological abuse on the Plaintiffs`, and depict "the dagger of an assassin" in their actions toward them.  Accordingly, plaintiffs' are justified in alleging each of the following claims against the defendants.

568.   This case requires an Order by this court to disseminate all documentation, orders and exhibits to be entered herein and sealed as confidential, filed in case numbers Florida 15th DC case no. 50-2014-DR-005899, 50-2014-DR-003128 and 50-2014-DP-300368

## FIRST CAUSE OF ACTION - 42 U.S.C. 1983

### (Parental Rights)

569.   Paragraphs 1 through 568 of the Complaint are incorporated herein by reference, the

same as though set forth in full.

570.    The procedures used by Ms. Hudson, John Doe 3, John Doe 2, John Doe 4, John

Doe 4, Ms. Seder, Ms. Taggert, in alleged Child Abuse Investigation and subsequent removal of

only 2 of 4 children from only Mr. Behr's home and assignment of "temporary guardians"

abridged the rights of Mr. Behr, to the care, custody, education of, and association with his

children, as guaranteed pursuant to line 1 and line 49 herein, made a part hereof and made a part

of but not limited to such.

571.    Appears Defendants' do not see anything wrong with mothers and that maternal

Filicide does not exist.

WHEREFORE, Plaintiff pray for the relief set forth below.

### SECOND CAUSE OF ACTION - 42 U.S.C. 1983

### (Due Process)

572.    Paragraphs 1 through 571 of the Complaint are incorporated herein by reference,

the same as though set forth in full.

573.    As applied by Defendants, the Statutes and Protocols deprived Plaintiffs' of their

Liberties without due process of law in violation of the protocol afforded guaranteed pursuant to

line 1 and line 49   herein, made a part hereof and made a part of but not limited to such.

574.    Defendants' and Judicial Defendants by denying to hold hearing on "Emergency

Shelter", falsifying information in application for Emergency Shelter Hearing, Falsifying

information in the Petition for Adjudication for Dependency as applied by Defendants, the

Statutes and Protocols deprived Plaintiffs' of their Liberties without due process of law in

violation of the protocol afforded under the Fourteenth Amendment of the United States

Constitution and Florida Constitution guaranteed pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

575.    Both facially and as allied against Plaintiffs' the Statutes and Protocols regarding Placement on Florida's Central Registry denied Plaintiff Mr. Behr of his fundamental liberties without due process of law in violation of the protection afford under the Fourteenth Amendment of the United States Constitution pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

576.    Pursuant to Statute and Protocol placement on Florida Central is permanent until the death of the person named as perpetrator, as such due process require a more definite determination than a mere "preponderance of evidence" and/or "If evidence of abuse or neglect exists" pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

577.    Mr. Behr was denied his due process right by Defendants' failing to give Mr. Behr written notification that he was placed on the Central registry and/or any specific allegation of the alleged "neglect" pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

578.    By Defendants' restricting the children's access to the Court both physically, without legal counsel and without competent legal counsel when assigned to 2 of 4 minor children, not only deprived the children, Ms. Behr, J.B., Miracle and Casandra, of their due process right to participate in the hearings but also denied Plaintiff s' of their due process right to call and question witnesses pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

579.    By Defendants' threatening Mr. Behr with losing his "parental rights" unless he

does what PBCDCF wants, threatening Ms. Behr, J.B., Miracle and Casandra with harm physically, mentally, psychologically and emotionally, threatening Miracle and Casandra to place them in foster care with their siblings to force them to make" false statements" against Mr. Behr, refused to identify the accusers against Plaintiffs' and found without trial, Mr. Behr guilty, denying Plaintiffs' "Due Process" and fundamental liberties without due process of law pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

580.    Judicial Defendants denied Plaintiffs' of their due process right of independent qualified legal counsel and/or independent from Defendants' by denying them, their right to qualified and independent counsel without cause pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

581.    The innate bias of the Judicial Defendants' denied Plaintiff s' of their due process right to an unbiased, impartial, without prejudice jurist for trial pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

582.    The innate bias of the Judicial Defendants' by denying to hold "Emergency Shelter Hearing" or "Shelter Hearing" denied Plaintiffs' their fundamental liberties without due process of law in violation of the protection afford under the Fourteenth Amendment of the United States Constitution, pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

583.    By Defendants' violating Federal and State of Florida ADA Act did deprive Plaintiffs' of their Guaranteed Rights for Life, Liberty, Property, Due Process of Law and Equal Protection of the Laws pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

584.    By Defendants' violating "The rights to conceive and to raise one's children have

been deemed "essential," without "governmental interference" and the integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fifth, Eighth, and Fourteenth Amendment denied the Plaintiffs' their "Due Process" rights pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

585.    Through Mr. Behr Legal counsel PBCCCCRC, John Doe 27, 28, 29, 38, 39, 40, did deny Mr. Behr, "Due Process" by failing to disclose the laws, rules of the state and court and for either being incompetent or in collusion with all Defendants, by refusing to file Motions, Petitions or Appeals as required for Plaintiffs' herein on their behalf pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

586.    By judicial Defendants failure to secure legal counsel for Miracle and Casandra identifies the lack of Due Process Clause of the Fifth, Eighth and Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment denied the Plaintiffs' their "Due Process" rights pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

587.    By Defendants' violating Plaintiffs' "Due Process" rights by violating their sworn and signed oath under the Florida Constitution for their employment and/or official government office, to uphold the laws of the Federal and State pursuant to line 1 and line 49   herein, made a part hereof and made a part of but not limited to such.

588.    By Defendants' denying Plaintiffs' "Due Process" rights by denying them The Family Educational Rights and Privacy Act (FERPA), Principles of Professional Conduct for the Education Profession in Florida, Principles of Professional Conduct for the Education Profession

in Florida pursuant to line 1 and line 49, herein, made a part hereof and made a part of but not limited to such.

