CASE NO. 18-12842-JJ

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

REBEKKA BEHR, ET AL.,

Appellants,

v.

JAMES CAMPBELL, ET AL.,

Appellees.

---

Appeal from the United States District Court
for the Southern District of Florida
L.T. Case No. 9:18-cv-80221-RLR

---

## JOINT REPLY BRIEF OF
## APPELLANTS REBEKKA BEHR AND LOUIS BEHR
## AND APPELLANT J.B., A MINOR

---

Brion Blackwelder, Esq.
NOVA SOUTHEASTERN UNIVERSITY
Shepard Broad College of Law
Children and Families Clinic
3305 College Ave
Fort Lauderdale, Florida 33314
Tel: (954) 262-6135
Fax: (954) 262-3832

*Appellate Counsel for*
*Appellant J.B., a minor*

Richard J. Ovelmen, Esq.
Rachel A. Oostendorp, Esq.
CARLTON FIELDS, P.A.
Suite 4200 Miami Tower
100 S.E. Second Street
Miami, Florida 33131
Tel: (305) 530-0050
Fax: (305) 530-0055

*Appellate Counsel for Appellants*
*Rebekka Behr and Louis Behr*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 – 26.1-3, Appellants, Rebekka Behr and Louis Behr, hereby certify that the following persons or entities may have an interest in the outcome of this litigation. In addition, Appellants Rebekka Behr and Louis Behr state that the corporate-disclosure requirements of F.R.A.P. 26.1 and Eleventh Circuit Rule 26.1-1 do not apply here.

1. Avossa, Robert

2. Behr, Louis H. – Plaintiff-Appellant

3. Behr, Rebekka Anne – Plaintiff-Appellant

4. Bell, Jon E. – Counsel for Defendants-Appellees James Campbell and Palm Beach County School District

5. Bernard, Shawntoyia N. – Counsel for Defendant-Appellee Palm Beach County School District

6. Blackwelder, Brion – Appellate Counsel for Plaintiff-Appellant J.B.

7. Braun, Jay – Defendant-Appellee

8. Brooks, Melissa K. – Defendant-Appellee

9. Campbell, James – Defendant-Appellee

10. Carlton Fields, P.A. – Appellate Counsel for Appellants Rebekka Ann Behr and Louis H. Behr

11. Demar, Julie – Defendant-Appellee

12.    Fahey, Sean C. – Counsel for Defendants-Appellees James Campbell and Palm Beach County School District

13.    Fenner, Roberta – Defendant-Appellee

14.    Fennoy, Donald

15.    Florida Office of Inspector General – Defendant-Appellee

16.    Florida Guardian Ad Litem Program – Defendant-Appellee

17.    Florida State DCF – Defendant-Appellee

18.    Franklin, Patricia L. – Defendant-Appellee

19.    The Honorable James M. Hopkins – United States Magistrate Judge

20.    The Honorable Bruce E. Reinhart – United States Magistrate Judge

21.    The Honorable Robin L. Rosenberg– United States District Judge

22.    Hudson, Kathy – Defendant-Appellee

23.    J.B., minor child, by and through Father, Louis H. Behr – Plaintiff-Appellant

24.    Nova Southeastern University, Shepard Broad College of Law, Children and Families Clinic – Appellate Counsel for Plaintiff-Appellant J.B.

25.    Oostendorp, Rachel A. – Appellate Counsel for Appellants Rebekka Anne Behr and Louis H. Behr

26.    Ovelmen, Richard J. – Appellate Counsel for Appellants Rebekka Anne Behr and Louis H. Behr

27.    Palm Beach County Attorney General Office – Defendant-Appellee

28.  Palm Beach County Criminal Conflict and Regional Counsel – Defendant-Appellee

29.  Palm Beach County DCF – Defendant-Appellee

30.  Palm Beach County Guardian Ad Litem Program – Defendant-Appellee

31.  Palm Beach County School District – Defendant-Appellee

32.  Sandra, Seder – Defendant-Appellee

33.  School Board of Palm Beach County, Florida – Defendant-Appellee

34.  Taggert, Stacey – Defendant-Appellee

35.  Tolbert, Kristin – Defendant-Appellee


*/s/ Rachel A. Oostendorp*
Rachel A. Oostendorp
Florida Bar No. 0105450

# TABLE OF CONTENTS

                                                                        **Page**

CERTIFICATE OF INTERESTED PERSONS AND

    CORPORATE DISCLOSURE STATEMENT ........................................C-1

TABLE OF CONTENTS.................................................................................iv

TABLE OF CITATIONS...............................................................................vi

INTRODUCTION ...........................................................................................1

REPLY TO ARGUMENT ................................................................................4

I.      THE DISTRICT COURT ERRED IN ITS SWEEPING

       APPLICATION OF THE *ROOKER-FELDMAN* DOCTRINE TO

       DISMISS WITH PREJUDICE ALL OF PLAINTIFFS' CLAIMS................4

      A.    The District Court Erred In Dismissing The Complaint For

          Lack Of Subject Matter Jurisdiction Without Examining

          *Rooker-Feldman*'s Application To The Individual Claims.................4

      B.    The District Court Has Subject Matter Jurisdiction Over A

          Number Of The Claims....................................................................10

          1.    Plaintiffs' Federal Claims ......................................................10

               (a)    Procedural Due Process Claim (Count 2).....................12

               (b)    Unreasonable Search And Seizure Claim (Count 3)......13

               (c)    Discrimination Claim (Count 10).................................14

2.    Plaintiffs' State Law Claims ...................................................16

II.    IF THE COURT DETERMINES THAT THE CLAIMS SHOULD

NOT HAVE BEEN DISMISSED UNDER THE

*ROOKER-FELDMAN* DOCTRINE, THE PROPER REMEDY IS

REMAND FOR FURTHER PROCEEDINGS...........................................17

A.    This Court Should Remand To The District Court To

Determine The Merits Of Plaintiffs' Claims Against Dr.