589.    By Defendants' "Kidnaping" Ms. Behr and J.B. without a warrant or a Court Order, no "Notice" to Mr. Behr violated Plaintiffs'' Due Process Clause of the Fifth, Eighth and Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment denied the Plaintiffs' their "Due Process" rights and criminal actions pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

590.    By Defendants' lying to Plaintiffs' stating there was an Order of "No Contact Order" against Mr. Behr, verbally, on the record and written, with Plaintiffs' violated Plaintiffs' Due Process Clause of the Fifth, Eighth and Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment denied the Plaintiffs' their "Due Process" rights pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

591.    By judicial Defendants' and defendants denying expediated trial and hearings per Fla.R.Juv.Proc. 9.146 violated Plaintiffs' Due Process Clause of the Fifth, Eighth, and Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment denied the Plaintiffs' their "Due Process" rights pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

592.    By jurist Defendants' denying Plaintiffs' a fair, unbiased, un-prejudicial and impartial court proceedings violated Plaintiffs' Due Process Clause of the Fifth, Eighth and Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment denied the Plaintiffs' their "Due Process" rights pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

593.    By jurist Defendants' of 4thDCA, denied Plaintiffs' their due process right

"Branding Mr. Behr's Documents and Appeals with a "C" next to his name as a label for "Pro Se Litigants" and in collusion with Defendants' herein then issuing a "restrictive Order" against Mr. Behr without a hearing violated Due Process Clause of the Fifth, Eighth and Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment denied the Plaintiffs' their "Due Process" rights pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

594.    By Judicial Defendants' denying Plaintiffs' "Due Process" rights by refusing Plaintiffs' as Indigent/Informa Pauperis status party the right to afford or make payments for court transcripts in violation of plaintiffs' due process rights pursuant to Fifth, Eighth and pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

595.    The innate bias of the Judicial Defendants' denied Plaintiffs' of their due process right to an unbiased trial, a trial by jury, right to an appellant jurist's opinions on appeals pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

596.    Defendants abridged the right of Plaintiffs' and their family to be free from "government interference" with "No Just cause", in violation of the fourth, Fifth, Eighth and fourteenth amendments to the United States Constitution, as well as Art. and of the Florida Constitution pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

WHEREFORE, Plaintiff pray for the relief set forth below.

### THIRD CAUSE OF ACTION - 42 U.S.C. 1983
### (Unreasonable Search and Seizure)

597.    Paragraphs 1 through 596 of the Complaint are incorporated herein by reference,

the same as though set forth in full.

598.    PBCDCF, Ms. Hudson, John doe 2 , John Doe 3, John Doe 4, John doe 5 abridged
the right of Plaintiffs' and their family to be free from unreasonable search and seizure, by
entering Mr. Behr's home without permission and under false pretense, in violation of the fourth,
Fifth, Eighth and fourteenth amendments to United States Constitution, as well as Art. 1, Section
12 of the Florida Constitution pursuant to line 1 and line 49 herein, made a part hereof and made
a part of but not limited to such.

**WHEREFORE,** Plaintiff pray for the relief set forth below.

## FOURTH CAUSE OF ACTION - 42 U.S.C. 1983

### (Hostage Taking)

599.    Paragraphs 1 through 598 of the Complaint are incorporated herein by reference,
the same as though set forth in full.

600.    Defendants' detained only Ms. Behr, J.B., Mr. Behr's children against the will of
Plaintiffs' yet not Miracle or Casandra without a warrant or court order pursuant to line 1 and
line 49 herein, made a part hereof and made a part of but not limited to such.

601.    Defendants' used the release of the children to Ms. Brooks to coerce her to waive
her right to a trial by jury, enter a plea consenting to Courts jurisdiction. Ms. Brooks was
promised full "custody" if she plead Guilty and she did. Mr. Behr refused to plead "guilty"
pursuant to line 1 and line 49 herein, made a part hereof and made part of but not limited to such.

602.    Pursuant to 18 U.S.C. 1203, Defendants continued detainment only 2 of 4 of Mr.
Behr children with explicate and/or implicated conditions of their release being the acceptance of
a plea offer by the parents constitute the taking of hostages pursuant to line 1 and line 49 herein,
made a part hereof and made a part of but not limited to such.

603.    Defendants by taking Ms. Behr out of a public school under false pretense and making statements "We cannot keep her "Hostage" identifies the Defendants knowledge they kidnapped and held Ms. Behr, Hostage in violation of fourth and fourteenth amendments et al. pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

604.    Defendants by taking J.B. out of a psychiatric juvenile hospital Facility under false pretenses to hospital without notice to Mr. Behr, identifies the Defendants knowledge they kidnapped and held Ms. Behr, Hostage in violation of fourth and fourteenth amendments et al. pursuant to line 1 and line 49 herein, made part hereof and made a part of but not limited to such.

605.    Defendants detained and continued to detain Mr. Behr's children against the will of Mr. Behr and his children with "No Just Cause" or "Legal Right" pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

606.    Defendants abridged the right of Plaintiffs' and their family by kidnapping Ms. Behr and J.B. and holding them hostage in violation of the fourth, Fifth, Eighth and fourteenth amendments to the United States Constitution, as well as Fla.Const. Title XLVI CHAP. 798 and pursuant to line 1 and line 49 herein, made part hereof and made a part of but not limited to such.

WHEREFORE, Plaintiff pray for the relief set forth below:

### FIFTH CAUSE OF ACTION - 42 U.S.C. 1983

### (Intentional Infliction of Emotional Distress)

607.    Paragraphs 1 through 606 of the Complaint are incorporated herein by reference, the same as though set forth in full.

608.    Defendants' conduct was/is extreme and outrageous, willfully and intentionally causing irreparable emotional, psychological harm to Plaintiffs', Casandra and Miracle, and

distress pursuant line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

609.    Judicial Defendants' conduct was extreme and outrageous, willfully and intentionally causing and psychological harm to Plaintiffs', Casandra and Miracle, distress pursuant to line 1 and line 46   herein, made a part hereof and made a part of but not limited to such.