Campbell And The School Board In The First Instance ...................17

B.    The Second Amended Complaint Should Not Be Dismissed By

This Court Under The District Court's Inherent Authority Or

Rule 41(b)..........................................................................20

CONCLUSION ...................................................................................23

CERTIFICATE OF COMPLIANCE.....................................................25

CERTIFICATE OF SERVICE..............................................................26

# TABLE OF CITATIONS

**Page**

**Cases**

*Betty K Agencies, Ltd. v. M/V MONADA*,

    432 F.3d 1333 (11th Cir. 2005).................................................................21, 22

*Blankenship v. Gulf Power Co.*,

    551 F. App'x 468 (11th Cir. 2013)................................................. 10, 12, 13, 15

*Brokaw v. Weaver*,

    305 F.3d 660 (7th Cir. 2002)...............................................................................12

*Carnegie-Mellon University v. Cohill*,

    484 U.S. 343 (1988).............................................................................................16

*Christophe v. Morris*,

    198 F. App'x 818 (11th Cir. 2006)......................................................................18

*Corbett v. Transportation Security Administration*,

    968 F. Supp. 2d 1171 (S.D. Fla. 2012)...............................................................19

*Cordes v. Chipi*,

    773 F. App'x 551 (11th Cir. 2019).......................................................................21

*Crotwell v. Hockman-Lewis Ltd.*,

    734 F.2d 767 (11th Cir.1984)........................................................ 10, 12, 13, 15

*Dale v. Moore*,

    121 F.3d 624 (11th Cir. 1997 ..........................................................................14

*Danley v. Allen*,

    480 F.3d 1090 (11th Cir. 2007)......................................................................17

*District of Columbia Court of Appeals v. Feldman*,

    460 U.S. 462 (1983)..........................................................................................1

*Ernst v. Child and Youth Services of Chester County*,

    108 F.3d 486 (3d Cir. 1997)...........................................................................15

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*,

    544 U.S. 280 (2005)........................................................... 2, 4, 5, 12, 13, 14, 15

*Goodman ex rel. Goodman v. Sipos*,

    259 F.3d 1327 (11th Cir. 2001)......................................................6, 12, 13, 18

*Griggs v. Kenworth of Montgomery, Inc.*,

    775 F. App'x 608 (11th Cir. 2019)...................................................................9

*Hanson v. Aetna Life & Casualty*,

    625 F.2d 573 (5th Cir. 1980)...........................................................................9

*Hong-Diep Vu v. Phong Ho*,

    756 F. App'x 881 (11th Cir. 2018)...................................................................9

*Jackson v. Wal-Mart Stores, Inc.*,

    753 F. App'x 866 (11th Cir. 2018).................................................................17

*Lance v. Dennis*,

    546 U.S. 459 (2006)..................................................................4, 12

*Liedel v. Juvenile Court of Madison County, Alabama*,

    891 F.2d 1542 (11th Cir. 1990)....................................................6, 7

*May v. Morgan County Georgia*,

    878 F.3d 1001 (11th Cir. 2017)..................................................4, 26

*Mulhall v. Unite Here Local 335*,

    618 F.3d 1279 (11th Cir. 2010)........................................................17

*Phifer v. City of New York*,

    289 F.3d 49 (2d Cir. 2002)..............................................................15

*Reis v. Commissioner of Social Security*,

    710 F. App'x 828 (11th Cir. 2017)....................................................9

*Rooker v. Fidelity Trust Co.*,

    263 U.S. 413 (1923)..........................................................................1

*Ruffino v. City of Hoover, Alabama*,

    467 F. App'x 834 (11th Cir. 2012)....................................................8

*Staley v. Ledbetter*,

    837 F.2d 1016 (11th Cir. 1988)....................................................6, 7

*Target Media Partners v. Specialty Marketing Corp.*,

    881 F.3d 1279 (11th Cir. 2018)............................... 5, 6, 7, 10, 12, 13

*United Mine Workers of America v. Gibbs*,

    383 U.S. 715 (1966).....................................................................16, 19

*Wetherbee v. Southern Co.*,

    423 F. App'x 933 (11th Cir. 2011).....................................................9

*Zocaras v. Castro*,

    465 F.3d 479 (11th Cir. 2006)...........................................21, 22, 23

**Rules**

Fed. R. Civ. P. 41(b) ...................................................... 3, 10, 20, 21, 22