610.    Defendants by separating Plaintiffs', Miracle and Casandra from each other, In separate housing for over 1 yr., intentionally to destroy a good family, willfully and intentionally causing irreparable emotional and psychological harm in violation of fourth and fourteenth amendments et al. pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

611.    Defendants abridged the right of Plaintiffs' and their family by kidnapping Ms. Behr and J.B. and holding them hostage in violation of the fourth, Fifth, Eighth and fourteenth amendments to the United States Constitution, as well as Fla.Stat.Chap. 39 and pursuant to line 1 and line 49 herein, made part hereof and made a part of but not limited to such

**WHEREFORE,** Plaintiff pray for the relief set forth below

### SIXTH CAUSE OF ACTION –Supplemental Jurisdiction

### (Familial Integrity)

612.    Paragraphs 1 through 611 of the Complaint are incorporated herein by reference, the same as though set forth in full.

613.    Defendants by their acts violated Mr. Behr's parental rights to the care. custody, education of, and association with his children and deprived children of their right to receive such care, custody, education and association with their father, Mr. Behr pursuant to line 1 and

line 49 herein, made a part hereof and made a part of but not limited to such.

614.    Judicial Defendants' by their acts violated Mr. Behr's family rights to the care.
custody, education of, and association with his children and deprived children of their right to
receive such care, custody, education and association with their father, Mr. Behr pursuant to line
1 and line 49 herein, made a part hereof and made a part of but not limited to such.

615.    Defendants by interfering with Mr. Behr's "Parental Rights" and "Due Process"
in violation of fourth, Fifth, Eighth and fourteenth amendments, Supreme Court Parental
Doctrine, pursuant to line 1 and line 49   herein, made a part hereof and made a part of but not
limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

### SEVENTH CAUSE OF ACTION - Supplemental Jurisdiction

### (Negligence)

616.    Paragraphs 1 through 615 of the Complaint are incorporated herein by reference,
the same as though set forth in full.

617.    As professional social workers' PBCDCF workers/supervisors had duty of care
towards Ms. Behr, J.B., Miracle and Casandra. pursuant to line 1 and line 49 herein, made a part
hereof and made a part of but not limited to such.

618.    As professional social workers PBCDCF workers/supervisors had a duty of
protection of Constitutional and Statutory rights towards Plaintiff s', Miracle and Casandra.
pursuant to line 1 and line 49 herein, made part hereof and made a part of but not limited to such.

619.    Defendants' had a duty of care towards Plaintiffs', Miracle and Casandra and
refused any care and services for Plaintiffs', Miracle and especially Casandra. pursuant to line 1
and line 49 herein, made a part hereof and made a part of but not limited to such.

620.    Defendants' excluding Ms. Brooks and Ms. Franklin, as professionals had a duty of protection of Fed. and State Constitutional and Statutory rights towards Plaintiffs', Miracle and Casandra and refused. pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

621.    As an officer of the Court Judicial Defendants had a duty of care and protection of rights towards Plaintiffs' and refused and are in collusion with all Defendants' herein pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

622.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the scope of their authority or with the reasonable belief that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

623. Defendants abridged the right of Plaintiffs' and their family by their total negligence by failing to investigate the false allegations made by Ms. Brooks, Ms. Franklin, Ms. Seder, Ms. Hudson, John Doe 3, John Doe 4 and PBCDCF in violation of the fourth, Fifth, Eighth and fourteenth amendments to the United States Constitution, as well as Fla.Const. Title XLVI Chap. 784 and pursuant to line 1 and line 49 herein, made part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

## EIGHTH CAUSE OF ACTION

### The Freedom of Information Act

624.    Paragraphs I through 623 of the Complaint are incorporated herein by reference, the same as though set forth in full.

625.    Defendants' PBCSD, PBCDCF, Jurist john doe 3, Jurist john doe 2 , had a duty upon Mr. Behr's written and verbal requests to submit all documentation involving these case matters per Freedom of Information Act and have refused to produce such documents requested pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

626.    As an officer of the Court Judicial Defendants had a duty of care and protection of rights to produce the written and verbal requests for all documentation allowed under the Freedom of Information Act for Plaintiffs' and Miracle and Casandra and failed to produce the information. pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

627.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting by denying Freedom of Information requested under Fed. and State and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

## NINTH CAUSE OF ACTION - FOURTH AMENDMENT

### Right to Privacy

628.    Paragraphs 1 through 627 of the Complaint are incorporated herein by reference, the same as though set forth in full.

629.    Defendants' had a duty upon Plaintiffs' Right to Privacy yet with malicious intent violated Plaintiffs' privacy by stealing Ms. Behr's and J.B.'s cell phones, having them forensically screened, reading their private information including social media. with "No Just

cause", no warrant, no order and no "No Contact Order" pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

630.    As an officer of the Court Judicial Defendants had a duty of care and protection of rights to Plaintiffs' Right to Privacy. Judicial Defendants interfered with their privacy rights by allowing their co-conspirators through collusion to violate Plaintiffs' privacy rights pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

631.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

## TENTH CAUSE OF ACTION – CIVIL RIGHTS
### Discrimination

632.    Paragraphs I through 631 of the Complaint are incorporated herein by reference, the same as though set forth in full.

633.    Defendants' had a duty upon Plaintiffs' Right to protect their sex, religion and education pursuant line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

634.    Defendants' violated Mr. Behr's right as a male and being Jewish to be treated equally pursuant line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

635.    Defendants discriminated against Ms. Behr and J.B. their religious beliefs,

refusing for over 1 yr. to allow them to participate in their religion pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

636.    Defendants discriminated against Ms. Behr's medical, educational rights because she is a female and has disabilities suffering from Bi-Polar, OCD and Asperger's pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

637.    Defendants' discriminated against Mr. Behr's right because of his age continually bringing up the age difference between Mr. Behr and Ms. Brooks on the record and documents. They were married for 20 yrs. pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

638.    As an officer of the Court Judicial Defendants had a duty of care and protection of rights to Plaintiffs' to protect their sex, age, disabilities and religion pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

639.    As an officer of the Court Judicial Defendants denied by discrimination and per Jurist court records against men, Plaintiff his parental, civil rights on the sole basis he was a Man and not a woman pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

640.    As an officer of the Court Judicial Defendants discriminated against Plaintiffs' their religious right to practice their faith and by allowing Defendants to force Plaintiffs' to go against their religious beliefs pursuant to line 1 and line 49   herein, made a part hereof and made a part of but not limited to such.