**INTRODUCTION**

This action, filed *pro se* by a father, Louis Behr, his daughter, Rebekka Behr, and his minor son, J.B. (the "Behrs"), asserts a number of constitutional and state tort claims alleging, among other things, that several government agencies and individuals working for those agencies conspired with Louis' former spouse to make false allegations against Louis and commence various proceedings to take away his custody, unlawfully searched Louis' home, discriminated against the Behrs based on their age, gender, religion, and disabilities, denied them access to public records, and acted negligently, committed malpractice, and engaged in slander and libel. The District Court broadly concluded that the Behrs' lawsuit was no more than a challenge to a state court's custody ruling, cited to a case saying that domestic issues such as custody determinations are generally off-limits to federal courts, and concluded that the entire 30-count Complaint was barred under the doctrine of *Rooker-Feldman*.[1]

In doing so, the District Court overbroadly invoked what is a narrow, limited jurisdictional doctrine that instead must be cautiously applied. The Supreme Court has rebuked such an expansive application of *Rooker-Feldman*, instructing that the doctrine is to apply only in those "cases of the kind from which the doctrine

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Indeed, jurists and scholars have treated the Supreme Court's decision in *Exxon* as a complete paradigm shift which eliminated the doctrine's application except in those few cases that constitute a *direct* attack on a state court judgment. *See* Initial Brief at 14 n.3 & 15-16 n. 4; *infra* at 4-5.

The District Court also erroneously failed to review the Behrs' actual claims under binding precedent, which addressed the application of *Rooker-Feldman* to family law proceedings and held that certain claims under similar circumstances are not barred under the narrow jurisdictional doctrine. Appellees James Campbell and the Palm Beach County School District primarily argue that the District Court's order should be affirmed because allegations in the operative Complaint are insufficient to demonstrate that *Rooker-Feldman* should not bar the Behrs' claims. As explained in the Initial Brief, many of the claims asserted are sufficient to survive application of this limited doctrine. However, to the extent this Court were to agree with Appellees and conclude that the allegations do not provide sufficient basis for discerning whether a jurisdictional bar applies, the Behrs should be afforded an opportunity to amend their pleadings to clarify how these claims do

not seek reversal of a state court judgment and whether they were raised, or could have been raised, in the state court proceedings.  The District Court also should have exercised jurisdiction over the Behrs' state law claims, which are independent from the state court judgment and derive from facts related to their federal claims.  However, even if the Court were to agree with Appellees that supplemental jurisdiction is not appropriate, the District Court should have dismissed those claims without prejudice or remanded them to state court.

Finally, the Appellees invite this Court to make a determination on the merits that was not reached by the District Court and to apply a sanction of dismissal with prejudice, pursuant to the trial court's inherent authority to control its docket or Rule 41(b), that the District Court neither contemplated nor entertained.  Indeed, the merits of the operative Second Amended Complaint were never even briefed below.  This Court frequently counsels against deciding issues in the first instance, particularly in the context of determining subject matter jurisdiction under *Rooker-Feldman*, and should decline Appellees' invitation to foreclose the Behrs any opportunity to brief the merits of their claims.

<u>**REPLY TO ARGUMENT**</u>

**I.** **THE DISTRICT COURT ERRED IN ITS SWEEPING APPLICATION OF THE *ROOKER-FELDMAN* DOCTRINE TO DISMISS WITH PREJUDICE ALL OF PLAINTIFFS' CLAIMS**

   **A.** <u>**The District Court Erred In Dismissing The Complaint For Lack Of Subject Matter Jurisdiction Without Examining *Rooker-Feldman*'s Application To The Individual Claims**</u>

Appellees argue that the District Court properly dismissed the entire 30-count operative Complaint because the "core" of the Complaint is the allegation that the Defendants conspired to deny Mr. Behr access to his children and "unmistakably an attack [on] the legitimacy of the family and juvenile proceedings in state court[.]" Answer Brief at 20, 21 (citing DE 57 at 2). Therefore, they argue, the ruling is consistent with this Court's instruction that "[i]f a claim 'at its heart challenges the state court decision itself,' the claim is barred." Answer Brief at 20 (quoting *May v. Morgan Cty. Georgia*, 878 F.3d 1001, 1005 (11th Cir. 2017)).

As explained in the Behrs' Initial Brief, the Supreme Court has cautioned that *Rooker-Feldman* is a narrow doctrine that should not be extended "beyond the contours of the *Rooker* and *Feldman* cases[.]" *Exxon*, 544 U.S. at 283; *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (warning against risk of turning "limited [*Rooker-Feldman*] doctrine into a uniform *federal* rule governing the preclusive

effect of state-court judgments") (emphasis in original).  And as Judge Newsom has pointedly explained:

> The Supreme Court's *Exxon* decision was a watershed in the so-called life of this so-called doctrine. Emphasizing that a number of lower courts had wrongly construed *Rooker-Feldman* to "extend far beyond" its original contours, . . . the Supreme Court quite intentionally sought to "rein in" those overeager applications. . . . To that end, the Court repeatedly stressed that the *Rooker-Feldman* doctrine is "narrow," "confined," and "limited," . . . and it took great pains to state—and then restate and restate—that the doctrine applies to preclude *only* those federal-court actions that actually seek to "reverse," . . . "reject[]," . . . "overturn," . . . or "undo," . . . state-court judgments. On the flip side, the Court clarified (as just noted) that *Rooker-Feldman* does *not* bar a federal-court suit simply because it relitigates a "matter" previously argued—or even "denies a legal conclusion" previously reached—in a state-court action. . . ."

*Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1290 (11th Cir. 2018) (Newsom, J., concurring) (citing *Exxon*; 18B C. Wright, A. Miller *et al.*, *Federal Practice & Procedure* § 4469.1 (2d ed. 2018)).

This Court, in recognizing that *Rooker-Feldman*'s "jurisdictional bar is a narrow one," has instructed that "[i]n invoking the limitation on review of state court decisions, the federal courts must also ensure that litigants whose claims are properly within the cognizance of the courts are not denied a hearing." *Target Media*, 881 F.3d at 1281.  The District Court's broad conclusion that the "Complaint is essentially about the proper custody of [Louis Behr's] children, which this Court does not have jurisdiction to review," DE 57 at 4, fails to fulfill that duty.

In cases addressing the application of *Rooker-Feldman*, this Court has focused on whether specific claims asserted would be barred, and the standard for "determin[ing] *which claims* invite rejection of a state court decision." *Target Media*, 881 F.3d at 1286 (emphasis added). Indeed, the framework propounded by Appellees requires a determination of whether a certain *claim* constitutes a challenge to the state court judgment. *See* Answer Brief at 20. For example, as described in the Behrs' Initial Brief, in *Goodman ex rel. Goodman v. Sipos*, which involved claims arising from an investigation of child neglect and subsequent proceedings to remove the plaintiff's son from her custody, this Court examined two cases in which the plaintiffs sought injunctions to nullify the state court's custody determinations. 259 F.3d 1327 (11th Cir. 2001) (citing *Liedel v. Juvenile Court of Madison Cty., Ala.*, 891 F.2d 1542 (11th Cir. 1990); *Staley v. Ledbetter*, 837 F.2d 1016 (11th Cir. 1988)). The Court recognized that those "decisions demonstrate that the *Rooker-Feldman* doctrine may deprive district courts and this Court of subject matter jurisdiction over claims related to child custody actions in state court," but because they involved "far more direct attacks" on the state court's judgment by seeking an injunction to prevent enforcement thereof, "their holdings alone do not tell us *which of the three claims* brought by the plaintiffs in this case are barred." *Id.* at 1333 (emphasis added). The Court proceeded to

analyze the individual claims, holding that one of the counts, alleging unlawful search and seizure (also asserted here), was not barred under *Rooker-Feldman*.

Here too many of the constitutional and tort claims asserted by the Behrs were more remote from the state court judgments than those addressed in *Liedel* and *Staley*, and are indeed similar to those held by this Court to be independent claims for *Rooker-Feldman* purposes. Consistent with these cases, the proper approach would have been to address whether any of the asserted claims and their facts were independent in light of this Court's precedent, and whether the claims were or could have been raised during the state court proceedings. Moreover, as discussed below, even if the District Court correctly concluded that the federal claims asserted by the Behrs were barred by *Rooker-Feldman*, it did not address the fate of the state court claims, which should have been either dismissed without prejudice or remanded to the state court. *See infra* Section I(B)(2).

To allow otherwise would encourage district courts to use a narrow and limited doctrine (meant to be applied with care and restraint to ensure plaintiffs are not wrongfully denied hearing in federal court) as a vehicle to indiscriminately dismiss with prejudice any and all claims that are based generally on the same factual predicate or issues as a state court proceeding, particularly those related to family or domestic issues. *See Target Media*, 881 F.3d at 1287 ("[I]t is not merely 'any' interconnection of state and federal suits that constitutes the type of

'inextricably intertwined' issues that are relevant for *Rooker-Feldman* purposes."). Indeed, this is demonstrated by the District Court's reliance upon the "domestic relations exception" to broadly conclude that family issues, such as custody determinations, are off-limits to federal courts. DE 57 at 4-5. In doing so, the Court failed to acknowledge precedent applying the *Rooker-Feldman* doctrine to similar claims arising out of family court and custody proceedings, instead treating all 30 constitutional and tort claims as a singular challenge to a custody determination.

Appellees also assert that even if the District Court should have engaged in a claim-by-claim analysis, the decision should not be reversed because there is nothing preventing meaningful appellate review. But this Court has vacated and remanded for further ruling even on purely legal issues where, as here, a district court has not expanded upon the basis of its ruling, has not addressed certain claims, and/or it is unclear whether the court has considered certain law and arguments. *See, e.g.*, *Ruffino v. City of Hoover, Ala.*, 467 F. App'x 834, 835 (11th Cir. 2012) (vacating summary judgment order and remanding for different order providing full insight into details of the district court's findings and conclusions "[e]specially in the light of our supervisory powers," explaining: "We could of course strain to review the record and applicable case law and adjudicate this appeal without a detailed order from the district court. But that course would be

difficult and time consuming for the appellate court. We need a chart. A reasoned district court order fully and adequately explaining the facts before, and the thinking of, the district court would help us and benefit the parties and the process."); *Wetherbee v. S. Co.*, 423 F. App'x 933, 935 (11th Cir. 2011) (remanding for district court to make ruling regarding claim not addressed in order, reasoning that "[w]hile this Court certainly could review the record and applicable case law and render a reasoned decision on the [claim], this is the responsibility of the district court in the first instance).[2]

It is unclear from the order below whether the District Court considered the individual claims and their factual predicates, including causes of action that this Court has held to be independent under similar circumstances, and whether these