641.    As an officer of the Court Judicial Defendants discriminated against Mr. Behr's because of his age pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

642.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within their authority or with the reasonable belief in that they were so acting and acted with gross discrimination and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

## ELEVENTH CAUSE OF ACTION – 42 U.S. Code § 1985 18 U.S. Code § 241
### Conspiracy against Citizens Rights

643.    Paragraphs I through 642 of the Complaint are incorporated herein by reference, the same as though set forth in full.

644.    Defendants' had conspired together against Plaintiffs' Civil Rights and had conspired together to interfere with the Civil rights of the Plaintiffs' herein pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

645.    As an officer of the Court Judicial Defendants had a duty of care and protection of rights to Plaintiffs' yet had conspired together with Defendants' herein against Plaintiffs' Civil Rights and had conspired together to interfere with the Civil Rights of the Plaintiffs' herein pursuant to line 1 and line 49 herein, made part hereof and made a part of but not limited to such.

646.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted together with all defendants herein to commit conspiracy against citizens' rights throughout Palm Beach County and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

## TWELETH CAUSE OF ACTION – TITLE 18, U.S.C., SECTION 242

### Deprivation of Rights Under Color of Law

647.    Paragraphs 1 through 646 of the Complaint are incorporated herein by reference, the same as though set forth in full.

648.    Defendants' had conspired together against Plaintiffs' Depriving them their Rights Under Color of Law Civil Rights pursuant to line 1 and line 49   herein, made a part hereof and made a part of but not limited to such.

649.    Defendants' violated Plaintiffs' United States Constitution Amendments First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth, with malice and intent to violate "Guaranteed rights" under Federal and State Law, harmed the Plaintiffs' pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

650.    Defendents' knew their actions against the Plaintiffs' included false statements which contained fabricated, Fraud, were Deceitful and Misrepresentation of the information imputes to others conduct, characteristics, and/or conditions incompatible with the proper exercise of Plaintiff's Personal Relationships, education, lawful business, trade, and/or profession under color of law pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

651.    As an officer of the Court Judicial Defendants had a duty of care and protection of rights to Plaintiffs', Deprived them their Rights Under Color of Law Civil Rights pursuant to line 1 and line 49   herein, made a part hereof and made a part of but not limited to such.

652.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they

were so acting and acted under the color of law and reckless disregard to the damages and

deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made

a part of but not limited to such.

      **WHEREFORE**, Plaintiff pray for the relief set forth below.

**THIRTEENTH CAUSE OF ACTION – 18 U.S. Code Chapter 96**

**Racketeering Act (RICO)**

653.    Paragraphs <u>1 through 652</u> of the Complaint are incorporated herein by reference,

the same as though set forth in full.

654.    Defendants' had conspired together against Plaintiffs' Civil Rights and had

conspired together to interfere with the Civil rights of Plaintiffs' herein creating an illegal action

titled the RICO Act pursuant to line 1 and line 49 herein, made a part hereof and made a part of

but not limited to such.

655.    Defendants' by conspiring together against Plaintiffs' for individual, employees

of the county and state for monetary and political gain by influencing jurists, government

agencies and creating corruption in each stated creating an illegal action under titled RICO Act

pursuant to line 1 and line 49 herein, made part hereof and made a part of but not limited to such.

656.    Defendants receiving Federal, State and County funds, doing business with out of

county and state, creating collusion to take funds of over $135,000.00 per child whom did not do

not  have any reason to be involved with FDCF and PBCDCF and sub-agencies, with over

billing/overcharging and other unlawful acts intra-state, in collusion with all Defendents' herein

violated the RICO ACT pursuant to line 1 and line 49 herein, made a part hereof and made a part

of but not limited to such.

657.    As an officer of the Court Judicial Defendants had a duty of care and protection of

rights to Plaintiffs', allowed Defendants' to conspire together against plaintiffs' and other parents and minor children of State of Florida, individually, employees of the county and state for monetary and political gain by influencing jurists, government agencies and creating corruption in each stated creating an illegal action titled the RICO Act pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

658.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within their authority or with reasonable belief in that they were so acting and acted with dereliction of duty, gross negligence and reckless disregard damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

WHEREFORE, Plaintiff pray for the relief set forth below.

FOURTEENTH CAUSE OF ACTION – 25 U.S. Code § 3116

BREACH OF CONTRACT

659.    Paragraphs 1 through 658 of the Complaint are incorporated herein by reference, the same as though set forth in full.

660.    Defendants' had breached their employment contract to uphold their signed and sworn contracts and State Constitution and laws pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

661.    As an officer of the Court Judicial Defendants had breached their signed and sworn contract as a jurist for employment to uphold the State Constitution pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

662.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they

were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

## FIFTEENTH CAUSE OF ACTION - Supplemental Jurisdiction
### medical malpractice

663.    Paragraphs I through 662 of the Complaint are incorporated herein by reference, the same as though set forth in full.

664.    Defendants' with medical licenses herein and being subjected to the authority abuse of power by PBCDCF, had demonstrated their medical malpractice by changing reports, documents and/or making reports or documents to favor Defendants, harming Plaintiffs', Miracle and Casandra pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

665.    In violating their duty of care, protect, and abide by statute and protocol, Defendants' were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

## SIXTEENTH CAUSE OF ACTION – 5th and 8th Amendment
### RIGHTS OF PERSON

666.    Paragraphs 1 through 665 of the Complaint are incorporated herein by reference, the same as though set forth in full.

667.    Defendants' had violated the Plaintiffs' 5th and 8th Amendment of the U.S.C. by their cruel and unusual punishment of Plaintiffs' and Miracle and Casandra by destroying the Plaintiffs' relationship with Miracle and Casandra and by imprisoning Ms. Behr and J.B. with "No Just Cause" and no avenue for release pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

668.    Defendant made slanderous, fabricated, fraudulent statements about Plaintiff with No Factual Documentation nor expert testimony imprisoning Ms. Behr, J.B. in Foster Care and Miracle and Casandra imprisoned with Ms. Brooks and Ms. Brooks pedophile boyfriend pursuant line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

669.    As an officer of the Court Judicial Defendants had violated the Plaintiffs' 5th and 8th Amendment of the U.S.C. by their cruel and unusual punishment of Plaintiffs' and Miracle and Casandra by destroying the Plaintiffs' relationship with Miracle and Casandra and by imprisoning Ms. Behr and J.B. with "No Just Cause" and no avenue for release pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

670.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

WHEREFORE, Plaintiff pray for the relief set forth below.