---

[2] *See also Griggs v. Kenworth of Montgomery, Inc.*, 775 F. App'x 608, 612 (11th Cir. 2019) ("we will not relieve a district court of its responsibility to decide even purely legal questions in the first instance"); *Hong-Diep Vu v. Phong Ho*, 756 F. App'x 881, 883 (11th Cir. 2018) (remanding where district court did not explain whether it had considered factors justifying exercise of discretionary authority, concluding that "[w]ithout more from the district court, we cannot determine whether the dismissal in this case was proper"); *Reis v. Comm'r of Soc. Sec.*, 710 F. App'x 828, 830 (11th Cir. 2017) ("We cannot determine from the district court's orders whether the district court considered 'other circumstances' . . . . Absent additional factual findings or explanation by the district court, we are unable to determine whether the dismissal in this case was proper."); *Hanson v. Aetna Life & Cas.*, 625 F.2d 573, 575 (5th Cir. 1980) ("Although our prior admonitions have been precatory in character . . . we have in practice insisted that district courts record however informally their reasons for entering summary judgment, at least where their underlying holdings would otherwise be ambiguous or inascertainable.").

are claims that were or could have been brought in the state court proceedings. Accordingly, this Court should reverse and remand on this basis alone.

**B.    The District Court Has Subject Matter Jurisdiction Over A Number Of The Claims**

Several of the Behrs' claims assert elements and request relief that do not seek reversal of a state court judgment. The Behrs rely primarily upon the arguments and case law set forth in their Initial Brief (at 20-28), but respond specifically to additional assertions made by Appellees.

**1.    Plaintiffs' Federal Claims**

Appellees' primary argument with regard to the Behrs' federal constitutional claims is that their pleadings are insufficient to demonstrate their claims are not barred under *Rooker-Feldman*. A purported insufficiency of *pro se* pleadings should not constitute a basis for a federal court to wholesale bar a plaintiff from hearing its claims under a "narrow, confined, and limited" doctrine. *Target Media*, *supra* at 5; *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 472 n.2 (11th Cir. 2013) ("We also note that the district court's dismissal of Blankenship's action for lack of subject matter jurisdiction would be an involuntary dismissal and, thus, without prejudice. *See* Fed. R. Civ. P. 41(b) (providing that an involuntary dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits); *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769

(11th Cir.1984) (explaining that a district court's dismissal of a case for lack of subject matter jurisdiction should be without prejudice).").

To the extent that the Court's jurisdiction to hear these claims is unclear from the pleadings, the Behrs should be afforded an opportunity to amend their pleadings to clarify how these claims are independent from the state court judgment and whether they raised or had the opportunity to raise these issues before the state court. This is particularly true given that the District Court dismissed these claims with prejudice *sua sponte*, and the Behrs therefore did not have an opportunity to brief, to respond, or to otherwise re-plead the claims to demonstrate they are not barred under *Rooker-Feldman*. Indeed, this demonstrates further reason why this Court should find error in the District Court's haste to dismiss these claims whole cloth and with prejudice.[3]

---

[3] Appellees argue that the Behrs waived any argument that something other than dismissal with prejudice would be appropriate if the District Court's analysis on *Rooker-Feldman* was correct. However, the necessary implication of the Behr's argument on appeal that the District Court erred in *sua sponte* dismissing with prejudice all of their claims for lack of subject matter jurisdiction is that either the claims as asserted demonstrate they as a matter of law do not seek reversal of a state court judgment or that the Behrs should have been provided an opportunity to set forth allegations showing their claims survive *Rooker-Feldman*. Moreover, the crux of Appellees' argument is that the Complaint insufficiently alleged facts showing the claims do not call into question the state court judgment or were or could have been raised during the state court proceedings. The Behrs are entitled to respond to those arguments and, if the Court is inclined to agree with Appellees, advocate for an opportunity to amend to clarify those points.

### (a)    Procedural Due Process Claim (Count 2)

With regard to the Behrs' procedural due process claim, alleging the use of falsified and/or coerced information and the restriction of access to the courts and denial of adequate legal counsel, Appellees argue that this Court's decision in *Goodman*, 259 F.3d at 1334, is controlling.  However, as explained in the Initial Brief, *Goodman* was decided prior to the significant narrowing of the *Rooker-Feldman* doctrine in *Exxon* and *Lance*.  That this Court cited to *Goodman* in *Target Media*, 881 F.3d at 1286—which addressed a different type of claim and concluded it was not barred—does not mean that *Goodman*'s analysis regarding due process claims related to custody proceedings should not be revisited following *Exxon*.

More importantly, this Court should follow the reasoning in *Brokaw v. Weaver*, 305 F.3d 660 (7th Cir. 2002), which held that due process claims were not barred because the plaintiff, as the child in those proceedings, did not have a reasonable opportunity to raise her constitutional claims.  *See* Initial Brief at 21-22. To the extent it is unclear from the pleadings whether Rebekka and J.B., consistent with the reasoning in *Brokaw*, had the opportunity to raise these issues in state court, they should be permitted an opportunity to clarify and plead further facts supporting subject matter jurisdiction here.  *See Blankenship*, *Crotwell*, *supra* at 10-11.