## SEVENTEENTH CAUSE OF ACTION - Supplemental Jurisdiction

### Tort Action

671.    Paragraphs I through 670 of the Complaint are incorporated herein by reference,

the same as though set forth in full.

672.    Defendants' by their actions and inactions against the Plaintiffs' have created a Tort Action as stated above herein and made a part hereof pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

673.    As an officer of the Court Judicial Defendants by their actions and inactions against the Plaintiffs' have created Tort Actions as stated above pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

674.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence, reckless disregard to the damages and deprivations of rights, creating numerous tort issues pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such..

WHEREFORE, Plaintiff pray for the relief set forth below.

### EIGHTEENTH CAUSE OF ACTION - Supplemental Jurisdiction
### Breach of Fiduciary Duty

675.    Paragraphs I through 674 of the Complaint are incorporated herein by reference, the same as though set forth in full.

676.    Defendants' having Fiduciary Duty to protect and uphold Federal and State Constitution, by committed direct fraud, fraud upon the court and legal system, fabrication of documents as independent defendants', has caused Plaintiffs' irreparable harm both emotionally and psychologically pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

677.    As an officer of the Court Judicial Defendants having a Fiduciary Duty to protect

and uphold the Federal and State Constitution, by committed direct fraud, fraud upon the court and legal system, fabrication of documents has caused Plaintiffs' irreparable harm both emotionally and psychologically pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

678.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

### NINETEENTH CAUSE OF ACTION - Supplemental Jurisdiction

### Injunctive & Declaratory Relief

679.    Paragraphs I through 678 of the Complaint are incorporated herein by reference, the same as though set forth in full.

680.    Defendants' collusion, failure to uphold the Federal and State Constitution has caused fraud upon the court creating unlawful discriminating court order's harming Plaintiffs' herein and harming Plaintiffs' financially, emotionally and psychologically creating the need for injunctive and declaratory relief by this court pursuant to line 1 and line 46   herein, made a part hereof and made a part of but not limited to such.

681.    As an officer of the Court Judicial Defendants collusion, failure to uphold the Federal and State Constitution has caused fraud upon the court creating unlawful discriminating court order's harming Plaintiffs' herein and harming Plaintiffs' financially, emotionally and

psychologically creating the need for injunctive and declaratory relief by this court pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

682.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 46   herein, made a part hereof and made a part of but not limited to such.

WHEREFORE, Plaintiff pray for the relief set forth below.

## TWENTITH CAUSE OF ACTION – Supplemental Jurisdiction

### Libel, Assault, Slander

683.    Paragraphs I through 676 of the Complaint are incorporated herein by reference, the same as though set forth in full.

684.    Defendants' slandered, libeled, attacked repeatedly and defamed the Plaintiffs' with all their fabricated, fraudulent, fraud upon the court verbal statements prior to testifying, filings with the court, filings with Defendants' and such stated herein in the above pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

685.    As an officer of the Court Judicial Defendants slandered, libeled, attacked repeatedly and defamed the Plaintiffs' with all their fabricated, fraudulent, fraud upon the court, verbal statements prior to testifying, filings with the court, an officer of the court must uphold the law and not use their official position to violate law and hide from justice, and such stated herein in the above pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

686.    In violating their duty of care, protect, and abide by statute and protocol,

Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 46  herein, made a part hereof and made a part of but not limited to such.

 **WHEREFORE**, Plaintiff pray for the relief set forth below.

**TWENTY-FIRST CAUSE OF ACTION – Supplemental Jurisdiction**

**Legal Malpractice**

 687. Paragraphs <u>1 through 686</u> of the Complaint are incorporated herein by reference, the same as though set forth in full.

 688. Licensed legal counsel Defendants' by being incompetence, in collusion, refusal to follow their client's directives, violating Fla. State and PBC Bar Association Professional Conduct demonstrated legal malpractice as stated herein above pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

 689. Mr. Braun and John Doe 34 , violating their sworn oath for employment and directives by PBCDCF with malicious intent to harm minor children directives demonstrated legal malpractice as stated herein above pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

 690. Ms. Seder with her malicious intent to harm minor children, cause aggravated child abuse, directives to Ms. Brooks, demonstrated legal malpractice as stated herein above pursuant line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

 691. As an officer of the Court Judicial Defendants as licensed legal counsel and jurists, with malicious intent to harm minor children directives, violating laws and professional conduct, demonstrated legal malpractice as stated herein above pursuant to line 1 and line 49

herein, made a part hereof and made a part of but not limited to such.

692.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 46   herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

## TWENTY-SECOND CAUSE OF ACTION – <u>18 U.S. Code § 2255</u>

### Personal Injury

693.    Paragraphs <u>1 through 686</u> of the Complaint are incorporated herein by reference, the same as though set forth in full.

694.    Defendants' actions and lack of actions as stated above herein caused Plaintiffs' irreparable harm both severe emotionally and severe psychologically harm and damages pursuant line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

695.    As an officer of the Court Judicial Defendants actions and lack of actions caused Plaintiffs' irreparable harm both severe emotionally and severe psychologically harm and damages pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

696.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

### TWENTY-THIRD CAUSE OF ACTION – Supplemental Jurisdiction

### Writ of Mandamus

697.    Paragraphs I through 696 of the Complaint are incorporated herein by reference, the same as though set forth in full.