**(b)** **Unreasonable Search And Seizure Claim (Count 3)**

Appellees assert that dismissal with prejudice of the Behrs' claim regarding unreasonable search and seizure should be affirmed because, unlike in *Goodman*, where this Court "readily" concluded that a similar claim was not barred by *Rooker-Feldman*, 259 F.3d at 1333-34, the Behrs have not provided enough detail regarding the unlawful entry or whether evidence derived from the search was relied upon by the state court in its determinations. Under *Goodman*, the search and seizure claim was not barred under *Rooker-Feldman*. At minimum, Plaintiffs should have been given an opportunity to plead further facts, consistent with *Goodman*, demonstrating that the search and seizure claim was independent from the state court proceedings—facts which are different from those comprising the elements of such a claim and that Plaintiffs therefore would not have been on notice to allege. *See Blankenship*, *Crotwell*, *supra* at 10-11. Notably, had the District Court analyzed the binding precedent addressing this type of claim, Plaintiffs likely would have been afforded such an opportunity below.

Moreover, even if the search and seizure claim had been raised during the state court proceedings, success on a Fourth Amendment claim seeking damages for violation of constitutional rights would not require the reversal of any state court custody proceedings. *See Target Media*, 881 F.3d at 1290 (Newsom, J., concurring) ("In *Exxon*, the Supreme Court unanimously held that the

*Rooker-Feldman* doctrine does *not* 'stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'") (quoting *Exxon*, 544 U.S. at 293) (emphasis in original); *see also Exxon*, 544 U.S. at 293 ("If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'").

### (c)     Discrimination Claim (Count 10)

Appellees assert that dismissal of the Behrs' claim for discrimination should be affirmed because Louis Behrs' allegation related to the age difference between himself and his former spouse was raised during the state proceedings and the remaining allegations of discrimination against the Behrs are conclusory and unsupported. Appellees rely upon a pre-*Exxon* case holding that a Florida Bar applicant's discrimination claim alleging that the Bar hindered or precluded his admission based on an alleged disability was barred under *Rooker-Feldman*. *Dale v. Moore*, 121 F.3d 624 (11th Cir. 1997).

The state Bar claim addressed in *Dale* (notably, the same subject matter as *Feldman*) provides little guidance regarding the impact of discrimination or equal protection claims on custody determinations, which sister circuits have held are not

barred because custody and neglect are examined under a separate standard.[4]

Appellees also argue that the Behr's discrimination claim based upon age difference was raised during the proceedings, and therefore barred, but the proper inquiry is whether resolution of a claim (that was or could have been raised) seeks reversal of the custody judgment. *Exxon*, 544 U.S. at 293; *see also Phifer*, 289 F.3d at 59; *Ernst*, 108 F.3d at 492.

The Behrs also alleged discrimination against Louis based on his age, gender, and religion; against Rebekka based on her gender, disabilities, and religion; and against J.B. for his religion. DE 56 ¶¶ 132-145. Dismissal of this Count should be reversed for the reasons set forth in the Initial Brief, but to the extent the Court concludes the allegations are insufficient or lack clarity to make a jurisdictional ruling, the Behrs should be permitted to re-plead on that basis. *See Blankenship*, *Crotwell*, *supra* at 10-11.

---

[4] *See Phifer v. City of New York*, 289 F.3d 49, 58-59 (2d Cir. 2002) (even if decision was motivated by discrimination, it "would not call into question the family court's decisions regarding neglect, custody and visitation as those decisions are based on the parents' conduct, the harm to the child, and what is in the best interest of the child"); *Ernst v. Child and Youth Servs. of Chester Cty.*, 108 F.3d 486, 492 (3d Cir. 1997) ("Neither an adjudication of dependency nor a determination of the appropriate disposition of a dependent child is based on the intentions or states of mind of the party seeking the dependency adjudication.").

## 2.     Plaintiffs' State Law Claims

Appellees assert that the Behrs' state law claims were properly dismissed for lack of jurisdiction.  However, if the Court concludes that any of the federal claims survive, the District Court should have exercised supplemental jurisdiction over the state claims, which are independent from the state court judgment and arise from the same facts and occurrences.  The state claims at issue are sufficiently related to the federal claims because they all "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  All the claims derive from facts relating to the government's actions toward and treatment of the Behrs in relation to the custody investigations and proceedings at issue, but involve different legal wrongs and a subset of facts relating to those wrongs.

Even if this Court were to agree with Appellees and conclude that all of the Behrs' federal constitutional claims were barred under *Rooker-Feldman* and/or that the state claims were not sufficiently related to the federal claims to exercise supplemental jurisdiction, the proper remedy would have been either to remand those claims to the state court, where Rebekka Behr initially filed this lawsuit before it was removed to federal court, or to dismiss those claims without prejudice to be re-filed in state court.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 357 (1988); *Gibbs*, 383 U.S. at 726–27 ("[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues

raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.").