698.    Defendants' violation to uphold the Federal and State Constitutions herein a Writ of Mandamus to require clearing the names of the Plaintiffs', order a factual trial with competent legal counsel pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

699.    As an officer of the Court Judicial Defendants violation to uphold the Federal and State Constitutions herein a Writ of Mandamus to require clearing the names of the Plaintiffs' and hold a factual trial with competent legal counsel and issue sanctions against said Judicial defendants pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

700.    In violating their duty of care, protect, and abide by statute and protocol, defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

### TWENTY-FOURTH CAUSE OF ACTION – Supplemental Jurisdiction

### Writ of Habeas Corpus

701.    Paragraphs I through 700 of the Complaint are incorporated herein by reference, the same

as though set forth in full.

702.    Defendants' violation to uphold Federal and State Constitutions and holding plaintiffs' hostage, with the threat of being held hostage and by denying court access herein a Writ of Habeas Corpus is required to produce all records and documents from all government agencies of which Defendants have refused to produce as of this date and stated above. pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

703.    As an officer of the Court Judicial Defendants violation to uphold the Federal and State Constitutions and holding Plaintiffs' hostage and with the threat of being held hostage and by denying court access herein a Writ of Habeas Corpus is required to produce all records and documents from all government agencies of which Defendants have refused to produce as of this date, by interfering with Appellate process denying court transcripts and plaintiffs' rights pursuant to the fourth, eighth, ninth, fourteenth of Fed. Constitution and State Constitution and stated above pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

704.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

WHEREFORE, Plaintiff pray for the relief set forth below.

### TWENTY-FIFTH CAUSE OF ACTION – Supplemental Jurisdiction

Constitutional State Statue(s)

705.    Paragraphs I through 704 of the Complaint are incorporated herein by reference,

the same as though set forth in full.

706.    Defendants' actions and inactions in direct violation to the Florida Statutes stated above and the Florida Statutes stated above that gives Defendants extreme power to violate the Civil Rights of the Plaintiffs' as state herein above, need to be corrected herein in which to give Defendants such power over citizens including denying right to court system in Florida pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

707.    As an officer of the Court Judicial Defendants actions and inactions in direct violation to the Florida Statutes stated above, and the Florida Statutes stated above that gives Defendants the extreme power to violate the Civil Rights of the Plaintiffs' need to be corrected herein in which to give Defendants such power over citizens in Florida pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

708.    In violating their duty of care, protect, and abide by statute and protocol, defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

**TWENTY-SIXTH CAUSE OF ACTION – Supplemental Jurisdiction**

**Writ of Coram Nobis**

709.    Paragraphs 1 through 708 of the Complaint are incorporated herein by reference, the same as though set forth in full.

710.    As an officer of the Court Judicial Defendants denied Plaintiffs' their continual Appeal's for violations of all the above and below Cause of Actions denying Plaintiffs' their

civil rights pursuant line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

711.    In violating their duty of care, protect, and abide by statute and protocol, defendants were not acting within the of their authority or with the reasonable belief in that they were so acting, acted and failed to act, with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

**WHEREFORE**, Plaintiff pray for the relief set forth below.

**TWENTY-SEVENTH CAUSE OF ACTION – Supplemental Jurisdiction**

**False Claims Act**

712.    Paragraphs I through 711 of the Complaint are incorporated herein by reference, the same as though set forth in full.

713.    Defendants' made voluminous False and Fabricated Claims against Plaintiff's herein as stated above pursuant to line 1 and line 46   herein, made a part hereof and made a part of but not limited to such.

714.    As an officer of the Court Judicial Defendants with full knowledge the Defendants and Court Judicial Defendants made voluminous False Claims against Plaintiff's herein as stated above approved of the false Claims and by so doing violated the Civil rights of the Plaintiffs' herein pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

715.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and

deprivations of rights suffered pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

WHEREFORE, Plaintiff pray for the relief set forth below.

### TWENTY-EIGHTH CAUSE OF ACTION – Supplemental Jurisdiction

### Fraud

716.    Paragraphs I through 715 of the Complaint are incorporated herein by reference, the same as though set forth in full.

717.    Defendants' have committed Fraud against Plaintiffs' as stated above and included herein pursuant line 1 and line 49   herein, made a part hereof and made a part of but not limited to such.

718.    As an officer of the Court Judicial Defendants with full knowledge the Defendants made committed Fraud against Plaintiff's herein and against the courts herein, as stated above approved of the fraud and by so doing violated the Civil rights of the Plaintiffs' herein. Have committed Fraud as stated above and included herein pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

719.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered pursuant to line 1 and line 46   herein, made a part hereof and made a part of but not limited to such.

WHEREFORE, Plaintiff pray for the relief set forth below.

### TWENTY-NINTH CAUSE OF ACTION – Supplemental Jurisdiction

### Neglect of Duty

720.    Paragraphs 1 through 719 of the Complaint are incorporated herein by reference, the same as though set forth in full.

721.    Defendants' had breached their oral and written contracts, "Protocols", rules and regulations to uphold the Federal and State Constitution and protect the rights of the Plaintiffs identifies their neglect of duty as stated above herein pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

722.    As an officer of the Court Judicial Defendants had breached their oral and written contract to uphold the Federal and State Constitution and protect the rights of the Plaintiffs identifies their neglect of duty as stated above herein pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

723.    In violating their duty of care, protect, and abide by statute and protocol, Defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered in pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

## THIRIETH CAUSE OF ACTION – Supplemental Jurisdiction
## BIVENS ACTION

724.    Paragraphs 1 through 723 of the Complaint are incorporated herein by reference, the same as though set forth in full.

725.    Jurist Defendants' 1 – 8 had breached their oral and written contracts, "Protocols", rules and regulations to uphold the Federal and State Constitution and protect the rights of the Plaintiffs identifies their neglect of duty as stated above herein pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

156

726.    As an officer of the Court Judicial Defendants had breached their oral and written contract to uphold the Federal and State Constitution and protect the rights of the Plaintiffs identifies their neglect of duty as stated above herein pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

727.    In violating their duty of care, protect, and abide by statute and protocol, Jurist defendants were not acting within the of their authority or with the reasonable belief in that they were so acting and acted with gross negligence and reckless disregard to the damages and deprivations of rights suffered in pursuant to line 1 and line 49 herein, made a part hereof and made a part of but not limited to such.