## II. IF THE COURT DETERMINES THAT THE CLAIMS SHOULD NOT HAVE BEEN DISMISSED UNDER THE *ROOKER-FELDMAN* DOCTRINE, THE PROPER REMEDY IS REMAND FOR FURTHER PROCEEDINGS

### A. This Court Should Remand To The District Court To Determine The Merits Of Plaintiffs' Claims Against Dr. Campbell And The School Board In The First Instance

Dr. Campbell and the School Board assert that this Court should affirm dismissal in their favor because the operative Complaint fails to state a claim specifically against them. While it is true that an appellate court has discretion to affirm on any basis supported by the record, this Court frequently counsels against consideration of issues and arguments, particularly those on the merits, in the first instance. *See Mulhall v. Unite Here Local 335*, 618 F.3d 1279, 1293–94 (11th Cir. 2010) (remanding for further proceedings because merits argument was "'separate and distinct'" from "the issue of standing" and "'is not jurisdictional'" and therefore "simply not for [the Court] to decide in this appeal") (citations omitted).[5]

---

[5] *See also Danley v. Allen*, 480 F.3d 1090, 1092 (11th Cir. 2007) (per curiam) ("While this Court certainly could review the record and applicable case law and render a reasoned decision on the qualified immunity issue, this is the responsibility of the district court in the first instance."); *Jackson v. Wal-Mart Stores, Inc.*, 753 F. App'x 866, 869–70 (11th Cir. 2018) ("Wal-Mart says we should nevertheless affirm the district court's dismissal because Alabama Code §§ 6-5-501 and 6-5-521 bar Jackson's claims, even though the district court did not

*(footnote continued on next page)*

This is particularly true in the context of reviewing a district court's decision that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. In such cases, this Court has instructed that following reversal, the soundest procedure is to remand to the lower court to consider the merits in the first instance. *See Goodman*, 259 F.3d at 1334–35 & n.8; *Christophe v. Morris*, 198 F. App'x 818, 827 (11th Cir. 2006). This must be particularly true where the merits of the Second Amended Complaint were not briefed below.

This Court should therefore decline to consider the merits here; but regardless, the Behrs have stated a claim against Dr. Campbell and the School District. Appellees first argue that there is no allegation against them in the Behrs' federal claims. Several of the federal constitutional and state tort claims, however, incorporate prior allegations against Dr. Campbell and the School Board, which are directly related to those claims. The Behrs assert several allegations against the Appellees, including that they were involved in helping commit fraud and the use of falsified records and in the government removing the children from the home, and that they committed libel and slander. DE 56 ¶¶ 47, 56. Should the Court find these allegations unclear or insufficient, the Behrs, proceeding *pro se*, should have

_____

pass on those arguments. Of course, we have the discretion to affirm 'on any ground supported by the record, regardless of whether the District Court relied on it.' . . . But, here, we think it best to allow the district court to consider these arguments in the first instance.") (citations omitted).

been permitted an additional opportunity to amend given that many of these claims have been pled in the first instance.

Appellees also specifically acknowledge that the School Board is identified in the Behrs' claim regarding public records requests, which states that certain Defendants have failed to produce documents requested, verbally and in writing, by Louis Behr. DE 56 ¶ 121. Appellees argue that the claim contains insufficient detail regarding the record requests—should the Court agree, the Behrs should be provided an opportunity to clarify which records are at issue here. Additionally, Appellees argue that the District Court should not exercise supplemental jurisdiction over this claim. But the records are related to the issues and facts addressed by the remainder of the Behrs' claims—namely, the custody investigations and proceedings. *See Gibbs*, 383 U.S. at 726–27. Appellees also contend that the Behrs themselves stated the public records claim is "independent." Answer Brief at 37. But the Behrs stated only that the public records claim is independent with regard to the *Rooker-Feldman* analysis—meaning it does not seek to overturn a state court judgment, not that it does not derive from facts related to the other claims. Federal courts have exercised supplemental jurisdiction over public records claims, and the District Court should have done so here. *See, e.g.*, *Corbett v. Transp. Sec. Admin.*, 968 F. Supp. 2d 1171, 1189 (S.D. Fla.

2012), *aff'd,* 568 F. App'x 690 (11th Cir. 2014) (denying motion to dismiss claim under Florida Public Records Act).

Dismissal against the Appellees should not be affirmed on this basis. However, as demonstrated by the analysis above, this Court should decline to reach the merits on appeal and instead remand for the District Court to review and analyze the claims, facts, and, if necessary, determine whether amendment is appropriate, in the first instance.

**B.** **The Second Amended Complaint Should Not Be Dismissed By This Court Under The District Court's Inherent Authority Or Rule 41(b)**

Appellees encourage this Court to stretch its affirm-on-any-basis rule so far as to apply a sanction of dismissal with prejudice against *pro se* plaintiffs, under either the District Court's inherent authority to control its docket or Rule 41(b), for a purported failure to comply with the District Court's order—despite the fact that the District Court did not itself contemplate or entertain either of these discretionary actions.

Appellees first argue that the District Court *could have* dismissed the operative Complaint *sua sponte* under its inherent authority as "an impermissible shotgun pleading filed in willful disregard of the District Court's order providing leave to file"—an order which gave guidance to the *pro se* Plaintiffs regarding proper pleading under the federal rules. Appellees' argument regarding what

actions might have been within the District Court's inherent authority to control its own docket, and citation to cases in which this Court affirmed a lower court's exercise of such inherent authority, *see* Answer Brief at 39-42, do not explain why this Court should conclude the Complaint should be dismissed with prejudice on a court's discretionary authority not actually exercised by that court.