728.    Jurist defendants herein violated Fla. Cannon's, Professional Conduct as legal counsel and were in collusion with other defendants' herein

729.    Plaintiffs' have no other recourse of law except to use Bivens Action and do not request any monetary value from jurist defendants herein.

**WHEREFORE**, Plaintiff pray for the relief set forth below.


**WHEREFORE**, Plaintiff pray for the relief set forth below.

**UPON THE FOREGOING CAUSES OF ACTION, PLAINTIFF PRAYS THE COURT FOR THE FOLLOWING RELIEF:**

A.    Assert jurisdiction over this action

B.    Award Plaintiff actual damages that incurred as a direct or proximate result of Defendants' excluding jurist defendants', actions and/or inactions.

C.    Award Plaintiff compensatory damages against Defendants excluding jurist defendants', in their individual capacities;

157

D.      Award Plaintiff punitive damages against Defendants excluding jurist defendants', in their individual capacities;

E.      Declare the Statutes and Protocols unconstitutional as applied by Defendants as complained of herein;

F.      Declare the Statutes and Protocols requiring no existence of evidence and/or no verbal confirmed verbal evidence regarding removal of minor children from their parent as unconstitutional on its face and as applied herein;

G.      Order that all DCF records/orders be expunged of any records of this cause of action, including but not limited to the removal of Plaintiff name as a perpetrator.

H.      Declare the Statutes and Protocols requiring no existence of factual evidence and/or verbal Factual evidence regarding issuance of a Special Injunctive Protection from Domestic Abuse Order as unconstitutional on its face and as applied herein;

I.      Order that all Special Injunctive Protection from Domestic Abuse Order case no. 2014-DP-300368 records/orders be expunged of any records of this cause of action, including but not limited to the removal of Plaintiff name as a perpetrator.

J.      Declare the Statutes and Protocols requiring no existence of factual evidence and/or verbal Factual evidence, Right to Deny teenage children from testifying in court, regarding Dependency, issuance of a "Dissolution of Marriage" Timesharing are unconstitutional on its face and as applied herein;

K.      Order that Dissolution of Marriage case no. 2014-DR-005899 records/orders be expunged of any records of this cause of action, including but not limited to the removal of Mr. Behr's name as a perpetrator.

L.      Order a new hearing for Dissolution of Marriage case no. 2014-DR-005899 for proper

distribution of property, Timesharing and Alimony.

M.      Order all records from case no. 5014-DP-300368, 2014-DR-00328 and 2014-DR-
        005899 including transcripts be immediately submitted to Plaintiff's before being
        expunged;

N.      Order that jurist are forbidden from ex-parte communication directly and through third
        party between jurists and lawyers.

O.      Order that FDIGO be separated from each Florida Office and act independently from
        each office.

P.      Order FDCF and PBCDCF follow court orders and state sanctions that shall occur for
        continued violations of court orders;

Q.      Order the State of Florida must establish complete independent oversight organization
        with no "Collusion" with FDCF and PBCDCF involving all foster homes, independent
        investigator's and therapists/psychologists/psychiatrist and 15thDC to prevent the abuse
        and collusion herein;

R.      that Dissolution of Marriage case no. 2014-DR-003128 records/orders be expunged of
        any records of this cause of action, including but not limited to the removal of Mr.
        Behr's name as a perpetrator.

S.      Declare the Statutes and Protocols requiring no existence of factual evidence and/or
        verbal Factual evidence regarding issuance of a Special Injunctive Protection from
        Domestic Abuse Order are unconstitutional on its face and as applied herein;

T.      Order that all Special Injunctive Protection from Domestic Abuse Order case no. 2014-
        DP-300368 records/orders be expunged of any records of this cause of action, including
        but not limited to the removal of Plaintiff name as a perpetrator.

U.   Declare the Statutes and Protocols requiring no factual existence of evidence and/or verbal evidence regarding DCF and Jurist being 'granted the power to destroy families not reunify families as unconstitutional on its face and as applied herein;

V.   Declare the Statutes and Protocols requiring FGAL and PBCGAL working in collusion with DCF unconstitutional on its face and as applied herein;

W.   Declare the Statutes and Protocols requiring no "Due Process" in the 15th DC and 4thDCA, void of substance and re-write required;

X.   Order sanctions against Jurist john doe 3, Jurist john doe 2, jurist 1and Jurist john doe 5, for violations of Statutes, Judicial Cannon's, Civil Rights Violations and Protocols as jurist;

Y.   Declare the Statutes and Protocols requiring the mere existence of evidence and or preponderance of evidence regarding the placement of a person on Florida's Central Registry are unconstitutional on its face and as applied herein;

Z.   Order that the Central Registry and all DCF records be expunged of any records of this cause of action, including but not limited to the removal of Plaintiff name as a perpetrator.

AA.   Enter a preliminary and permanent injunction against Defendants, their agents, employees and officers from enforcing these statutes and protocols.

BB.   Award all Plaintiffs' nominal damages for violation of their constitutional rights,

CC.   Award Plaintiffs' their costs of litigation including reasonable attorneys' fees and expenses under 42 U.S.C. § 1988 and as otherwise provided by law or equity.

DD.   Order by this court to disseminate all documentation, orders and exhibits to be entered herein and sealed as confidential, filed in case numbers Florida 15th DC case

no. 50-2014-DR-005899, 50-2014-DR-003128 and 50-2014-DP-300368.

EE. Grant such other and further relief as the Court deems proper.

**PLAINTIFF DEMANDS TRIAL OF THIS ACTION BY JURY**

Respectfully submitted this 24th, day of _May_ 2018.