Appellees also assert that the District Court *would have* been justified in dismissing with prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with the same order granting leave to amend. *See* Answer Brief at 43-44. Again, Appellees cite to cases in which this Court affirmed dismissal on this ground, but provide no support for their insistence that this Court should apply in the first instance the ultimate sanction of dismissal with prejudice for purported failure to comply with the District Court's pleading guidance to *pro se* litigants. Indeed, "Rule 41(b) makes clear that a *trial court* has discretion to impose sanctions on a party who fails to adhere to court rules." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (emphasis added). This Court has held that a *district court* may impose such a sanction "*only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005) (emphasis added and citation omitted); *see also Cordes v. Chipi*, 773 F. App'x 551, 553 (11th

Cir. 2019) (vacating and remanding because *district court* abused its discretion by *sua sponte* dismissing under Rule 41(b) "without finding that [plaintiff] had acted willfully and that dismissal without prejudice, or lesser sanctions, was inadequate").

Moreover, even if this Court were to conclude it can, or somehow should, make this determination in the first instance, the conditions that typically would support a finding of "willful contempt"—such as "repeatedly flout[ing] discovery rules, destroy[ing] evidence, misidentif[ying] a witness, and ignor[ing] the court's orders"—are not present here, where *pro se* plaintiffs merely filed a complaint that the opposing party claims is a shotgun pleading. *See Betty K*, 432 F.3d at 1338; *see also Zocaras*, 465 F.3d at 483 (sanction of dismissal warranted where plaintiff's use of false name constituted "a pattern of deception for a period of at least six years from the time he got the driver's license in 1996 through multiple arrests, convictions, and incarcerations, and filed more than thirty pleadings and motions under a false name in this case," including some under penalty of perjury). For this same reason, dismissal with prejudice as a sanction is not appropriate or the only option here. *Compare with Betty K*, 432 F.3d at 1338 ("Indeed, the district court tried lesser sanctions on two occasions before concluding that no sanction but dismissal would cure the harm."). Similarly, with regard to both of Appellees' arguments, any asserted lack of clarity in *pro se* pleadings does not

constitute *willful disregard* of a court order providing guidance regarding proper pleadings. "Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." *Zocaras*, 465 F.3d at 483.

Given this Court's historical hesitancy to address even purely legal issues in the first instance, particularly in the context of determining whether subject matter jurisdiction is barred under the *Rooker-Feldman* doctrine, this Court should decline to address issues outside the District Court's order, including the merits of the claims on appeal and in particular Appellees' invitation for this Court to impose discretionary sanctions that were not exercised by the District Court.

## CONCLUSION

For the reasons stated above and in their Initial Brief, Plaintiffs-Appellants Louis Behr, Rebekka Behr, and J.B. respectfully request that the Court reverse the District Court's dismissal with prejudice of the Second Amended Complaint and remand for further proceedings.

*/s/ Brion Blackwelder*

Brion Blackwelder, Esq.
Florida Bar No. 395544
E-mail: brionb@nova.edu
Nova Southeastern University
Shepard Broad College of Law
Children and Families Clinic
3305 College Ave
Fort Lauderdale, Florida 33314
Tel: (954) 262-6135
Fax: (954) 262-3832

*Appellate Counsel for*
*Appellant J.B., a minor*

*/s/ Rachel A. Oostendorp*

Richard J. Ovelmen, Esq.
Florida Bar No. 284904
Rachel A. Oostendorp, Esq.
Florida Bar No. 0105450
E-mail: roostendorp@carltonfields.com
Carlton Fields, P.A.
100 SE Second Street, Suite 4200
Miami, Florida 33131
Tel: (305) 530-0050
Fax: (305) 530-0055

*Appellate Counsel for Appellants*
*Rebekka Behr and Louis Behr*

## CERTIFICATE OF COMPLIANCE

The undersigned attorney hereby certifies that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a) and Eleventh Circuit Rule 28-1. Excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this brief contains 5,608 words and uses a Times New Roman 14 point font and contains 483 lines of text.

/s/ *Rachel A. Oostendorp*
Rachel A. Oostendorp
Florida Bar No. 0105450

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record this day via transmission of Notices of Electronic Filing generated by CM/ECF to:


Brion Blackwelder, Esq.
Florida Bar No. 395544
E-mail: brionb@nova.edu
Nova Southeastern University
Shepard Broad College of Law
Children and Families Clinic
3305 College Avenue
Fort Lauderdale, Florida 33314
Tel: (954) 262-6135
Fax: (954) 262-3832

*Appellate Counsel for Appellant J.B.,*
*a minor*

Sean Fahey, Esq.
Florida Bar No. 101083
Jon Erik Bell, Esq.
Florida Bar No. 328900
School District of Palm Beach County
3300 Forest Hill Blvd., Ste. C-216
West Palm Beach, Florida 33406
Tel: (561) 434-8750
Fax: (561) 434-8105

*Counsel for Appellees James Campbell*
*and Palm Beach County School District*

Shawntoyia N. Bernard, Esq.
Florida Bar No. 651664
School District of Palm Beach County
3300 Forest Hill Blvd., Suite C-216
West Palm Beach, Florida 33406
Tel: (561) 434-8750
Fax: (561) 434-8105

*Counsel for Appellee Palm Beach*
*County School District*


/s/ *Rachel A. Oostendorp*
Rachel A. Oostendorp
Florida Bar No. 0105450