Louis H. Behr Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111
Paradise1459@gmail.com

Rebekka A. Behr, Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111

Louis H. Behr by and on behalf of
Minor Child J.B., Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on May 2♀, 2018, We delivered this filing by First-Class U.S. Mail to the Federal Court Southern Division Paul G. Rogers Federal Building and U.S. Courthouse 701 Clematis Street, Room 202 West Palm Beach, FL 33401and electronically filed, pending appointment by the court for personal service by Federal Marshall Service to:

Melissa K. Brooks, 12350 WestHanover Circle Wellington, Fl. 33414, 561.398.7106, mb3girls3boys@hotmail.com; Patricia L. Franklin, 7432 Boyer St. Philadelphia, PA 215-664-1008, trish@zachbehr.com; Sandra Seder, 500 S. Australian Ave. Ste. 600 West Palm Beach, Fl. 33401, 561.932.1666, sandraseder@att.net; Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 (561) 355-2996 clerkweb@mypalmbeachclerk.com; Jurist 2 Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 (561) 355-2996, ron@matrixmediation.com; Jurist john doe 3 Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 (561) 355-2996, rricker@pbcgov.org; Jurist 5 Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401, 561.355.2996, CAD-DIVISIONFY@PBCGOV.ORG; Jurist 4 Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 561-355-2996, clerkweb@mypalmbeachclerk.com; Jurist 1, Fifteenth District Court, 205 N. Dixie Hwy. West Palm Beach, Fl. 33401 561-355-2996, clerkweb@mypalmbeachclerk.com; Florida State Department of Children and Families DCF Headquarters 1317 Winewood Blvd. Building 1, Room 202 Tallahassee, Florida 32399-0700, 850.872.7648, Mike.Carroll@myflfamilies.com; Palm Beach County Department of Children and Families 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, 561-227-6748, info@myflfamilies.com; Florida State Department of Children and Families DCF Headquarters 1317 Winewood Blvd. Building 1, Room 202 Tallahassee, Florida 32399-0700, 850.872.7648, Mike.Carroll@myflfamilies.com; Kathy Hudson PBCDCF 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, 561-227-6748, Kathy.Hudson@myflfamilies.com; Palm Beach County Criminal Conflict and Civil Regional Counsel 401 South Dixie Highway 2nd Floor 52 West Palm Beach, FL 33401, 561-837-5156, RC4Appellatefilings@rc-4.com; Florida Office of Inspector General, Florida Department of State R. A. Gray Building 500 S. Bronough Street Tallahassee, Florida 32399-0250, 850.245.6195, OIG@DOS.MyFlorida.com; Florida Guardian Ad Litem Program Statewide The Holland Building 600 South Calhoun Street, Suite 274 Tallahassee, FL 32399-0979, 850-922-7213, Director@gal.fl.gov; Palm Beach County Guardian Ad Litem Program 205 N Dixie Hwy Ste 4.1100 West Palm Beach, FL, 33401-4522, 561-355-6224, GALRecruitment15@gal.fl.gov; Kristin Tolbert, Psy.D., Psychological Center for Expert Evaluations, Inc. 3307 Northlake Blvd  Suite 101 Palm Beach Gardens, Florida 33403, 561-600-4022, drktolbert@gmail.com; Julie Demar, Child Home Society 3333 Forest Hill Boulevard West Palm Beach, FL 33406, 561-868-4300, Julie.DeMar@chsfl.org; Roberta Fenner, PO Box 2874 Palm Beach, FL 33480-2874, 561-790-7900, robertafenner@gmail.com; Stacey Taggert PBCDCF 111 S. Sapodilla Avenue West Palm Beach, Florida 33401, 561-837-5156,

162

Stacey.Taggert@myflfamilies.com; The Palm Beach County School District Fulton-Holland Educational Services Center 3300 Forest Hill Blvd. West Palm Beach, FL 33406, 561-434-8000, superintendent@palmbeachschools.org; James Campbell, Ph.D., Seminole Ridge Community High School 4601 Seminole Pratt Whitney Rd. Loxahatchee, FL 33470 561.422.2600, james.campbell.1@palmbeachschools.org; J. Erik Bell, Esq. C/O The Palm Beach County School District P.O. Box 19239 West Palm Beach, FL 33416-9239, 561-434-8562, jon.bell@palmbeachschools.org; 4th District Court of Appeals, Clerk of Court 110 South Tamarind Ave., West Palm Beach, FL 33401, 561-242-2000; Defendant jurist John Doe 1 – 8, Defendant John Doe 1 - 100 will be attached in Amended complaint.

Respectfully submitted this 24, day of May 2018

Louis H. Behr Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111
Paradise1459@gmail.com

Rebekka A. Behr, Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111

Louis H. Behr by and on behalf of
Minor Child J.B., Pro Se
16822 94th St. N.
Loxahatchee, FL 33470
561.379.2111

PRIORITY MAIL ★

PRIORITY MAIL ★



DATE OF DELIVERY SPECIFIED*

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

UNITED STATES
POSTAL SERVICE®

SPS TRACKING #

999 4431 4087 7835 01

EP14F July 2013
OD: 12.5 x 9.5

Label 400 Jan. 2013
7690-16-000-7948

FROM:

Baker Family
16822 94th St N.
Loxahatchee, FL 33470

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES
POSTAL SERVICE®

TO:

Clerk of Court-Civil
c/o Paul G Rodgers Federal Building
and U.S. Courthouse
701 Clematis St., Room 202
West Palm Beach, FL 33401

FOR DOMESTIC AND INTERNATIONAL USE

Label 228, March 2016

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES
POSTAL SERVICE®

BYODO-IN TEMPLE

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, I electronically filed this Supplemental Appendix with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system and the attorneys below were thereby served by notices generated by CM/ECF, and the appropriate number of copies of the Supplemental Appendix are being furnished via Federal Express to the Clerk of Court and the attorneys listed below:

Brion Blackwelder, Esq.
E-mail: brionb@nova.edu
Nova Southeastern University
Shepard Broad College of Law
Children and Families Clinic
3305 College Avenue
Fort Lauderdale, Florida 33314
Tel: (954) 262-6135
Fax: (954) 262-3832
*Counsel for Appellant, J.B., a minor*

Rachel A. Oostendorp, Esq.
Email: ROostendorp@carltonfields.com
CARLTON FIELDS, P.A.
Suite 4200 Miami Tower
100 S.E. Second Street
Miami, Florida 33131
Tel: (305) 530-0050
Fax: (305) 530-0055
*Counsel for Appellants Rebekka Behr and Louis Behr*

/s/ Sean Fahey
Sean Fahey, Esq.
Florida Bar No.:  0101083